UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARY VAN BRUNT-PIEHLER

*Plaintiff*,

v.

ABSOLUTE SOFTWARE, INC., ABSOLUTE SOFTWARE CORPORATION, GEOFF HAYDON, THOMAS KENNY, and TODD AWTRY,

*Defendants.*

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

Civil Action No.
16-CV-6313-EAW-MWP

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants Absolute Software, Inc. and Absolute Software Corporation (collectively, "Absolute Software"), Geoff Haydon, Thomas Kenny, and Todd Awtry (collectively, "Defendants") hereby provide their objections and responses to Plaintiff Mary Van Brunt-Piehler's Request for Admissions.

## GENERAL OBJECTIONS

1.  Defendants' responses and objections in response to these Requests shall not be construed as waiving any rights, privileges, or objections available to Defendants, and shall not be deemed as an admission of relevance, materiality, or admissibility of any information provided in response to these Requests. Defendants' responses are made to the best of Defendants' present knowledge, information, and belief. Defendants reserve the right to supplement or amend these responses should future discovery or investigation indicate that supplementation or amendment is necessary.

2.  Defendants will respond as they interpret and understand each Request, subject to any and all objections.

3.  Defendants object to these Requests to the extent they seek to impose on Defendants any obligation beyond those required by the Federal Rules of Civil Procedure or the

4820-5335-6949\1

Local Rules governing this matter, or any other applicable rule or regulation.

4. Defendants object to these Requests to the extent they seek publicly available information that is as readily available to Plaintiff as it is to Defendants.

5. The following responses are made solely for the purpose of this action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would or could require or permit the exclusion of any statement from evidence, all of which are reserved and may be asserted at the time of trial.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that the document attached hereto as **Exhibit A** was made by Christy Wyatt.

**RESPONSE:**

Defendants object to this request because the phrase "was made by Christy Wyatt" is undefined, vague, and ambiguous. Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by the Defendants and does not appear to have been created by anyone employed by Defendants at the time it was created; (b) on its face, was made outside of the relevant time period agreed to by the parties and approved by the Court (i.e., July 1, 2013 – July 1, 2016; hereinafter, the "Relevant Time Period"); (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action. Defendants further object to this request on the ground that it calls for information not within their possession, custody, or control or obtainable by reasonable inquiry.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the statement made in **Exhibit A** was made on October 26, 2018.

2

**RESPONSE:**

Defendants object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party, or proportional to the needs of the case, because the statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.  Defendants further object to this request on the ground that it calls for information not within their possession, custody, or control or obtainable by reasonable inquiry.

Subject to and without waiving the foregoing specific and general objections, Defendants admit that Exhibit A appears to represent that the statement was published on October 26, 2018.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Twitter account "christywyatt" is owned and controlled by Christy Wyatt.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion, which is an impermissible use of Requests for Admissions.  *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012).  Defendants further object to this request because the phrase "owned and controlled by" in the context of a Twitter account is undefined, vague, and ambiguous.  Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party, or proportional to the needs of the case.  The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its

3

face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment and the "#metoo" movement, which are not at issue and not relevant to this action.  Defendants further object to this request on the ground that it calls for information not within their possession, custody, or control or obtainable by reasonable inquiry.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Christy Wyatt has exclusive access to the Twitter account "christywyatt".

**RESPONSE:**

Defendants object to this request because the phrase "has exclusive access to" in the context of a Twitter account is undefined, vague, and ambiguous.  Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party, or proportional to the needs of the case.  The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.  Defendants further object to this request on the ground that it calls for information not within their possession, custody, or control or obtainable by reasonable inquiry.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Christy Wyatt is defendants Absolute Software, Inc.'s and Absolute Software Corporation's Chief Executive Officer.

4

**RESPONSE:**

Defendants admit this request. Christy Wyatt joined Absolute Software as Chief Executive Officer on November 26, 2018.

**REQUEST FOR ADMISSION NO. 6:**

Admit that **Exhibit A** was a prior statement made by Christy Wyatt.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion, which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that **Exhibit A** was made by Christy Wyatt in her representative capacity on behalf of Absolute Software, Inc. and Absolute Software Corporation.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants object to this request because

5

the phrases "made by Christy Wyatt" and "in her representative capacity" is undefined, vague, and ambiguous. Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Christy Wyatt has adopted the statement made in **Exhibit A**.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants object to this request because the phrase "Christy Wyatt has adopted the statement made in Exhibit A" is undefined, vague, and ambiguous. Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action. Defendants further object to this request on the

ground that it calls for information not within their possession, custody, or control or obtainable by the ordinary due diligence required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Christy Wyatt had speaking authority on behalf of Absolute Software, Inc. and Absolute Software Corporation regarding the statement made in **Exhibit A**.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion, which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants further object to this request because the phrase "Christy Wyatt had speaking authority on behalf of Absolute Software, Inc. and Absolute Software Corporation regarding the statement made in Exhibit A" is undefined, vague, and ambiguous. Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Christy Wyatt is an employee of Absolute Software, Inc. and Absolute Software Corporation.

**RESPONSE:**

Defendants admit this request insofar as Ms. Wyatt is currently an employee of Absolute Software, Inc. and Absolute Software Corporation, and has been employed since November 26, 2018.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Christy Wyatt made the statement in **Exhibit A** while employed by Absolute Software, Inc. and Absolute Software Corporation.

**RESPONSE:**

Defendants object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Christy Wyatt made the statement in **Exhibit A** within the scope of her employment with Absolute Software, Inc. and Absolute Software Corporation.

**RESPONSE:**

Defendants object to this request because the phrase "scope of her employment" is undefined, vague, and ambiguous. Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Exhibit A is a present sense impression under Federal Rule of Evidence 803(1).

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion, which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

4820-5335-6949\1

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that **Exhibit A** is a then-existing mental, emotional, or physical condition under Federal Rule of Evidence 803(3).

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO.15:**

Admit that **Exhibit A** is a recorded recollection under Federal Rule of Evidence 803 (5).

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is

4820-5335-6949\1

not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO.16:**

Admit that **Exhibit A** is a business record of Absolute Software, Inc. and Absolute Software Corporation within the meaning of Rule 803(6) of the Federal Rules of Evidence.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevantto this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that **Exhibit A** is a business record within the meaning of Rule 803(6) of the Federal Rules of Evidence.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that **Exhibit A** is kept in the regular course of business of Absolute Software, Inc. and Absolute Software Corporation.

**RESPONSE:**

Defendants object to this request because the phrase "Exhibit A is kept in the regular course of business" is undefined, vague, and ambiguous. Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone

employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the statement made in **Exhibit A** was a regularly conducted business activity of Absolute Software, Inc. and Absolute Software Corporation.

**RESPONSE:**

Defendants object to this request because the phrase "the statement made in Exhibit A was a regularly conducted business activity" is undefined, vague, and ambiguous. Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that it was the regularly conducted business activity of Absolute Software, Inc. and Absolute Software Corporation to make the business record in **Exhibit A**.

13

**RESPONSE:**

Defendants object to this request because the phrase "that it was the regularly conducted business activity of Absolute Software, Inc. and Absolute Software Corporation to make the business record in Exhibit A" is undefined, vague, and ambiguous. Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Christy Wyatt believed the statement made in **Exhibit A** to be true.

**RESPONSE:**

Defendants object to this request because the phrase "Christy Wyatt believed the statement made Exhibit A to be true" is undefined, vague, and ambiguous. Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; (d) appears to address sexual harassment, which is not at issue and not relevant to this action; and (e) on its face, does not purport to be a statement of fact. Defendants further object

14

to this request on the ground to the extent it calls for information not within their possession, custody, or control or obtainable by reasonable inquiry.

**REQUEST FOR ADMISSION NO. 22:**

Admit that **Exhibit A** is a statement against interest under Federal Rule of Evidence 804(b)(b).

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion which is an impermissible use of Requests for Admissions.  *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012).  Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case.  The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that **Exhibit A** is authentic within the meaning of the Federal Rules of Evidence and does not need to be authenticated for use in this litigation.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion, which is an impermissible use of Requests for Admissions.  *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012).  Defendants further object to this request on

the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which are not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that all foundational requirements for the admission of **Exhibit A** have been satisfied.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion, which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which are not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that all foundational requirements for the admission of **Exhibit A** have been satisfied.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion, which is an impermissible use of Requests for Admissions. *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012). Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and is not proportional to the needs of the case. The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 25:**

Admit that **Exhibit A** is admissible into evidence for use in this litigation.

**RESPONSE:**

Defendants object to this request on the ground that it calls for a legal conclusion which is an impermissible use of Requests for Admissions.  *See Coach, Inc. v Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-433 (S.D.N.Y. 2012).  Defendants further object to this request on the ground it seeks information that is not relevant to the claims or defenses of any party and not proportional to the needs of the case.  The statement contained in Exhibit A: (a) was not made by any of the Defendants and does not appear to have been created by someone employed by Defendants at the time it was created; (b) on its face, was made outside of the Relevant Time Period; (c) on its face, was made before Christy Wyatt joined Absolute Software; and (d) appears to address sexual harassment, which is not at issue and not relevant to this action.

Subject to and without waiving the foregoing specific and general objections, Defendants deny this request.

Dated:  April 26, 2019                                              DORSEY & WHITNEY LLP

                                                                    By:    */s/ Laura M. Lestrade*
                                                                           Laura M. Lestrade
                                                                           Mark S. Sullivan
                                                                           51 West 52nd Street
                                                                           New York, New York 10019
                                                                           Telephone: (212) 415-9200
                                                                           *Attorneys for Defendants*

TO:   J. Nelson Thomas, Esq.
      Jonathan W. Ferris, Esq.
      Attorneys for Plaintiffs
      693 East Avenue
      Rochester, New York 114607
      Telephone:  (585) 272-0540
      nthomas@theemploymentattorneys.com
      jferris@theemploymentattorneys.com

17

4820-5335-6949\1