# Exhibit H

**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

July 3, 2019

**VIA EMAIL**

Laura Lestrade, Esq.
Mark Sullivan, Esq.
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019

Re:   **Van Brunt-Piehler v. Absolute Software, Inc. et al**
      **Civil Action No. 15-cv-6313-EAW-MWP**

Dear Laura and Mark:

As you are aware, we previously requested the production of several documents referenced or referred to during the depositions of Thomas Kenny and Geoff Haydon in our March 25, 2019 and April 3, 2019 letters to you.

Additionally, based on the subsequent depositions of Todd Awtry, Daniel Berardo, Errol Olsen, Art Robinson, and Amy Rathbun, we have identified additional deficiencies in defendants' production based on the testimony from those depositions. We therefore request that Defendants supplement their current production and responses to the deficiencies identified below:

1. All documents showing the reimbursement to plaintiff and other employees that had commissions from the DOE in 2013, 2014, and 2015 (Olsen Depo at 116:3-9)

2. Absolute's culture study (Olsen Depo at 116:7-8; Berardo Depo at 51:6-8)

3. Absolute's job numbers, job titles, and job duties for plaintiff and all comparators (Olsen Depo at 117:21-25)

4. Any communications with Matt Handford, including any interviews with Mr. Handford, and contact information for Matt Handford. (Olsen Depo at 120:10-14)

5. Any documents differentiating between contractors and employees. (Olsen Depo at 136:14-17)

6. All documents related to investigating plaintiff's claims of unfair pay, retaliation, and sexual discrimination. (Olsen Depo at 149:25-150:2)

7. Any documents relating to administrative errors affecting employee healthcare coverage. (Olsen Depo at 152:5-7)

8. Any documents relating to administrative errors affecting employee stock options. (Olsen Depo at 153:17-18).

693 East Avenue, Rochester, New York 14607 **tel:** 585.272.0540 **fax:** 585.272.0574
jferris@theemploymentattorneys.com • www.theemploymentattorneys.com

Laura Lestrade, Esq.
Mark Sullivan, Esq.
July 3, 2019
Page 2

9. Pay records, including the commissions, for all employees on the DOE account. (Awtry Depo at 236:7-10)

10. Emails that defendants relied upon in making the decision to terminate plaintiff. (Awtry Depo at 275:10-11)

11. The email message forwarded from Jermaine Maldonado to Todd Awtry purportedly showing how plaintiff criticized Mr. Awtry. (Awtry Depo at 279:10-11)

12. Absolute's culture survey numerical values. (Berardo Depo at 51:6-8)

13. Any surveys conducted by Todd Awtry of his sales employees regarding Mr. Awtry's job performance. (Berardo Depo at 61:8-10)

14. Any documents regarding Absolute's investigation of Thomas Kenny. (Berardo Depo. at 154:14-18)

15. Any documents involving human resources review of plaintiff's complaints. (Berardo Depo at 235:18-20).

16. Any documents related to Absolute's human resources speaking to Mary Piehler about her email regarding pay practices. (Berardo Depo at 140:3-5).

17. Any documents regarding human resources review of performance reviews. (Berardo Depo at 242:16-18).

18. Any copies of the policies and procedures that were in affect during plaintiff's employment. (Berardo Depo at 264:13-14).

19. Any emails reflecting Art Robinson's request for female applicants. (Robinson Depo at 89:22)

20. All documents that defendants improperly withheld or failed to produce, including any email attachments, as identified during Amy Rathbun's deposition. (Rathbun Depo at 238-348)

Laura Lestrade, Esq.
Mark Sullivan, Esq.
July 3, 2019
Page 3

     As noted and referenced above, we previously requested the production of all of these documents during the respective depositions. To date, we have not received any response or production of documents to these requests. Please therefore produce all requested documents no later than by the close of business **on July 8, 2019.**

     Please contact me if you would like to discuss any of the issues raised herein.

                               Very truly yours,

                               Jonathan W. Ferris

# Exhibit I

**Jon Ferris**

---

| | |
|---|---|
| **From:** | Jon Ferris |
| **Sent:** | Wednesday, August 14, 2019 6:01 PM |
| **To:** | 'Lestrade.Laura@dorsey.com'; 'Sullivan.Mark@dorsey.com' |
| **Cc:** | Nelson Thomas |
| **Subject:** | Van Brunt-Piehler v. Absolute Software |

Laura and Mark:

Good seeing you both yesterday. I am writing to confirm our discussions during our conferral after the oral argument.

In regards to our motion to compel, we understand categories 1, 2, 6, 7, 13, 14, 17, 18, and 21 are now resolved. In terms of any of the remaining outstanding issues, we understand the following:

3. **Supplemental response to Interrogatory #3**: While you initially indicated that you could not respond to the extent it involves independent contractors, we proposed that you could amend your response to state which employees (or those individuals classified as independent contractors) attended the April 2015 meeting. We understand that you were considering this proposal.  Please let me know your position/and or produce responsive documents by no later than August 23, 2019.

4. **Documents showing the reimbursement to plaintiff of DOE commissions**: As we explained, we are not able to determine which (if any) payroll documents indicate where plaintiff's DOE commissions were returned to her. We understand that you will confirm with your client if there are any other responsive documents, or identify which documents have already been produced (and where we can see such information in those documents).  Please let me know your position/and or produce responsive documents by no later than August 23, 2019.

5. **Absolute's culture study**:  We understand despite our discussions that we are at an impasse on these documents. In particular, you have objected that these document are not responsive to a document request.

8. **Documents differentiating between contractors and employees**: We understand that you are willing to produce a declaration from a person with knowledge describing how employees and contractors are classified. Please produce such a document no later than August 23.

9. **Document related to investigating plaintiff's claims of unfair pay, retaliation, and sexual discrimination**:  Based on your representations, we understand all such documents have been produced and/or put on a privilege log.

10. **Documents relating to administrative errors affecting employee healthcare coverage**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object to producing these documents on the basis that these documents were not requested and are not relevant.

11. **Documents relating to administrative errors affecting employee stock options**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object to producing these documents on the basis that these documents were not requested and are not relevant.

12. **Pay records, including commissions for all employees on the DOE accounts**: We understand that you will confirm whether all responsive documents have been produced. Please confirm that all responsive documents have been produced/and or produce any remaining responsive documents by no later than August 23, 2019.

15. **Numerical values of Employee Engagement Surveys**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that the documents were not requested and are not relevant.

16. **Any surveys conducted by Mr. Awtry**: We understand that you need to discuss with your client and confirm that all responsive documents have been produced. Please confirm that all responsive documents have been produced/and or produce any remaining responsive documents by no later than August 23, 2019.

19. **Any complaints about employees not being paid fairly**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object that these documents were not requested and that the request is overbroad.

20. **Any documents regarding human resources review of performance reviews**: We understand that you will confirm whether any such documents exist and/or whether such documents are being withheld based on your objections.

22. **Mr. Haydon's travel plans and correspondence regarding the deposition**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and the documents sought are not relevant.

23. **Documents regarding Mr. Haydon's Twitter account**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and that the request is overbroad.

24. **Any emails reflecting Art Robinson's request for female applicants**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and are not relevant.

If our understanding of the above is not correct, please let us know by the close of business on August 19, 2019.

Lastly, I know that you are currently reaching out to Mssrs. Awtry and Berardo regarding their availability for the depositions that the Court ordered. As you are aware, we need to instruct the Court of those dates no later than August 27, 2019. Please let us know any dates they are not available in September by August 23rd.  If we do not get proposed dates by then, we will understand that they have open availability and will issue depositions notices for dates of our choosing.

Thanks,
Jon.



Jonathan Ferris, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540    **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*

Exhibit J

## Jon Ferris

| | |
|---|---|
| **From:** | Lestrade.Laura@dorsey.com |
| **Sent:** | Thursday, August 22, 2019 11:36 AM |
| **To:** | jwferris@theemploymentattorneys.com |
| **Cc:** | nthomas@theemploymentattorneys.com; Sullivan.Mark@dorsey.com; kornfield.joshua@dorsey.com |
| **Subject:** | RE: Van Brunt-Piehler v. Absolute Software |

Dear Jon,

I haven't been able to look at each one of these yet, but so as not to hold you up I will give you the answers that I have now.

#3   A plain reading of Plaintiff's interrogatory 15 requests a list of employees at the meeting.  We have responded to that interrogatory.  We will not amend our response.
#4
#5 We agree that we are at an impasse with regard to this request.  This document was not requested in discovery.
#8
#9 We agree with your statement.  Piehler did not complain about discrimination or retaliation (based on pay or otherwise) during her employment.   All documents relating to her post-employment complaints were produced or put on a privilege log as required.
#10  We agree that we are at an impasse with regard to this request.  The documents were not requested in discovery.
#11 same as above
#12
#15  I found that the numerical values for the 2014 study has been produced already.  See DEFS1663 -1677
#16
#19 We agreement we are at an impasse with regard to this request.  The documents were not previously requested, the request is overbroad and not relevant.
#20  We did not agree to look for this.  The documents were not requested and the request is vague and overbroad
#22 We agree that we are at impasse with regard to this request, for all of the reasons previously discussed.
#23 Same as above
#24 We agree that we are at an impasse with regard to this request.  The documents were not requested in discovery.

As for the depositions, Daniel Berardo and Todd Awtry have availability on the following dates:

Todd Awtry:  September 4, 5, 9, 10, 11
Daniel Berardo:  September 18, 19, 25, 27, October 1, 2, 3.

Please let me know what dates work for you on the depositions.
Thanks.

**Laura M. Lestrade**
**Senior Attorney**



DORSEY & WHITNEY LLP
51 West 52nd Street | New York, NY 10019-6119

P: 212.415.9227   F: 212.953.7201   C: 631.882.7762
WWW.DORSEY.COM  ::  NEW YORK  ::  BIO  ::  V-CARD

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.
Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received
this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments,
including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.
Thank you.*

**From:** Jon Ferris <jwferris@theemploymentattorneys.com>
**Sent:** Wednesday, August 14, 2019 6:01 PM
**To:** Lestrade, Laura <Lestrade.Laura@dorsey.com>; Sullivan, Mark <Sullivan.Mark@dorsey.com>
**Cc:** Nelson Thomas <nthomas@theemploymentattorneys.com>
**Subject:** Van Brunt-Piehler v. Absolute Software

Laura and Mark:

Good seeing you both yesterday. I am writing to confirm our discussions during our conferral after the oral argument.

In regards to our motion to compel, we understand categories 1, 2, 6, 7, 13, 14, 17, 18, and 21 are now resolved. In terms of any of the remaining outstanding issues, we understand the following:

3. **Supplemental response to Interrogatory #3**: While you initially indicated that you could not respond to the extent it involves independent contractors, we proposed that you could amend your response to state which employees (or those individuals classified as independent contractors) attended the April 2015 meeting. We understand that you were considering this proposal. Please let me know your position/and or produce responsive documents by no later than August 23, 2019.

4. **Documents showing the reimbursement to plaintiff of DOE commissions**: As we explained, we are not able to determine which (if any) payroll documents indicate where plaintiff's DOE commissions were returned to her. We understand that you will confirm with your client if there are any other responsive documents, or identify which documents have already been produced (and where we can see such information in those documents). Please let me know your position/and or produce responsive documents by no later than August 23, 2019.

5. **Absolute's culture study**: We understand despite our discussions that we are at an impasse on these documents. In particular, you have objected that these document are not responsive to a document request.

8. **Documents differentiating between contractors and employees**: We understand that you are willing to produce a declaration from a person with knowledge describing how employees and contractors are classified. Please produce such a document no later than August 23.

9. **Document related to investigating plaintiff's claims of unfair pay, retaliation, and sexual discrimination**: Based on your representations, we understand all such documents have been produced and/or put on a privilege log.

10. **Documents relating to administrative errors affecting employee healthcare coverage**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object to producing these documents on the basis that these documents were not requested and are not relevant.

11. **Documents relating to administrative errors affecting employee stock options**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object to producing these documents on the basis that these documents were not requested and are not relevant.

12. **Pay records, including commissions for all employees on the DOE accounts**: We understand that you will confirm whether all responsive documents have been produced. Please confirm that all responsive documents have been produced/and or produce any remaining responsive documents by no later than August 23, 2019.

15. **Numerical values of Employee Engagement Surveys**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that the documents were not requested and are not relevant.

16. **Any surveys conducted by Mr. Awtry**: We understand that you need to discuss with your client and confirm that all responsive documents have been produced. Please confirm that all responsive documents have been produced/and or produce any remaining responsive documents by no later than August 23, 2019.

19. **Any complaints about employees not being paid fairly**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object that these documents were not requested and that the request is overbroad.

20. **Any documents regarding human resources review of performance reviews**: We understand that you will confirm whether any such documents exist and/or whether such documents are being withheld based on your objections.

22. **Mr. Haydon's travel plans and correspondence regarding the deposition**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and the documents sought are not relevant.

23. **Documents regarding Mr. Haydon's Twitter account**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and that the request is overbroad.

24. **Any emails reflecting Art Robinson's request for female applicants**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and are not relevant.

If our understanding of the above is not correct, please let us know by the close of business on August 19, 2019.

Lastly, I know that you are currently reaching out to Mssrs. Awtry and Berardo regarding their availability for the depositions that the Court ordered. As you are aware, we need to instruct the Court of those dates no later than August 27, 2019. Please let us know any dates they are not available in September by August 23rd. If we do not get proposed dates by then, we will understand that they have open availability and will issue depositions notices for dates of our choosing.

Thanks,
Jon.

**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Jonathan Ferris, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*

# Exhibit K

## Jon Ferris

| | |
|---|---|
| **From:** | Lestrade.Laura@dorsey.com |
| **Sent:** | Tuesday, August 27, 2019 11:51 AM |
| **To:** | jwferris@theemploymentattorneys.com |
| **Cc:** | nthomas@theemploymentattorneys.com; Sullivan.Mark@dorsey.com; kornfield.joshua@dorsey.com |
| **Subject:** | RE: Van Brunt-Piehler v. Absolute Software |

Dear Jon,

This is a follow up to my August 22 email.

#4  I have reviewed defendants' document production and  have confirmed that the documents produced reflect the payments made to Ms. Piehler with respect to the disputed DOE commissions --specifically, emails concerning amounts withheld and amounts subsequently paid, together with Ms. Piehler's commission statements and paystubs.

#8  I have reviewed a services agreement between Absolute Software Corporation and Matt Handford's consulting company, Different Idea Consulting, of North Vancouver, British Columbia, dated March 18, 2015.  The agreement provides for consulting services to be rendered by Matthew Handford and is governed by the laws of the Province of British Columbia.  This statement of counsel should suffice to establish that Mr. Handford was not considered to be an employee of Absolute.

#12  During our meet and confer, we agreed to confirm whether all  W2s, paystubs and commission statements for Todd Awtry's direct reports had been produced.  In reviewing defendants' document production, we have discovered that 2 categories are missing: (1) 2016 W2s; and (2) paystubs for Michael Kenny.  We have requested the documents and will produce them as soon as possible.

#16  These documents were not requested in discovery.  The request is overbroad and not relevant.  Without waiving such objections, we have confirmed that Mr.  Awtry did not conduct any surveys of his sales employees regarding Mr. Awtry's performance.

In my August 22 email, I proposed dates for the limited depositions of Todd Awtry and Daniel Berardo.  Have you had a chance to review them?  I believe we are required to provide a letter to the Court today concerning the arrangements.  We look forward to hearing from you on this.

Laura

**Laura M. Lestrade**
**Senior Attorney**



DORSEY & WHITNEY LLP
51 West 52nd Street | New York, NY 10019-6119
P: 212.415.9227  F: 212.953.7201  C: 631.882.7762
WWW.DORSEY.COM  ::  NEW YORK  ::  BIO  ::  V-CARD

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.*
*Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received*

*this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments,*
*including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.*
*Thank you.*

**From:** Lestrade, Laura
**Sent:** Thursday, August 22, 2019 11:36 AM
**To:** 'Jon Ferris' <jwferris@theemploymentattorneys.com>
**Cc:** Nelson Thomas <nthomas@theemploymentattorneys.com>; Sullivan, Mark <Sullivan.Mark@dorsey.com>; Kornfield, Josh <kornfield.joshua@dorsey.com>
**Subject:** RE: Van Brunt-Piehler v. Absolute Software

Dear Jon,

I haven't been able to look at each one of these yet, but so as not to hold you up I will give you the answers that I have now.

#3   A plain reading of Plaintiff's interrogatory 15 requests a list of employees at the meeting.  We have responded to that interrogatory.  We will not amend our response.
#4
#5 We agree that we are at an impasse with regard to this request.  This document was not requested in discovery.
#8
#9 We agree with your statement.  Piehler did not complain about discrimination or retaliation (based on pay or otherwise) during her employment.   All documents relating to her post-employment complaints were produced or put on a privilege log as required.
#10  We agree that we are at an impasse with regard to this request.  The documents were not requested in discovery.
#11 same as above
#12
#15  I found that the numerical values for the 2014 study has been produced already.  See DEFS1663 -1677
#16
#19 We agreement we are at an impasse with regard to this request.  The documents were not previously requested, the request is overbroad and not relevant.
#20  We did not agree to look for this.  The documents were not requested and the request is vague and overbroad
#22 We agree that we are at impasse with regard to this request, for all of the reasons previously discussed.
#23 Same as above
#24 We agree that we are at an impasse with regard to this request.  The documents were not requested in discovery.

As for the depositions, Daniel Berardo and Todd Awtry have availability on the following dates:

Todd Awtry:  September 4, 5, 9, 10, 11
Daniel Berardo:  September 18, 19, 25, 27, October 1, 2, 3.

Please let me know what dates work for you on the depositions.
Thanks.

**Laura M. Lestrade**
**Senior Attorney**



DORSEY & WHITNEY LLP
51 West 52nd Street | New York, NY 10019-6119
P: 212.415.9227  F: 212.953.7201  C: 631.882.7762
WWW.DORSEY.COM  ::  NEW YORK  ::  BIO  ::  V-CARD

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.*
*Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received*
*this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments,*
*including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.*
*Thank you.*

**From:** Jon Ferris <jwferris@theemploymentattorneys.com>
**Sent:** Wednesday, August 14, 2019 6:01 PM
**To:** Lestrade, Laura <Lestrade.Laura@dorsey.com>; Sullivan, Mark <Sullivan.Mark@dorsey.com>
**Cc:** Nelson Thomas <nthomas@theemploymentattorneys.com>
**Subject:** Van Brunt-Piehler v. Absolute Software

Laura and Mark:

Good seeing you both yesterday. I am writing to confirm our discussions during our conferral after the oral argument.

In regards to our motion to compel, we understand categories 1, 2, 6, 7, 13, 14, 17, 18, and 21 are now resolved. In terms of any of the remaining outstanding issues, we understand the following:

3. **Supplemental response to Interrogatory #3**: While you initially indicated that you could not respond to the extent it involves independent contractors, we proposed that you could amend your response to state which employees (or those individuals classified as independent contractors) attended the April 2015 meeting. We understand that you were considering this proposal.  Please let me know your position/and or produce responsive documents by no later than August 23, 2019.

4. **Documents showing the reimbursement to plaintiff of DOE commissions**: As we explained, we are not able to determine which (if any) payroll documents indicate where plaintiff's DOE commissions were returned to her. We understand that you will confirm with your client if there are any other responsive documents, or identify which documents have already been produced (and where we can see such information in those documents).  Please let me know your position/and or produce responsive documents by no later than August 23, 2019.

5. **Absolute's culture study**:  We understand despite our discussions that we are at an impasse on these documents. In particular, you have objected that these document are not responsive to a document request.

8. **Documents differentiating between contractors and employees**: We understand that you are willing to produce a declaration from a person with knowledge describing how employees and contractors are classified. Please produce such a document no later than August 23.

9. **Document related to investigating plaintiff's claims of unfair pay, retaliation, and sexual discrimination**:  Based on your representations, we understand all such documents have been produced and/or put on a privilege log.

10. **Documents relating to administrative errors affecting employee healthcare coverage**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object to producing these documents on the basis that these documents were not requested and are not relevant.

11. **Documents relating to administrative errors affecting employee stock options**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object to producing these documents on the basis that these documents were not requested and are not relevant.

12. **Pay records, including commissions for all employees on the DOE accounts**: We understand that you will confirm whether all responsive documents have been produced. Please confirm that all responsive documents have been produced/and or produce any remaining responsive documents by no later than August 23, 2019.

15. **Numerical values of Employee Engagement Surveys**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that the documents were not requested and are not relevant.

16. **Any surveys conducted by Mr. Awtry**: We understand that you need to discuss with your client and confirm that all responsive documents have been produced. Please confirm that all responsive documents have been produced/and or produce any remaining responsive documents by no later than August 23, 2019.

19. **Any complaints about employees not being paid fairly**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object that these documents were not requested and that the request is overbroad.

20. **Any documents regarding human resources review of performance reviews**: We understand that you will confirm whether any such documents exist and/or whether such documents are being withheld based on your objections.

22. **Mr. Haydon's travel plans and correspondence regarding the deposition**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and the documents sought are not relevant.

23. **Documents regarding Mr. Haydon's Twitter account**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and that the request is overbroad.

24. **Any emails reflecting Art Robinson's request for female applicants**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and are not relevant.

If our understanding of the above is not correct, please let us know by the close of business on August 19, 2019.

Lastly, I know that you are currently reaching out to Mssrs. Awtry and Berardo regarding their availability for the depositions that the Court ordered. As you are aware, we need to instruct the Court of those dates no later than August 27, 2019. Please let us know any dates they are not available in September by August 23rd. If we do not get proposed dates by then, we will understand that they have open availability and will issue depositions notices for dates of our choosing.

Thanks,
Jon.

**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Jonathan Ferris, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*

# Exhibit L

## Jon Ferris

| | |
|---|---|
| **From:** | Jon Ferris |
| **Sent:** | Thursday, August 29, 2019 5:27 PM |
| **To:** | 'Lestrade.Laura@dorsey.com' |
| **Cc:** | Nelson Thomas; 'Sullivan.Mark@dorsey.com'; 'kornfield.joshua@dorsey.com' |
| **Subject:** | RE: Van Brunt-Piehler v. Absolute Software |

Laura:

I write to provide additional clarification regarding several of these items given your statements/positions:

#3: Given the fact that you will not amend your response, it appears we are at an impasse on this request.

#4: Based on your statement in your previous email, please confirm that the commission statements and paystubs issued to Ms. Piehler reflecting the disputed DOE commissions have been produced.

#9: I want to be clear that we are seeking any complaints that Ms. Piehler made regarding pay, regardless of whether those complaints were made in the context of discrimination or retaliation. For example, complaints that Ms. Piehler made regarding her commissions at any time need to be produced. To the extent that your position is that only complaints that specifically mention discrimination or retaliation need to be produced, that is incorrect.

#12: Please let me know if you will be able to produce these documents by Tuesday. Otherwise we will need to pursue them in our motion given the deadline.

# 20: Given your response, it appears that we are at an impasse on this issue.

Finally, I note that you have objected to many of these requests on the basis that they were not requested during discovery. While I have indicated previously that we believe that all of these documents were included as part of our Rule 26 requests, I would also note that our verbal request that these documents be produced during the depositions was also a proper request. *See, e.g., Alliance Indus., Inc. v. Longyear Holding, Inc.*, No. 08CV490S, 2010 WL 2889530, at *3–4 (W.D.N.Y. July 21, 2010) (granting motion to compel "document demands made during a deposition [and] followed by a letter from counsel"). While I presume that does not change your position, I just wanted to make our position clear on that point.

Thanks,
Jon.



Jonathan Ferris, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*

**From:** Lestrade.Laura@dorsey.com <Lestrade.Laura@dorsey.com>
**Sent:** Tuesday, August 27, 2019 11:51 AM
**To:** jwferris@theemploymentattorneys.com
**Cc:** nthomas@theemploymentattorneys.com; Sullivan.Mark@dorsey.com; kornfield.joshua@dorsey.com
**Subject:** RE: Van Brunt-Piehler v. Absolute Software

Dear Jon,

This is a follow up to my August 22 email.

#4  I have reviewed defendants' document production and  have confirmed that the documents produced reflect the payments made to Ms. Piehler with respect to the disputed DOE commissions --specifically, emails concerning amounts withheld and amounts subsequently paid, together with Ms. Piehler's commission statements and paystubs.

#8  I have reviewed a services agreement between Absolute Software Corporation and Matt Handford's consulting company, Different Idea Consulting, of North Vancouver, British Columbia, dated March 18, 2015.  The agreement provides for consulting services to be rendered by Matthew Handford and is governed by the laws of the Province of British Columbia.  This statement of counsel should suffice to establish that Mr. Handford was not considered to be an employee of Absolute.

#12  During our meet and confer, we agreed to confirm whether all  W2s, paystubs and commission statements for Todd Awtry's direct reports had been produced.  In reviewing defendants' document production, we have discovered that 2 categories are missing: (1) 2016 W2s; and (2) paystubs for Michael Kenny.  We have requested the documents and will produce them as soon as possible.

#16  These documents were not requested in discovery.  The request is overbroad and not relevant.  Without waiving such objections, we have confirmed that Mr.  Awtry did not conduct any surveys of his sales employees regarding Mr. Awtry's performance.

In my August 22 email, I proposed dates for the limited depositions of Todd Awtry and Daniel Berardo.  Have you had a chance to review them?  I believe we are required to provide a letter to the Court today concerning the arrangements.  We look forward to hearing from you on this.

Laura

**Laura M. Lestrade**
**Senior Attorney**



DORSEY & WHITNEY LLP
51 West 52nd Street | New York, NY 10019-6119
**P:** 212.415.9227   **F:** 212.953.7201   **C:** 631.882.7762
WWW.DORSEY.COM  ::  NEW YORK  ::  BIO  ::  V-CARD

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Lestrade, Laura
**Sent:** Thursday, August 22, 2019 11:36 AM
**To:** 'Jon Ferris' <jwferris@theemploymentattorneys.com>
**Cc:** Nelson Thomas <nthomas@theemploymentattorneys.com>; Sullivan, Mark <Sullivan.Mark@dorsey.com>; Kornfield, Josh <kornfield.joshua@dorsey.com>
**Subject:** RE: Van Brunt-Piehler v. Absolute Software

Dear Jon,

I haven't been able to look at each one of these yet, but so as not to hold you up I will give you the answers that I have now.

#3   A plain reading of Plaintiff's interrogatory 15 requests a list of employees at the meeting.  We have responded to that interrogatory.  We will not amend our response.
#4
#5 We agree that we are at an impasse with regard to this request.  This document was not requested in discovery.
#8
#9 We agree with your statement.  Piehler did not complain about discrimination or retaliation (based on pay or otherwise) during her employment.   All documents relating to her post-employment complaints were produced or put on a privilege log as required.
#10  We agree that we are at an impasse with regard to this request.  The documents were not requested in discovery.
#11 same as above
#12
#15  I found that the numerical values for the 2014 study has been produced already.  See DEFS1663 -1677
#16
#19 We agreement we are at an impasse with regard to this request.  The documents were not previously requested, the request is overbroad and not relevant.
#20  We did not agree to look for this.  The documents were not requested and the request is vague and overbroad
#22 We agree that we are at impasse with regard to this request, for all of the reasons previously discussed.
#23 Same as above
#24 We agree that we are at an impasse with regard to this request.  The documents were not requested in discovery.

As for the depositions, Daniel Berardo and Todd Awtry have availability on the following dates:

Todd Awtry:  September 4, 5, 9, 10, 11
Daniel Berardo:  September 18, 19, 25, 27, October 1, 2, 3.

Please let me know what dates work for you on the depositions.
Thanks.

**Laura M. Lestrade**
**Senior Attorney**



DORSEY & WHITNEY LLP
51 West 52nd Street | New York, NY 10019-6119
P: 212.415.9227   F: 212.953.7201   C: 631.882.7762
WWW.DORSEY.COM  ::  NEW YORK  ::  BIO  ::  V-CARD

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.*

*Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Jon Ferris <jwferris@theemploymentattorneys.com>
**Sent:** Wednesday, August 14, 2019 6:01 PM
**To:** Lestrade, Laura <Lestrade.Laura@dorsey.com>; Sullivan, Mark <Sullivan.Mark@dorsey.com>
**Cc:** Nelson Thomas <nthomas@theemploymentattorneys.com>
**Subject:** Van Brunt-Piehler v. Absolute Software

Laura and Mark:

Good seeing you both yesterday. I am writing to confirm our discussions during our conferral after the oral argument.

In regards to our motion to compel, we understand categories 1, 2, 6, 7, 13, 14, 17, 18, and 21 are now resolved. In terms of any of the remaining outstanding issues, we understand the following:

3. **Supplemental response to Interrogatory #3**: While you initially indicated that you could not respond to the extent it involves independent contractors, we proposed that you could amend your response to state which employees (or those individuals classified as independent contractors) attended the April 2015 meeting. We understand that you were considering this proposal. Please let me know your position/and or produce responsive documents by no later than August 23, 2019.

4. **Documents showing the reimbursement to plaintiff of DOE commissions**: As we explained, we are not able to determine which (if any) payroll documents indicate where plaintiff's DOE commissions were returned to her. We understand that you will confirm with your client if there are any other responsive documents, or identify which documents have already been produced (and where we can see such information in those documents). Please let me know your position/and or produce responsive documents by no later than August 23, 2019.

5. **Absolute's culture study**: We understand despite our discussions that we are at an impasse on these documents. In particular, you have objected that these document are not responsive to a document request.

8. **Documents differentiating between contractors and employees**: We understand that you are willing to produce a declaration from a person with knowledge describing how employees and contractors are classified. Please produce such a document no later than August 23.

9. **Document related to investigating plaintiff's claims of unfair pay, retaliation, and sexual discrimination**: Based on your representations, we understand all such documents have been produced and/or put on a privilege log.

10. **Documents relating to administrative errors affecting employee healthcare coverage**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object to producing these documents on the basis that these documents were not requested and are not relevant.

11. **Documents relating to administrative errors affecting employee stock options**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object to producing these documents on the basis that these documents were not requested and are not relevant.

12. **Pay records, including commissions for all employees on the DOE accounts**: We understand that you will confirm whether all responsive documents have been produced. Please confirm that all responsive documents have been produced/and or produce any remaining responsive documents by no later than August 23, 2019.

15. **Numerical values of Employee Engagement Surveys**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that the documents were not requested and are not relevant.

16. **Any surveys conducted by Mr. Awtry**: We understand that you need to discuss with your client and confirm that all responsive documents have been produced. Please confirm that all responsive documents have been produced/and or produce any remaining responsive documents by no later than August 23, 2019.

19. **Any complaints about employees not being paid fairly**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object that these documents were not requested and that the request is overbroad.

20. **Any documents regarding human resources review of performance reviews**: We understand that you will confirm whether any such documents exist and/or whether such documents are being withheld based on your objections.

22. **Mr. Haydon's travel plans and correspondence regarding the deposition**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and the documents sought are not relevant.

23. **Documents regarding Mr. Haydon's Twitter account**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and that the request is overbroad.

24. **Any emails reflecting Art Robinson's request for female applicants**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and are not relevant.

If our understanding of the above is not correct, please let us know by the close of business on August 19, 2019.

Lastly, I know that you are currently reaching out to Mssrs. Awtry and Berardo regarding their availability for the depositions that the Court ordered. As you are aware, we need to instruct the Court of those dates no later than August 27, 2019. Please let us know any dates they are not available in September by August 23rd.  If we do not get proposed dates by then, we will understand that they have open availability and will issue depositions notices for dates of our choosing.

Thanks,
Jon.



Jonathan Ferris, Esq.
693 East Avenue, Rochester, NY 14607

**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*

# Exhibit M

## Jon Ferris

**From:** Lestrade.Laura@dorsey.com
**Sent:** Friday, August 30, 2019 12:23 PM
**To:** jwferris@theemploymentattorneys.com
**Cc:** nthomas@theemploymentattorneys.com; Sullivan.Mark@dorsey.com; kornfield.joshua@dorsey.com
**Subject:** RE: Van Brunt-Piehler v. Absolute Software

Dear Jon,
#4 confirmed
#12 We are waiting for the documents. If we have them by Tuesday, we will produce them.
We appear to be at an impasse with regard to the others.

Mr. Awtry is available on September 19.

Have a nice holiday weekend.

**Laura M. Lestrade**
**Senior Attorney**



DORSEY & WHITNEY LLP
51 West 52nd Street | New York, NY 10019-6119
**P:** 212.415.9227   **F:** 212.953.7201   **C:** 631.882.7762
WWW.DORSEY.COM  ::  NEW YORK  ::  BIO  ::  V-CARD

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Jon Ferris <jwferris@theemploymentattorneys.com>
**Sent:** Thursday, August 29, 2019 5:27 PM
**To:** Lestrade, Laura <Lestrade.Laura@dorsey.com>
**Cc:** Nelson Thomas <nthomas@theemploymentattorneys.com>; Sullivan, Mark <Sullivan.Mark@dorsey.com>; Kornfield, Josh <kornfield.joshua@dorsey.com>
**Subject:** RE: Van Brunt-Piehler v. Absolute Software

Laura:

I write to provide additional clarification regarding several of these items given your statements/positions:

#3: Given the fact that you will not amend your response, it appears we are at an impasse on this request.

#4: Based on your statement in your previous email, please confirm that the commission statements and paystubs issued to Ms. Piehler reflecting the disputed DOE commissions have been produced.

#9: I want to be clear that we are seeking any complaints that Ms. Piehler made regarding pay, regardless of whether those complaints were made in the context of discrimination or retaliation. For example,

complaints that Ms. Piehler made regarding her commissions at any time need to be produced. To the extent that your position is that only complaints that specifically mention discrimination or retaliation need to be produced, that is incorrect.

#12: Please let me know if you will be able to produce these documents by Tuesday. Otherwise we will need to pursue them in our motion given the deadline.

# 20: Given your response, it appears that we are at an impasse on this issue.

Finally, I note that you have objected to many of these requests on the basis that they were not requested during discovery. While I have indicated previously that we believe that all of these documents were included as part of our Rule 26 requests, I would also note that our verbal request that these documents be produced during the depositions was also a proper request. *See, e.g., Alliance Indus., Inc. v. Longyear Holding, Inc.,* No. 08CV490S, 2010 WL 2889530, at *3–4 (W.D.N.Y. July 21, 2010) (granting motion to compel "document demands made during a deposition [and] followed by a letter from counsel"). While I presume that does not change your position, I just wanted to make our position clear on that point.

Thanks,
Jon.



Jonathan Ferris, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*

**From:** Lestrade.Laura@dorsey.com <Lestrade.Laura@dorsey.com>
**Sent:** Tuesday, August 27, 2019 11:51 AM
**To:** jwferris@theemploymentattorneys.com
**Cc:** nthomas@theemploymentattorneys.com; Sullivan.Mark@dorsey.com; kornfield.joshua@dorsey.com
**Subject:** RE: Van Brunt-Piehler v. Absolute Software

Dear Jon,

This is a follow up to my August 22 email.

#4  I have reviewed defendants' document production and  have confirmed that the documents produced reflect the payments made to Ms. Piehler with respect to the disputed DOE commissions --specifically, emails concerning amounts withheld and amounts subsequently paid, together with Ms. Piehler's commission statements and paystubs.

#8  I have reviewed a services agreement between Absolute Software Corporation and Matt Handford's consulting company, Different Idea Consulting, of North Vancouver, British Columbia, dated March 18, 2015.  The agreement provides for consulting services to be rendered by Matthew Handford and is governed by the laws of the Province of British Columbia.  This statement of counsel should suffice to establish that Mr. Handford was not considered to be an employee of Absolute.

#12  During our meet and confer, we agreed to confirm whether all  W2s, paystubs and commission statements for Todd Awtry's direct reports had been produced.  In reviewing defendants' document production, we have discovered that 2 categories are missing: (1) 2016 W2s; and (2) paystubs for Michael Kenny.  We have requested the documents and will produce them as soon as possible.

#16  These documents were not requested in discovery.  The request is overbroad and not relevant.  Without waiving such objections, we have confirmed that Mr.  Awtry did not conduct any surveys of his sales employees regarding Mr. Awtry's performance.

In my August 22 email, I proposed dates for the limited depositions of Todd Awtry and Daniel Berardo.  Have you had a chance to review them?  I believe we are required to provide a letter to the Court today concerning the arrangements.  We look forward to hearing from you on this.

Laura

**Laura M. Lestrade**
**Senior Attorney**



DORSEY & WHITNEY LLP
51 West 52nd Street | New York, NY 10019-6119
**P:** 212.415.9227  **F:** 212.953.7201  **C:** 631.882.7762
WWW.DORSEY.COM  ::  NEW YORK  ::  BIO  ::  V-CARD

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Lestrade, Laura
**Sent:** Thursday, August 22, 2019 11:36 AM
**To:** 'Jon Ferris' <jwferris@theemploymentattorneys.com>
**Cc:** Nelson Thomas <nthomas@theemploymentattorneys.com>; Sullivan, Mark <Sullivan.Mark@dorsey.com>; Kornfield, Josh <kornfield.joshua@dorsey.com>
**Subject:** RE: Van Brunt-Piehler v. Absolute Software

Dear Jon,

I haven't been able to look at each one of these yet, but so as not to hold you up I will give you the answers that I have now.

#3   A plain reading of Plaintiff's interrogatory 15 requests a list of employees at the meeting.  We have responded to that interrogatory.  We will not amend our response.
#4
#5 We agree that we are at an impasse with regard to this request.  This document was not requested in discovery.
#8
#9 We agree with your statement.  Piehler did not complain about discrimination or retaliation (based on pay or otherwise) during her employment.   All documents relating to her post-employment complaints were produced or put on a privilege log as required.
#10  We agree that we are at an impasse with regard to this request.  The documents were not requested in discovery.
#11 same as above

#12
#15  I found that the numerical values for the 2014 study has been produced already.  See DEFS1663 -1677
#16
#19 We agreement we are at an impasse with regard to this request.  The documents were not previously requested, the request is overbroad and not relevant.
#20  We did not agree to look for this.  The documents were not requested and the request is vague and overbroad
#22 We agree that we are at impasse with regard to this request, for all of the reasons previously discussed.
#23 Same as above
#24 We agree that we are at an impasse with regard to this request.  The documents were not requested in discovery.

As for the depositions, Daniel Berardo and Todd Awtry have availability on the following dates:

Todd Awtry:  September 4, 5, 9, 10, 11
Daniel Berardo:  September 18, 19, 25, 27, October 1, 2, 3.

Please let me know what dates work for you on the depositions.
Thanks.


**Laura M. Lestrade**
**Senior Attorney**



DORSEY & WHITNEY LLP
51 West 52nd Street | New York, NY 10019-6119
P: 212.415.9227   F: 212.953.7201   C: 631.882.7762
WWW.DORSEY.COM  ::  NEW YORK  ::  BIO  ::  V-CARD

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.
Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received
this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments,
including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.
Thank you.*

**From:** Jon Ferris <jwferris@theemploymentattorneys.com>
**Sent:** Wednesday, August 14, 2019 6:01 PM
**To:** Lestrade, Laura <Lestrade.Laura@dorsey.com>; Sullivan, Mark <Sullivan.Mark@dorsey.com>
**Cc:** Nelson Thomas <nthomas@theemploymentattorneys.com>
**Subject:** Van Brunt-Piehler v. Absolute Software

Laura and Mark:

Good seeing you both yesterday. I am writing to confirm our discussions during our conferral after the oral argument.

In regards to our motion to compel, we understand categories 1, 2, 6, 7, 13, 14, 17, 18, and 21 are now resolved. In terms of any of the remaining outstanding issues, we understand the following:

3. **Supplemental response to Interrogatory #3**: While you initially indicated that you could not respond to the extent it involves independent contractors, we proposed that you could amend your response to state which employees (or those individuals classified as independent contractors) attended the April 2015 meeting. We understand that you were considering this proposal.  Please let me know your position/and or produce responsive documents by no later than August 23, 2019.

4. **Documents showing the reimbursement to plaintiff of DOE commissions**: As we explained, we are not able to determine which (if any) payroll documents indicate where plaintiff's DOE commissions were returned to her. We understand that you will confirm with your client if there are any other responsive documents, or identify which documents have already been produced (and where we can see such information in those documents).  Please let me know your position/and or produce responsive documents by no later than August 23, 2019.

5. **Absolute's culture study**:  We understand despite our discussions that we are at an impasse on these documents. In particular, you have objected that these document are not responsive to a document request.

8. **Documents differentiating between contractors and employees**: We understand that you are willing to produce a declaration from a person with knowledge describing how employees and contractors are classified. Please produce such a document no later than August 23.

9. **Document related to investigating plaintiff's claims of unfair pay, retaliation, and sexual discrimination**:  Based on your representations, we understand all such documents have been produced and/or put on a privilege log.

10. **Documents relating to administrative errors affecting employee healthcare coverage**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object to producing these documents on the basis that these documents were not requested and are not relevant.

11. **Documents relating to administrative errors affecting employee stock options**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object to producing these documents on the basis that these documents were not requested and are not relevant.

12. **Pay records, including commissions for all employees on the DOE accounts**: We understand that you will confirm whether all responsive documents have been produced. Please confirm that all responsive documents have been produced/and or produce any remaining responsive documents by no later than August 23, 2019.

15. **Numerical values of Employee Engagement Surveys**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that the documents were not requested and are not relevant.

16. **Any surveys conducted by Mr. Awtry**: We understand that you need to discuss with your client and confirm that all responsive documents have been produced. Please confirm that all responsive documents have been produced/and or produce any remaining responsive documents by no later than August 23, 2019.

19. **Any complaints about employees not being paid fairly**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object that these documents were not requested and that the request is overbroad.

20. **Any documents regarding human resources review of performance reviews**: We understand that you will confirm whether any such documents exist and/or whether such documents are being withheld based on your objections.

22. **Mr. Haydon's travel plans and correspondence regarding the deposition**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and the documents sought are not relevant.

23. **Documents regarding Mr. Haydon's Twitter account**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and that the request is overbroad.

24. **Any emails reflecting Art Robinson's request for female applicants**: We understand despite our discussions that we are at an impasse on these documents. We understand that you object on the basis that these documents were not requested and are not relevant.

If our understanding of the above is not correct, please let us know by the close of business on August 19, 2019.

Lastly, I know that you are currently reaching out to Mssrs. Awtry and Berardo regarding their availability for the depositions that the Court ordered. As you are aware, we need to instruct the Court of those dates no later than August 27, 2019. Please let us know any dates they are not available in September by August 23rd. If we do not get proposed dates by then, we will understand that they have open availability and will issue depositions notices for dates of our choosing.

Thanks,
Jon.

**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

Jonathan Ferris, Esq.
693 East Avenue, Rochester, NY 14607
**tel:** 585.272.0540   **fax:** 585.272.0574
www.theemploymentattorneys.com

*The information contained in this e-mail message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail.*