UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY VAN BRUNT-PIEHLER,<br><br>                              Plaintiff,<br><br>v.<br><br>ABSOLUTE SOFTWARE, INC., ABSOLUTE SOFTWARE CORPORATION, GEOFF HAYDON, THOMAS KENNY and TODD AWTRY,<br><br>                              Defendants. | Index No. 16-cv-6313(EAW)(MWP) |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**
<u>**REGARDING AFFIRMATIVE DEFENSES**</u>

**DORSEY & WHITNEY LLP**
51 West 52nd Street
New York, New York 10019
(212) 415-9200

## TABLE OF CONTENTS

Page

I.   JURY INSTRUCTION NO. 1: AFFIRMATIVE DEFENSE RELATING TO GENDER DISCRIMINATION CLAIMS PURUSANT TO TITLE VII AND NEW YORK STATE HUMAN RIGHTS LAW ...................................................................1

II.   JURY INSTRUCTION NO. 2: EQUAL PAY ACT AFFIRMATIVE DEFENSE .............3

III.   JURY INSTRUCTION NO. 3: MITIGATION OF DAMAGES .........................................5

CONCLUSION.................................................................................................................................6

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's Pretrial Order (Dkt. No 184), Defendants submit the below proposed jury instructions "regarding any counterclaim, affirmative defense, or other issue on which they have the burden of proof."

**I.     JURY INSTRUCTION NO. 1: AFFIRMATIVE DEFENSE RELATING TO GENDER DISCRIMINATION CLAIMS PURUSANT TO TITLE VII AND NEW YORK STATE HUMAN RIGHTS LAW**

In the event that the Court issues a mixed-motive instruction in connection with these claims, Defendants request the following charge:

You have heard evidence that Defendants' termination of Plaintiff's employment was motivated by Plaintiff's sex[1] and also by other lawful reasons. If you find that Plaintiff's sex[2] was a motivating factor in Defendants' decision to take this action, Plaintiff is entitled to your verdict, even if you find that Defendants' conduct was also motivated by other lawful reasons. However, if you find that Defendants' decision was motivated by both discriminatory and lawful reasons, you must decide whether Plaintiff is entitled to damages. Plaintiff is entitled to damages unless Defendants prove by a preponderance of the evidence that they would have made the same decision even if the discriminatory reason had played no role in the employment decision.

Authority: 5 Modern Federal Jury Instructions-Civil P 88.03 (2021); *see also* New York Pattern Jury Instructions--9:2 Employment Discrimination; 42 U.S.C. § 2000e-2(m); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989); *Smith v. Xerox Corp.*, 196 F.3d 358, 363, n.1 (2d Cir. 1999) ("Since claims under the NYSHRL are analyzed identically to claims under ... Title VII, the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under ... Title VII."),

---

[1] We have omitted reference to "race, color, religion…or national origin."

[2] We have omitted reference to "race, color, religion…or national origin."

*overruled on other grounds, Meacham v. Knolls Atomic Power Lab.*, 461 F.3d 134 (2d Cir. 2006).

II.     **JURY INSTRUCTION NO. 2: EQUAL PAY ACT AFFIRMATIVE DEFENSE**

If Plaintiff proves all three elements of her Equal Pay Act claim, then she is entitled to recover on that claim unless Defendants establish, by a preponderance of the evidence, an affirmative defense permitted under the Act.[3]

Specifically, even if Plaintiff establishes that she was paid less than male employees performing equal work under similar working conditions, she is not entitled to recover if Defendants prove that the disparity between what it paid Plaintiff and what it paid the male employees who performed equal work under similar conditions was entirely the result of a differential based on a factor other than sex.[4] This defense is not available, however, if sex played any role in creating the disparity.

Defendants allege in this case that Plaintiff was assigned lower On Target Earnings ("OTE") than Kurt Luporini (the only male employee to whom Plaintiff compares herself), based on a differential based entirely on factors other than sex. Defendants contend that the reason for the OTE wage disparity between Plaintiff and Kurt Luporini was the result of salary negotiations because it was necessary to offer a competitive salary to attract qualified candidates to the acquisition role to be performed by Luporini as it was more difficult and carried greater risk than selling to existing customers, and because Luporini had an extensive background in enterprise security software sales and relationships with companies in the central region of the U.S.[5]

To establish a claim under the Equal Pay Act, a plaintiff is not required to show that the

---

[3] We omitted reference to multiple affirmative defenses being permissible because we believe that certain such defenses would not be relevant.

[4] We omitted reference to a seniority system, a merit system, and a system which measures earnings by quantity or quality of production. We also combined Instruction 88-13 regarding a "Factor Other Than Sex" with this paragraph, which also addresses that topic.

[5] We have added this paragraph to the pattern instruction to clarify matters for the jury.

- 4 -

defendant intended to discriminate on the basis of sex but only that the defendant's pay practices had this effect. However, in evaluating Defendants' affirmative defense to the Equal Pay Act claim, you may take account of any evidence that Defendants' claimed justification for the pay disparities is pretextual and that the real reason for the disparities is gender discrimination. If Plaintiff proves to you, by a preponderance of the evidence, that Defendants' affirmative defense is pretextual, then you should disregard that defense and find for Plaintiff.

      Authority: 5 Modern Federal Jury Instructions-Civil P 88.01 (2021).

**III.      JURY INSTRUCTION NO. 3: MITIGATION OF DAMAGES**

Plaintiff has a duty to mitigate or lessen her damages. That is, Plaintiff was required to exercise reasonable diligence and care to locate substantially equal employment after she was discharged by Defendants. If you find that Defendants are liable and that Plaintiff has suffered damages, then Plaintiff may not recover backpay or other benefits for any period of time during which she failed to exercise reasonable diligence and care in seeking other suitable employment after she was discharged by Defendants. Therefore, if you find that Plaintiff failed, during any period of time, to exercise reasonable care and diligence in seeking other suitable employment after she was discharged, you should deny her recovery of backpay and other benefits for such periods of time.

You are the sole judge of whether Plaintiff failed to exercise reasonable care and diligence in seeking other suitable employment after she was discharged by Defendants. Defendants must prove that Plaintiff failed to use reasonable care and diligence in seeking such employment or jobs. In deciding whether to reduce Plaintiff's damages, you must weigh all of the evidence in light of the particular circumstances of the entire case. You must also use sound discretion in deciding whether or not Defendants have satisfied their burden of proof.

You must deduct any money Plaintiff either earned from any employment she obtained after she was discharged by Defendants or could have earned had she taken reasonable steps to obtain suitable employment.

Finally, you may not award damages based simply on speculation or guesswork. Any award must compensate Plaintiff fairly for any injuries she may have sustained but must have a basis in the evidence and be reasonable in the light of that evidence.

Authority: Fed. Emp. Jury Instructions § 1:1340; *see also Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231-32 (1982).

- 6 -

## **CONCLUSION**

Defendants respectfully request that the Court include the foregoing charges in its jury instructions and respectfully reserve the right to amend, supplement, modify, withdraw or revise the foregoing proposed charges, based on pre-trial rulings as well as evidence presented and rulings made during trial.

Dated: New York, New York
       July 12, 2021

**DORSEY & WHITNEY LLP**

By:     /s/ *Laura M. Lestrade*
        Laura M. Lestrade
        Mark S. Sullivan
        Joshua R. Kornfield
        51 West 52nd Street
        New York, New York 10019
        (212) 415-9200
        *Attorneys for Defendants*