UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY VAN BRUNT-PIEHLER,<br><br>*Plaintiff,*<br><br>v.<br><br>ABSOLUTE SOFTWARE, INC., ABSOLUTE SOFTWARE CORPORATION, GEOFF HAYDON, THOMAS KENNY, and TODD AWTRY,<br><br>*Defendants.* | Civil Action No.<br>16-cv-6313 |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**THOMAS & SOLOMON LLP**
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540

Of Counsel:   J. Nelson Thomas
              Jonathan W. Ferris

# TABLE OF CONTENTS

**Page**

1.  **Summary of Claims** ................................................................................................ 1

2.  **Title VII Introduction** ............................................................................................ 2

3.  **Essential Elements Under Title VII** ...................................................................... 3

4.  **Mixed Motive Instruction** ..................................................................................... 4

5.  **ADEA Introductory Instructions** ......................................................................... 5

6.  **Essential Elements of an ADEA Claim** ................................................................ 6

7.  **ADEA—Pretext** ..................................................................................................... 7

8.  **New York State Human Rights Law—Termination** ............................................. 8

9.  **Retaliation Under the New York State Human Rights Law** .................................. 9

10. **Retaliation—Pretext** ............................................................................................ 11

11. **Pay Discrimination Based on Gender Under NYSHRL and Title VII** ................ 12

12. **EPA Introductory Instructions** ........................................................................... 13

13. **Essential Elements of an EPA Claim** .................................................................. 14

14. **Equal Pay Act—Factor Other Than Sex** ............................................................ 16

15. **Individual Liability of Defendants Haydon, Kenny, and Awtry** ......................... 17

16. **Compensatory Damages** ...................................................................................... 18

17. **Punitive Damages** ................................................................................................ 20

18. **Back Pay** .............................................................................................................. 21

19. **Liquidated Damages Under ADEA** ..................................................................... 22

20. **Front Pay** ............................................................................................................. 23

21. **Nominal Damages** ............................................................................................... 24

**22. Falsus in Uno**.................................................................................................... 25

**23. Failure to produce available evidence**........................................................ 26

**1. Summary of Claims**

Ms. Piehler alleges that defendants discriminated against her on the basis of her gender and age, and that defendants retaliated against her for making complaints regarding such discrimination. Ms. Piehler is pursuing those claims under Title VII, the New York State Human Rights Law, the Age Discrimination in Employment Act, and the Equal Pay Act. I will now explain those laws in detail.

In summary, you will be asked to decide the following claims:

1. Ms. Piehler's termination claims based on her gender;

2. Ms. Piehler's termination claims based on her gender and age;

2. Ms. Piehler's termination claims based on her age;

3. Ms. Piehler's claims of pay discrimination based on her gender; and

6. Ms. Piehler's claims of retaliation.

**Source of Instruction:** N/A

Given_____; Not Given _____; Given in Substance _____.

**2. Title VII Introduction**

In this case Ms. Piehler makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin. More specifically, plaintiff claims that she was terminated by the defendants because of her protected status. Defendants deny that plaintiff was discriminated against in any way.

**Source of Instruction:** Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under Title VII,* § 5.0; https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2019_July.pdf

Given_____; Not Given _____; Given in Substance _____.

2

**3. Essential Elements Under Title VII**

Ms. Piehler, the plaintiff, bases her lawsuit on Title VII of the Civil Rights Act of 1964.

The Act provides in pertinent part that it shall be an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ...."

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor in any employment practice, even though other factors may have also motivated the practice. A "motivating factor" is a factor that played some part in defendant's employment practice decision.

To prove her claim, the plaintiff must prove by a preponderance of the evidence:

First, that defendant terminated the plaintiff.

Second, that plaintiff's gender and age were motivating factors in defendants' decision.

**Source of Instruction:** Adapted from Sand 88-42.

Given_____; Not Given _____; Given in Substance _____.

3

**4. Mixed Motive Instruction**

You have heard evidence that plaintiff's termination was motivated by the plaintiff's gender and age and also by other, lawful, reasons. You may find for plaintiff in two separate ways.

First, if you find that the plaintiff's gender was a motivating factor in the defendant's decision to take this action, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by other lawful reasons.

Alternatively, if you find that that both the plaintiff's gender and age was a motivating factor in the defendant's decision to take this action, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by other lawful reasons.

However, if you find that the defendant's decision was motivated by both discriminatory and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the discriminatory reason had played no role in the employment decision.

**Source of Instruction:** Adapted from Sand 88-43; *Bostock v. Clayton Cty., Ga.*, _U.S._, 140 S.Ct. 1731, 1739-1742 (2020); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93 (2d Cir. 2010).

Given_____; Not Given _____; Given in Substance _____.

**5. ADEA Introductory Instructions**

You may also find that age alone played a role in Ms. Piehler's termination.

In this case, Ms. Piehler has made a claim under the Federal Civil Rights statute that prohibits age discrimination against an employee, if that person is 40 years of age or older. This statute is known as the Age Discrimination in Employment Act or "ADEA."

Specifically, Ms. Piehler claims that she was terminated by defendants because of her age.

Defendants deny that Ms. Piehler was discriminated against because of her age.

I will now instruct you more fully on the issues you must address in this case.

**Source of Instruction:** Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under the Age Discrimination in Employment Act* § 8.0, https://www.ca3.uscourts.gov/sites/ca3/files/8_Chap_8_2019_July.pdf

Given_____; Not Given _____; Given in Substance _____.

**6. Essential Elements of an ADEA Claim**

The essential elements of plaintiff's claims, each which she must prove by a preponderance of the evidence, are:

1. that defendants took an adverse employment action against the plaintiff, specifically terminating plaintiff;

2. that at the time the adverse action was taken, plaintiff was at least 40 years old; and

3. that plaintiff's age was the critical factor in defendants' decision to take the adverse action.

In order to prove that the plaintiff's age was the critical factor, the plaintiff must show that, except for the consideration of her age, defendants would not have taken this adverse action. Ms. Piehler may prove this through direct evidence or circumstantial evidence.

**Source of Instruction:** Adapted from Sand 88-27.

Given_____; Not Given _____; Given in Substance _____.

7. ADEA--Pretext

Defendants have given a nondiscriminatory reason for its decision to terminate Ms. Piehler. If you believe defendants' stated reason and if you find that plaintiff's termination would have occurred because of defendant's stated reason regardless of plaintiff's age, then you must find for defendants. If you disbelieve defendants' stated reason for its conduct, then you may, but need not, find that plaintiff has proved intentional discrimination. In determining whether defendants' stated reason for its actions was a pretext, or excuse, for discrimination, you may not question defendants' business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of defendants or believe it is harsh or unreasonable. You are not to consider defendants' wisdom. However, you may consider whether Ms. Piehler has proven that defendants' reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Ms. Piehler has proven that her age was a determinative factor in the adverse employment actions claim by Ms. Piehler, including her termination of employment. "Determinative factor" means that if not for plaintiff's engagement in protected conduct, any of the adverse employment actions claimed by Ms. Piehler would not have occurred.

**Source of Instruction:** Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under the Age Discrimination in Employment Act* § 8.1.1, https://www.ca3.uscourts.gov/sites/ca3/files/8_Chap_8_2019_July.pdf

Given_____; Not Given _____; Given in Substance _____.

7

**8. New York State Human Rights Law--Termination**

You may also find that Ms. Piehler's termination was unlawful under the New York State Human Rights Law.

The New York State Human Rights Law provides in pertinent part that it shall be unlawful for an employer to discriminate on the basis of sex or age discriminate against such individual in compensation or in the terms, conditions or privileges of employment.

You have heard evidence that plaintiff's termination was motivated by the plaintiff's gender and/or age and also by other, lawful, reasons.

Because the New York State Human Rights Law prohibits discrimination based on both age and sex, you can find for Ms. Piehler in three ways:

First, you can determine that Ms. Piehler if you determine she was discriminated against based on her sex alone.

Second, you could determine that Ms. Piehler if you determine she was discriminated against based on her age alone.

Third, you could find that Ms. Piehler was discriminated against on both the basis of both sex and age.

In order for Ms. Piehler to prevail on her termination claims based on sex, you must find that plaintiff's sex was a motivating factor in defendants' decision to terminate her. If you find that by a preponderance of the evidence that plaintiff's sex, or her sex and her age, was a motivating factor in the defendants' decision to terminate, Ms. Piehler is entitled to your verdict, even if you find that defendants' conduct was also motivated by other lawful reasons.

Ms. Piehler has also introduced evidence that she claims demonstrates that age was also a factor in her termination. If you believe plaintiff's evidence and are persuaded by a preponderance of the evidence that, except for the consideration of age, the defendant would not have made the same employment decision, then you must find for Ms. Piehler.

**Source of Instruction:** Adapted from N.Y. Exec. Law § 296(1)(a); New York PJI 9:2; Sand 88-43; Sand 88-29B

Given_____; Not Given _____; Given in Substance _____.

8

**9. Retaliation Under the New York State Human Rights Law**

Ms. Piehler has alleged that the defendants have retaliated against her in violation of the New York State Humans Rights Law for complaining about being discriminated against on the basis of her gender. The New York State Humans Rights Law anti-retaliation provisions cover those employer actions that would have been materially adverse to a reasonable employee.

For Ms. Piehler to prevail, she must show, by a preponderance of the evidence: (1) she opposed or complained of discrimination; (2) defendants knew of her complaints of discrimination; (3) she suffered a materially adverse employment action, and (4) a causal connection exists between her complaints of employment discrimination and the adverse actions.[1]

As to the first element, complaints need not mention discrimination or use particular language in order to be protected activity.[2] A plaintiff need not make a formal complaint, and informal protests of discrimination, such as making complaints to management constitute protected activity.[3] For example, an employee complaining about being paid differently than her male peers constitutes protected activity.[4]

As to the second element, it is not necessary that the particular individuals who carried out the adverse employment action knew of the protected conducted engaged in by Ms. Piehler. General corporate knowledge is sufficient to satisfy this element.[5]

As to the third element, actions are materially adverse if they are harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.[6] Such actions must be viewed in the aggregate and can include actions such as a supervisor failing to meet with a subordinate, withholding pay, receiving a negative performance review, excluding an employee from decision making, or firing an employee.[7]

Finally, as to the fourth element regarding causal connection, that connection may be shown in multiple ways. For example, you may or may not find that there is a sufficient connection through timing, that is defendants' action followed shortly after defendants became aware of the protected activity. Causation is, however, not necessarily ruled out by a more

---

[1]   *See* Summary Judgment Opinion, Dkt. 179, at *21 (citing *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013)).

[2]   *See* Summary Judgment Opinion, Dkt. 179, at *29 (quoting *Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 357 (S.D.N.Y. 2007)).

[3]   *Matima v. Celli*, 228 F.3d 68, 78-79 (2d Cir. 2000).

[4]   *See* Summary Judgment Opinion, Dkt. 179, at *29 (citing *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 113 (2d Cir. 2019)).

[5]   *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 147–48 (2d Cir. 2010).

[6]   *See* Summary Judgment Opinion, Dkt. 179, at *21 (citing *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010)).

[7]   *Id.* at *31-32.

extended passage of time. Causation may or may not be proven by antagonism shown toward plaintiff or a change in demeanor toward her.

On the other hand, your verdict must be for the defendants if Ms. Piehler has failed to prove that her engagement in a protected conduct led to the adverse employment actions against her.

**Source of Instruction:** [See footnotes]

Given_____; Not Given _____; Given in Substance _____.

**10. Retaliation--Pretext**

If you conclude that Ms. Piehler has established a causal connection between an adverse employment action and her engagement in protected conduct, then you may consider any legitimate non-discriminatory reasons stated by defendants for their adverse employment actions against Ms. Piehler. Ms. Piehler was an at-will employee, and an employer may terminate an at-will employee for any reason unless her discharge violated state or federal law, including the New York State Human Rights Law. Defendants are allowed to use its business judgment in making personnel decisions, as long as it does not violate the law. However, you do not have to accept Defendants' business judgment claim at face value.

Defendants have given nondiscriminatory reasons for the adverse employment actions it took against Ms. Piehler. If you disbelieve defendants' explanations for their conduct, then you may, but need not, find that Ms. Piehler has proved retaliatory discrimination. You cannot find retaliatory discrimination simply because you disagree with the business judgment of defendants or believe it is harsh or unreasonable. You are not to consider defendants' wisdom. However, you may consider whether defendants' reason is merely a cover-up for discrimination and/ or retaliation. You should scrutinize the nondiscriminatory reasons given by the defendants, just as you would any other evidence. If you find that the reasons were "pretextual," that is, they were not the real reasons for the decisions, then you may infer or not infer, as you choose, that the pretext was designed to conceal retaliatory discrimination.

Ultimately, you must decide whether Ms. Piehler has proven that her engagement in protected conduct was a determinative factor in the adverse employment actions claim by Ms. Piehler, including her termination of employment. "Determinative factor" means that if not for plaintiff's engagement in protected conduct, any of the adverse employment actions claimed by Ms. Piehler would not have occurred.

Adapted from: Third Circuit Instructions for Employment Discrimination Claims Under Title VII, § 5.1.2, http://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2014_fall.pdf; *see also St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506-09 (1993).

**11. Pay Discrimination Based on Gender Under NYSHRL and Title VII**

In this case, Ms. Piehler also claims that she was paid less because of her gender.

In order for Ms. Piehler to prevail, you must first find that Ms. Piehler has proved that her gender was a motivating factor in defendants' decision to pay her less than her male colleagues. If you find that Ms. Piehler has proved by a preponderance of the evidence that her gender was a motivating factor in defendants' decision to pay her less, then defendants have the burden to prove by a preponderance of the evidence that they would have paid Ms. Piehler less even if they had not taken her sex into account. If you find that defendants have proved that they would have paid Ms. Piehler less even if they had not taken her sex into account, then you will find for defendants. If you find that defendants have not proved this, then you will find for Ms. Piehler.

**Source of Instruction:** Adapted from N.Y. Exec. Law § 296(1)(a); New York PJI 9:2; 42 U.S. Code § 2000e–2.

Given_____; Not Given _____; Given in Substance _____.

**12. EPA Introductory Instructions**

Ms. Piehler also claims that defendants discriminated against her based on her sex by paying her a lower wage for performing work substantially similar to work performed by men who were being paid more. The basis for plaintiff's claim is a federal law called the Equal Pay Act.

**Source of Instruction:** Adapted from Sand 88-1.

Given _____; Not Given _____; Given in Substance _____.

**13. Essential Elements of an EPA Claim**

For Ms. Piehler to prevail on her claim against defendants for violation of the Equal Pay Act, she must prove all of the following elements by a preponderance of the evidence:

First: Defendants employed Ms. Piehler and (a) male employee(s) in jobs requiring substantially equal skill, effort and responsibility;

Second: the two jobs are performed under similar working conditions; and

Third: Ms. Piehler was paid a lower wage than the male employee(s) doing substantially equal work.

I will now give you further instructions on these three elements. When evaluating whether plaintiff has established these three elements, you must keep in mind that plaintiff does not have to prove that defendants meant to discriminate against her because she was female. In other words, Ms. Piehler does not have to prove intent to discriminate.

In determining whether Ms. Piehler job required substantially equal skill, effort, and responsibility as that of the male employee(s), you must compare the jobs and not the individual employees holding those jobs. It is not necessary that the two jobs be identical; the Equal Pay Act requires proof that the performance of the two jobs demands "substantially equal" skill, effort and responsibility. Insignificant, insubstantial, or trivial differences do not matter and may be disregarded. Job classifications, descriptions, or titles are not controlling. It is the actual work or performance requirements of the two jobs that is important.

In evaluating whether the performance requirements of the two jobs are substantially equal, you must consider the "skill," "effort" and "responsibility" required for these jobs. I will now tell you what is meant by these terms, "skill," "effort" and "responsibility."

*Skill:*

In deciding whether the jobs require substantially equal "skill" you should consider such factors as the level of education, experience, training and ability necessary to meet the performance requirements of the respective jobs. Jobs may require "equal skill" even if one job does not require workers to use these skills as often as another job. Remember also that you are to compare the jobs, not the employees. So the fact that a male employee has a qualification that Ms. Piehler does not is relevant only if the particular qualification is necessary or useful for performing the job.

*Effort:*

In deciding whether the jobs require substantially equal "effort" you should consider the mental, physical and emotional requirements for performing the job. Duties that result in mental or physical fatigue or emotional stress, as well as factors that alleviate fatigue and stress, should be weighed together in assessing the relative effort involved. "Equal effort" does not require people to use effort in exactly the same way. If there is no substantial difference in the amount or degree of effort to do the jobs, they require "equal effort." However, if the job of the male

employee(s) require(s) additional tasks that consume a significant amount of extra time and effort that would not be expected of Ms. Piehler, then the jobs do not require substantially equal effort.

**_Responsibility:_**

In deciding whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability expected by the employer for a person filling the jobs, as well as the amount of preparation required to perform the job duties. You should also take into account such things as the level of authority delegated to Ms. Piehler as compared to the male employee(s), including whether Ms. Piehler and the male employee(s) were equally expected to direct the work of others, or to represent [defendant] in dealing with customers or suppliers. Finally, you should consider the consequences to the employer of effective performance in the respective jobs.

You should note that "skill," "effort" and "responsibility" constitute separate tests, each of which must be met in order for the equal pay requirement to apply.

**_Similar Working Conditions:_**

With respect to the second element of plaintiff's claim, you must find that the jobs are performed under similar working conditions. The conditions need only be similar; they need not be identical. In deciding whether the working conditions of the two jobs are similar, you should consider the surroundings or the environment in which the work is performed — including any hazards or risks, travel, and weather — to which the respective employees may be exposed.

**_Wage Comparison:_**

With respect to the third element of Ms. Piehler's claim, she must prove that she was paid a lower wage than (a) male employee(s) doing substantially equal work. In determining the respective levels of pay, you are to consider all forms of compensation, whether called wages, salary, profit sharing, expense account, use of company car, gasoline allowance, or some other name. Fringe benefits are also included in the comparison of wages under the Equal Pay Act, as are vacation and holiday pay and overtime pay.

**Source of Instruction:** Adapted from: _Third Circuit Instructions for Equal Pay Act Claims_, § 11.1.1; https://www.ca3.uscourts.gov/sites/ca3/files/11_Chap_11_2018_Oct.pdf

Given_____; Not Given _____; Given in Substance _____.

15

**14. Equal Pay Act—Factor Other Than Sex**

If you find that Ms. Piehler has proved each of the elements that she must establish in support of her claim under the Equal Pay Act, you must then consider defendants' defense. Defendants contend that the difference in pay between the two jobs was the result of a factor other than sex. Specifically, defendants claim that the difference in pay is attributable to [employee's education] [employee's experience] [training programs in which employees participate] [any other factor other than sex on which defendant has presented sufficient evidence to raise a jury question]. To establish that this defense, defendants must prove that plaintiff's sex played no part in the difference in wages.

Plaintiff contends that defendants' explanation for the difference in pay is only a pretext, or excuse, for paying higher wages to men for equal work. Remember that plaintiff does not have to prove that defendant intended to discriminate. However, evidence of intent to discriminate may be considered in determining whether defendants' explanation is valid or instead is a cover-up for paying higher wages to men for equal work.

If you find defendants have proved by a preponderance of the evidence that the difference in pay was the result of [describe defendant's explanation], your verdict must be for defendants. However, if you determine that defendants failed to prove that the difference in pay was caused by this factor other than sex, you must decide in favor of plaintiff.

**Source of Instruction:** Adapted from: *Third Circuit Instructions for Equal Pay Act Claims*, § 11.2.4; https://www.ca3.uscourts.gov/sites/ca3/files/11_Chap_11_2018_Oct.pdf

Given_____; Not Given _____; Given in Substance _____.

16

### 15.  Individual Liability of Defendants Haydon, Kenny, and Awtry

Ms. Piehler is also bringing her discrimination and retaliation claims against defendants Haydon, Kenny, and Awtry pursuant to the New York State Human Rights Law. It is important to note that an individual cannot be found liable under Title VII, the Age Discrimination in Employment Act, or the Equal Pay Act. Thus, you may not find that defendants Haydon, Kenny, and Awtry discriminated against plaintiff under those statutes.

Unlike Title VII, the Age Discrimination in Employment Act, or the Equal Pay Act, however, an individual may be found liable for discrimination and/or retaliation under the New York State Human Rights Law. Thus, you are permitted to find that defendants Haydon, Kenny, and Awtry discriminated or retaliated against Ms. Piehler under the New York State Human Rights Law.

Under the State Human Rights Laws, it is unlawful for any person to "aid, abet, incite, compel, or coerce the doing of any of the act" forbidden by the statute. Thus, individuals may be liable for discrimination under the State Human Rights Laws if he or she "actually participated" in the conduct giving rise to the discrimination and/or retaliation claim. Additionally, individuals may be held liable for discrimination and/or retaliation even if they do not have an ownership interest nor the power to hire and fire.

Here, if you find that, by a preponderance of the evidence, Plaintiff has established that:

(i) defendants Haydon, Kenny, and Awtry discriminated against Ms. Piehler because of her sex and/or age AND/OR defendants Haydon, Kenny, and Awtry retaliated against Ms. Piehler; and

(ii) defendants Haydon, Kenny, and Awtry actually participated in the discrimination and/or retaliation, then you must find defendants Haydon, Kenny, and Awtry liable for discrimination and/or retaliation.

**Source of Instruction**: Adapted from N.Y. Exec. Law § 296(6) (it shall be an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so."); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995) (under the aiding and abetting language of § 296(6), a defendant who actually participates in conduct giving rise to a discrimination claim may be held personally liable, even if that defendant has neither an ownership interest nor the power to hire and fire); *Heinemann v. Howe & Rusling*, 260 F. Supp. 2d 592, 595 (W.D.N.Y. 2003) (Larimer, J.); *Murphy v. ERA United Realty*, 251 A.D.2d 469, 472 (2d Dep't 1998).

Given_____; Not Given _____; Given in Substance _____.

17

16.  **Compensatory Damages**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendants should be held liable.

If you find by a preponderance of the evidence that defendants intentionally discriminated against plaintiff by terminating her, then you must consider the issue of compensatory damages. You must award Ms. Piehler an amount that will fairly compensate her for any injury she actually sustained as a result of defendants' conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Ms. Piehler in the position she would have occupied if the discrimination had not occurred. Ms. Piehler has the burden of proving damages by a preponderance of the evidence.

Ms. Piehler must show that the injury would not have occurred without defendants' actions. Plaintiff must also show that defendants' acts played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendants' act. This test – a substantial part in bringing about the injury – is to be distinguished from the test you must employ in determining whether defendants' actions were motivated by discrimination. In other words, even assuming that defendants' actions were motivated by discrimination, Ms. Piehler is not entitled to damages for an injury unless defendants' discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury. To find that defendants' acts caused Ms. Piehler's injury, you need not find that defendants' acts were the nearest cause, either in time or space. However, if Ms. Piehler's injury was caused by a later, independent event that intervened between defendants' acts and plaintiff's injury, defendants are not liable unless the injury was reasonably foreseeable by defendants.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Ms. Piehler's experienced as a consequence of defendants' allegedly unlawful acts. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is not exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Ms. Piehler would have earned, either in the past or in the future, if she had continued in employment with defendants. These elements of recovery of wages that

Ms. Piehler would have received from defendants are called "back pay" and "front pay". "Back pay" and "front pay" are to be awarded separately under instructions that I will soon give you, and any amounts for "back pay" and "front pay" are to be entered separately on the verdict form.

You may award damages for monetary losses that plaintiff may suffer in the future as a result of defendants' allegedly unlawful acts. For example, you may award damages for loss of earnings resulting from any harm to plaintiff's reputation that was suffered as a result of defendants' allegedly unlawful acts. Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, she may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not occurred. That element of damages is distinct from the amount of wages plaintiff would have earned in the future from defendants if she had retained the job.

As I instructed you previously, plaintiff has the burden of proving damages by a preponderance of the evidence. But the law does not require that plaintiff prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that plaintiff has a duty under the law to "mitigate" her damages--that means that plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by defendants. It is defendants' burden to prove that plaintiff has failed to mitigate. So if defendants persuade you by a preponderance of the evidence that plaintiff failed to take advantage of an opportunity that was reasonably available to her, then you must reduce the amount of plaintiffs' damages by the amount that could have been reasonably obtained if she had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Source of Instruction:** Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.4.1,
https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2019_July.pdf

Given_____; Not Given _____; Given in Substance _____.

19

## 17. Punitive Damages

Ms. Piehler claims the acts of defendants were done with malice or reckless indifference to plaintiff's federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of defendants personally acted with malice or reckless indifference to plaintiff's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

**Source of Instruction:** Adapted from *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.4.2,
https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2019_July.pdf

Given_____; Not Given _____; Given in Substance _____.

**18.  Back Pay**

If you find that defendants intentionally discriminated against plaintiff in terminating Ms. Piehler, then you must determine the amount of damages that defendants' actions have caused plaintiff. Plaintiff has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates plaintiff for any lost wages and benefits, taking into consideration bonuses, increases in salary and benefits, and stock options, that plaintiff would have received from defendants had plaintiff not been the subject of defendants' intentional discrimination.

Back pay damages, if any, apply from the time plaintiff was terminated until the date of your verdict.

You must reduce any award by the amount of the expenses that Ms. Piehler would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages plaintiff has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

You are further instructed that Ms. Piehler has a duty to mitigate her damages--that is she is required to make reasonable efforts under the circumstances to reduce her damages. It is defendants' burden to prove that plaintiff has failed to mitigate. So if defendants persuade you, by a preponderance of the evidence, that Ms. Piehler failed to obtain substantially equivalent job opportunities that were reasonably available to her, you must reduce the award of damages by the amount of the wages that she reasonably would have earned if she had obtained those opportunities.


**Source of Instruction:** Adapted from *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.4.3,
https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2019_July.pdf


Given_____; Not Given _____; Given in Substance _____.

21

**19.  Liquidated Damages Under ADEA**

If you find that Ms. Piehler is entitled to recover damages for lost wages or benefits as to her age discrimination claims, then I will also ask you to decide a further question: whether defendants' conduct was willful. For purposes of your answer to that question, Ms. Piehler has the burden of proving willfulness by a preponderance of the evidence.

You must find defendants' violation of the ADEA to be willful if defendants knew or showed reckless disregard for whether the Ms. Piehler's termination was prohibited by the law. To establish willfulness it is not enough to show that defendants acted negligently. If you find that defendants did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, then defendants' conduct was not willful.

Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under the Age Discrimination in Employment Act* § 8.4.3, https://www.ca3.uscourts.gov/sites/ca3/files/8_Chap_8_2019_July.pdf

Given_____; Not Given _____; Given in Substance _____.

**20. Front Pay**

You may determine separately a monetary amount equal to the present value of any future wages and benefits that plaintiff would reasonably have earned from defendants had plaintiff not been terminated for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits plaintiff will receive from other employment during that time. Plaintiff has the burden of proving these damages by a preponderance of the evidence.

If you find that Ms. Piehler is entitled to recovery of future earnings from defendant, then you must reduce any award by the amount of the expenses that plaintiff would have incurred in making those earnings.

You must also reduce any award to its present value by considering the interest that plaintiff could earn on the amount of the award if she made a relatively risk-free investment. You must make this reduction because an award of an amount representing future loss of earnings is more valuable to plaintiff if she receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because plaintiff can earn interest on it for the period of time between the date of the award and the date she would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that plaintiff can earn on that amount in the future.

**Source of Instruction:** Adapted from *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.4.4,
https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2019_July.pdf

Given_____; Not Given _____; Given in Substance _____.

**21.  Nominal Damages**

If you return a verdict for plaintiff, but plaintiff has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**Source of Instruction:** Adapted from *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.4.5,
https://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2019_July.pdf

Given_____; Not Given _____; Given in Substance _____.

**22.  Falsus in Uno**

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testified falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

**Source of Instruction:** Adapted from: N.Y. Pattern Jury Instructions Civil 1.22 (2015)

Given_____; Not Given _____; Given in Substance _____.

25

**23.  Failure to produce available evidence**

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

**Source of Instruction:** Adapted from: Fed. Jury Prac. & Instr. 104:26 (2021)

Given_____; Not Given _____; Given in Substance _____.