UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

---

MARY VAN BRUNT-PIEHLER,

                            Plaintiff,

v.

ABSOLUTE SOFTWARE, INC., ABSOLUTE SOFTWARE CORPORATION, GEOFF HAYDON, THOMAS KENNY and TODD AWTRY,

                            Defendants.

Index No. 16-cv-6313(EAW) (MWP)

---

**AMENDED VOIR DIRE MATERIALS**

Pursuant to Section II (A) of the Pretrial Order (Dkt. 184), Defendants Absolute Software, Inc., Absolute Software Corporation, Geoff Haydon, Thomas Kenny and Todd Awtry submit the following Voir Dire Material.

1. **NAME AND ADDRESS OF DEFENSE COUNSEL**

    Laura M. Lestrade
    Mark S. Sullivan
    Joshua Kornfield
    Joshua Colangelo-Bryan (admission pending)
    Shevon Rockett (admission pending)
    Dorsey & Whitney LLP
    51 West 52nd Street
    New York, NY 10019

2. **NAME AND ADDRESS OF DEFENDANTS**

    Absolute Software Corporation
    Vancouver, British Columbia, Canada
    Corporate Representative:
    Maninder Malli
    Senior Vice President, Legal and Corporate Secretary

      Absolute Software, Inc.
      Austin, Texas
      Corporate Representative:
      Maninder Malli
      Senior Vice President, Legal and Corporate Secretary

      Geoff Haydon
      Atlanta, Georgia

      Thomas Kenny
      Reno, Nevada

      Todd Awtry
      Aldie, Virginia

**3. LIST OF PROSPECTIVE DEFENSE WITNESSES**

  a. **Todd Awtry**
     Former Vice President of North American Sales for Absolute.
     Aldie, Virginia

     Mr. Awtry was plaintiff's immediate supervisor from January 2013 until the termination of her employment on July 1, 2015. Mr. Awtry made the decision to terminate plaintiff's employment. Mr. Awtry is expect to provide testimony concerning, plaintiff's job duties, performance, conduct, and compensation as well as his interactions with plaintiff and other employees.

  b. **Thomas Kenny**
     Former Executive Vice President and General Manager of Worldwide Sales for Absolute.
     Reno, Nevada

     Mr. Kenny was Mr. Awtry's supervisor and is expected to provide testimony concerning the organization and operations of Absolute's sales force, including the reorganization that became effective on July 1, 2015, and the hiring of individuals for the newly created sales acquisition roles. Mr. Kenny is also expected to testify about plaintiff's job duties, performance, conduct, compensation and termination.

  c. **Geoff Haydon**
     Former Chief Executive Office of Absolute.
     Atlanta, Georgia

     Mr. Haydon is expected to testify about his efforts as CEO to transform Absolute from a company that focused on providing goods and services to

state and local education departments and governments to one that focused on information security solutions for private enterprise clients.

d. **Errol Olsen**, (testimony possibly to be submitted virtually depending on travel restriction from Canada to the United States and related Covid issues)
Former Chief Financial Officer of Absolute
Vancouver, British Columbia, Canada

Mr. Olsen, a long-time executive-level employee, is expected to testify concerning the history and evolution of Absolute as a company and the demographics of Absolute's salesforce. Mr. Olsen is also expected to testify about conversations he had with plaintiff regarding Todd Awtry.

e. **Leigh Ramsden**
Former Director of Finance at Absolute (testimony possibly to be submitted virtually depending on travel restrictions from Canada to the United States and related Covid issues)
Vancouver, British Columbia, Canada

Mr. Ramsden is expected to testify concerning how quota attainment was credited on sales to the New York City Department of Education and the reporting of sales information at Absolute. Mr. Ramsden is also expected to testify concerning his interactions with Plaintiff.

f. **Art Robinson**
Area Vice President Sales at Absolute.
Norcross, Georgia

Mr. Robinson is expected to testify concerning his interactions with plaintiff, Amy Rathbun and the individual defendants.

g. **David Olshanski**
Senior Litigation Technology Specialist, Dorsey & Whitney LLP

Mr. Olshanski is expected to testify regarding his review of the metadata of document DEFS02735-2738 produced by Absolute to plaintiff.

h. **Dr. Paul White**
Partner, Resolution Economics Group, LLC
Washington, D.C.

Defendants' expert. Dr. White is expected to testify regarding his expert opinion on damages.

    i. **Mary Van Brunt Piehler**
Plaintiff

Ms. Piehler is expected to testify as to the claims and defenses in this case. Defendants expect to call her for live testimony but reserve the right to offer her testimony through her deposition transcript.

### Deposition Witnesses

    j. **Daniel Berardo** (testimony to be submitted via his deposition transcript)
Former Director of Human Resources at Absolute.
Vancouver, British Columbia, Canada

Mr. Berardo is expected to testify concerning the role and operation of Absolute's HR department and his conversations and communications with plaintiff regarding Todd Awtry and how quota attainment was credited on sales to the New York City Department of Education and , his conversations with Todd Awtry and the reasons for the termination of plaintiff's employment.

    k. **Chris Covell** (testimony to be submitted via deposition transcript)
Mr. Covell is the former Chief Information Officer at Absolute
Vancouver, British Columbia, Canada

Mr. Covell is expected to testify that plaintiff's email files from her email account at Absolute were preserved.

4. **JOINT PROPOSED STATEMENT OF THE CASE**

The Plaintiff in this action, Mary Van Brunt-Piehler, is suing her former employer, Absolute Software, Inc. and its parent company Absolute Software Corporation, and three former employees: Geoff Haydon, Thomas Kenny and Todd Awtry. Plaintiff alleges that defendants violated the law by terminating her employment on July 1, 2015 because of her age and sex and by retaliating against her for having complained of discrimination in July 2014. Plaintiff also asserts a claim under the Equal Pay Act, alleging that she was paid less than a male employee based on her sex. Defendants dispute each of Plaintiff's claims and maintain that her

4

employment was terminated for business reasons having nothing to do with her age or sex.

## PROPOSED VOIR DIRE QUESTIONS

1. The parties in this case are Plaintiff Mary Van Brunt Piehler and Defendants Absolute Software, Inc., Absolute Software Corporation, Geoff Haydon, Thomas Kenny and Todd Awtry. Do any of you know or have any experience with these individual or companies? If so, please describe.

2. The attorneys in this case are Nelson Thomas, and Jonathan Ferris with the law firm of Thomas & Soloman LLP, and Laura Lestrade, Mark Sullivan, Joshua Colangelo-Bryan Shevon Rockett and Joshua Kornfield with the law firm of Dorsey & Whitney LLP. Do any of you know or have any experience with any of these attorneys or law firms? If so, please describe.

3. Please provide your full name, age and the town or city where you live. How long have you lived at that address?

4. Please give a brief description of your educational background.

5. Have you ever served in the military? If yes, provide branch, rank at discharge, type of discharge, place and date of service?

6. Please give a brief description of your employment history, including the name of your employers, positions held, and your duties and responsibilities in those jobs. Please do the same for your spouse or significant other, if any, if he or she works outside the home.

7. How long have you been employed at your current job?

8. Approximately, how many people are employed at your current job?

9. Have you or any family member ever worked in the technology sector?

10. Have you or any family member ever worked in sales on a commission basis?

11. Have you ever managed other employees? If yes, who? What was/is that experience like?

12. Have you ever been responsible for hiring or firing at your employment? If so, please explain

13. Have you or anyone in your family ever had a boss that you/they did not get along with? What were the circumstances?

14. Have you or anyone in your family ever been terminated from a job? If so, what were the circumstances?

15. Have you ever made a work-related grievance or complaint or has such a complaint been made against you? If so, please explain.

16. Have you ever had a serious dispute of any type with an employer? If so, please explain what happened and how it was resolved.

17. Have you ever been treated unfairly at work by a supervisor?

18. Have you ever felt you were discriminated against at work? On what basis?

19. Have you, or anyone in your family, ever felt retaliated against by an employer? What were the circumstances?

20. Do you tend to believe that if a manager is accused of discrimination or retaliation that it probably happened?

21. Please describe your hobbies? How do you like to spend your spare time?

    a. Do you belong to or participate in any community, social, political or religious organizations or clubs (such as service clubs, union or professional organizations, church or synagogue groups, volunteer activities, etc.)? If yes, please describe.

    b. Have you ever held any leadership roles in these organizations?

22. Have you, your spouse or significant other, or immediate family member ever brought a lawsuit or had a lawsuit brought against you?

    a. What kind of lawsuit?

    b. Plaintiff or defendant?

    c. Please describe.

23. Have any of you ever been a witness in a case before? If so, please describe.

24. Have you ever given testimony before in any situation? If so, please describe.

25. Have you served as a juror on any other case before? If yes:

    a. Was it a criminal or civil trial?

    b. Did you reach a verdict? If so, what was the verdict?

6

    c. Was the experience favorable or enjoyable?

    d. Is there anything about your experience as a juror that might make it a challenge for you to view the evidence in an objective, fair, and impartial manner in this case?

  26. Do you have any special training or background in the law?  Do you have any family or friends who are lawyers, judges or employed in any job within the legal profession?  If so, what fields of law?

  27. Do you believe generally that when an individual brings a claim against a company that the person is probably right and the company is probably wrong?

  28. To what extent are you skeptical of what companies say, particularly when they are in a courtroom?

  29. In this case, the plaintiff is claiming that Defendants discriminated against her on the basis of age and gender.  Do you have an opinion about whether these types of claims are generally true or untrue?

  30. Have you or someone close to you had a recent or significant negative experience, where you felt that something you said or wrote was misconstrued or misinterpreted by another person?  If so, please describe.

  31. Have you or someone close to you ever been accused of something you did not do?  If so, please describe.

  32. You will be instructed on the law in this case.  For some reason, it may be different from what you believe it should be.  If this happens, will you be able to put aside your personal views and follow the instructions I give you?  Does anyone think you might have trouble doing that?

  33. Are you able and willing to set sympathy aside as you judge the facts of this case?

  34. In this trial, as in all trials, the plaintiff will present its case first and the defense will come last.  So, for a time, you will be hearing only one side of the story.  Will you be able to keep an open mind and hold off on making a decision until you have heard all the evidence from the plaintiff and the defense?

  35. Are you willing and able to stick to the evidence in this case when judging the facts here, and to avoid jumping to conclusions on the basis of hunch, supposition or speculation?

  36. With the brief summary I have given about this case, does anyone have any experience or background that you think is similar to this case or otherwise might be relevant in some way to your possible service as a juror in this case?  If so, please describe.

37. Is there any reason you can think of that it might be difficult for you to serve as a juror in this case or to be objective, fair, and impartial in this case?

Dated: July 13, 2021

DORSEY & WHITNEY LLP

By <u>s/Laura M. Lestrade</u>
Laura M. Lestrade
lestrade.laura@dorsey.com
Mark S. Sullivan
sullivan.mark@dorsey.com
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200

*Counsel for Defendants*