UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

MARY VAN BRUNT-PIEHLER,

                          Plaintiff,

        v.

ABSOLUTE SOFTWARE, INC., ABSOLUTE
SOFTWARE CORPORATION, GEOFF HAYDON,
THOMAS KENNY and TODD AWTRY,

                        Defendants.

Index No. 16-cv-6313(EAW)(MWP)

**DEFENDANTS' OBJECTIONS AND REQUESTED MODIFICATIONS TO
PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**DORSEY & WHITNEY LLP**
51 West 52nd Street
New York, New York 10019
(212) 415-9200

## TABLE OF CONTENTS

**Pages**

I.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 1: SUMMARY OF CLAIMS .............1

II.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 2: TITLE VII INTRODUCTION ...............................................................................................2

III.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 3: ESSENTIAL ELEMENTS UNDER TITLE VII ..........................................................................................3

IV.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 4: MIXED MOTIVE INSTRUCTION .............................................................................................4

V.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 5: ADEA INTRODUCTORY INSTRUCTIONS .........................................................................................6

VI.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 6: ESSENTIAL ELEMENTS OF AN ADEA CLAIM ......................................................................................7

VII.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 7: ADEA PRETEXT ........................8

VIII. PLAINTIFF'S PROPOSED INSTRUCTION NO. 8: NYSHRL-- TERMINATION .............................................................................................9

IX.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 9: RETALIATION UNDER THE NYSHRL ..............................................................................................12

X.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 10: RETALIATION-- PRETEXT .................................................................................................14

XI.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 11: PAY DISCRIMINATION BASED ON GENDER UNDER NYSHRL AND TITLE VII ..........................................15

XII.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 12:  EPA INTRODUCTORY INSTUCTIONS ..........................................................................................16

XIII. PLAINTIFF'S PROPOSED INSTRUCTION NO. 13: ESSENTIAL ELEMENTS OF AN EPA CLAIM .......................................................................................17

XIV.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 14: EQUAL PAY ACT- FACTOR OTHER THAN SEX ........................................................................18

XV.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 15:  INDIVIDUAL LIABILITY OF DEFENDANTS HAYDON, KENNY AND AWTRY ..........................19

XVI.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 16: COMPENSATORY DAMAGES .................................................................................................20

XVII.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 17: PUNITIVE DAMAGES.............22

XVIII. PLAINTIFF'S PROPOSED INSTRUCTION NO. 18: BACK PAY ...............................24

XIX.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 19: LIQUIDATED
       DAMAGES UNDER ADEA.............................................................................................25

XX.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 20:  FRONT PAY ...........................26

XXI.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 21 .....................................................27

XXII.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 22: FALSUS IN UNO .....................28

XXIII. PLAINTIFF'S PROPOSED INSTRUCTION NO. 23:  FAILURE TO PRODUCE
       AVAIALABLE EVIDENCE.............................................................................................29

ADDITIONAL REQUESTED CHARGES.....................................................................................30

XXIV. AT-WILL EMPLOYMENT ........................................................................................31

XXV.  BUSINESS JUDGMENT .............................................................................................32

XXVI. EXCLUDE SYMPATHY ..............................................................................................33

CONCLUSION...............................................................................................................................34

Pursuant to this Court's Pretrial Order (Dkt. 184), Defendants submit these objections and requested modifications to Plaintiff's proposed jury instructions, which are delineated and organized in the manner utilized by Plaintiff.

## I.      PLAINTIFF'S PROPOSED INSTRUCTION NO. 1: SUMMARY OF CLAIMS

Plaintiff's Proposed Instruction No. 1 with Defendants' requested modifications in redline is presented in the single-spaced text below.  The changes in the first paragraph are proposed simply to provide a reasonable counterbalance to Plaintiff's presentation of her basic theory of the case.  The changes to the enumerated list of claims are offered to eliminate the confusion that would flow from undifferentiated references to "termination claims" that are "based" on "gender" or "age" and to remedy errors in enumeration.

Ms. Piehler alleges that defendants discriminated against her on the basis of her gender and age, and that defendants retaliated against her for making complaints regarding such discrimination.  Defendants deny that Ms. Piehler complained of gender discrimination and deny having made any employment decisions relating to Ms. Piehler on the basis of gender or age, and instead based their decisions on reasons having nothing to do with her sex or her age.  Ms. Piehler is pursuing those claims under Title VII, the New York State Human Rights Law, the Age Discrimination in Employment Act, and the Equal Pay Act. I will now explain those laws in detail.

In summary, you will be asked to decide the following claims:

1. Ms. Piehler's termination claims based on her gender;

2. Ms. Piehler's termination claims based on her gender and age;
2. Ms. Piehler's termination claims based on her age;

3. Ms. Piehler's claims of pay discrimination based on her gender; and

46. Ms. Piehler's claims of retaliation.

## II.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 2: TITLE VII INTRODUCTION

Defendants do not object to Plaintiff's Proposed Instruction No. 2

III.    **PLAINTIFF'S PROPOSED INSTRUCTION NO. 3: ESSENTIAL ELEMENTS UNDER TITLE VII[1]**

Plaintiff's Proposed Instruction No. 3 with Defendants' requested modifications in redline is presented in the single-spaced text below.  The proposed edit is offered because Plaintiff did not bring a Title VII claim on the basis of age.  Rather, the Title VII claim is premised solely on sex-based discrimination.  *See* Amended Complaint ¶ 74.  Therefore, the references to "age" in this charge are not appropriate.

Ms. Piehler, the plaintiff, ~~bases her lawsuit on~~has made a claim against Absolute Software Corporation and Absolute Software, Inc. under Title VII of the Civil Rights Act of 1964.

The Act provides in pertinent part that it shall be an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ...."

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor in any employment practice, even though other factors may have also motivated the practice. A "motivating factor" is a factor that played some part in defendant's employment practice decision.

To prove her claim, the plaintiff must prove by a preponderance of the evidence:

First, that defendants Absolute Software Corporation and/or Absolute Software, Inc. terminated Ms. Piehler's employment~~the plaintiff~~.

Second, that plaintiff's gender ~~and age~~ wasere a motivating factors in ~~defendants'~~ the decision to terminate Ms. Piehler's employment.

---

[1] Defendants do not object to Plaintiff's Proposed Instruction No. 2.

## IV.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 4: MIXED MOTIVE INSTRUCTION

Defendants proposed a mixed-motive charge to be given, if warranted based on the evidence adduced at trial, in their proposed jury instructions.  Dkt. 190 at 3.  Defendants do not object to Plaintiff's Proposed Instruction No. 4, except with respect to the references to age, as indicated in redline below.  The references to "age" in Plaintiff's mixed motive instruction are improper because they suggest Plaintiff can prevail on her age discrimination claims based on a finding that age was among various motivating factors for an employment decision.  In fact, to prevail on an ADEA claim, age must be a "but for" cause of an adverse action.[2]  The last paragraph added below in redline is consistent with the discussion of "business judgment" presented in Plaintiff's Proposed Instructions No. 7 (relating to the ADEA only) and No. 10 (relating to the NYSHRL only).

You have heard evidence that plaintiff's termination was motivated by the plaintiff's gender ~~and age~~ and also by other, lawful, reasons. ~~You may find for plaintiff in two separate ways.~~

~~First, if~~ If you find that the plaintiff's gender was a motivating factor in the defendant's decision to take this action, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by other lawful reasons.

~~Alternatively, if you find that that both the plaintiff's gender and age was a motivating factor in the defendant's decision to take this action, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by other lawful reasons.~~

However, if you find that the defendant's' decision was motivated by both discriminatory and lawful reasons, you must decide whether the plaintiff is entitled to damages.  The plaintiff is entitled to damages unless the defendants proves by a preponderance of the evidence that the defendant would have made the same decision even if the discriminatory reason had played no role in the employment decision.

In determining whether the decision to terminate Ms. Piehler's employment was based in part on lawful reasons, you may not question defendants' business judgment. You cannot find

---

[2] *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 180 (2009); *see also* 5 Modern Federal Jury Instructions-Civil P 88-43 (2021) (mixed motive instruction addresses various protected classes, but not age).

intentional discrimination simply because you disagree with the business judgment of defendants or believe it is harsh or unreasonable. You are not to consider defendants' wisdom. The relevant question is not whether defendants' reason showed poor or erroneous judgment. Defendants would be entitled to make their decision for a good reason, a bad reason, or for no reason at all, so long as the decision was not motivated by unlawful discrimination.

## V.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 5: ADEA INTRODUCTORY INSTRUCTIONS

Plaintiffs' Proposed Instruction No. 5 with Defendants' requested modifications in redline is presented in the single-spaced text below.  The stricken provision is not found in the *Third Circuit Instructions for Employment Discrimination Claims Under the Age Discrimination in Employment Act* § 8.0, which Plaintiff cites as the source of this instruction.  Nor is it found in the introductory section of 5 Modern Federal Jury Instructions-Civil P 88-23 (2021).  Most fundamentally, it is not proper in an overview of a statute.  The proposed addition of "including by having her employment terminated" in the fourth paragraph below is simply for the sake of clarification and to match the reference to "terminated" in the immediately preceding paragraph.

~~You may also find that age alone played a role in Ms. Piehler's termination.~~

In this case, Ms. Piehler has made a claim against Absolute Software Corporation and Absolute Software, Inc. under the Federal Civil Rights statute that prohibits age discrimination against an employee, if that person is 40 years of age or older. This statute is known as the Age Discrimination in Employment Act or "ADEA."

Specifically, Ms. Piehler claims that she was terminated by ~~defendants~~ Absolute Software Corporation and Absolute Software, Inc. because of her age.

~~Defendants~~ Absolute Software Corporation and Absolute Software, Inc. deny that Ms. Piehler was discriminated against, including by having her employment terminated, because of her age.

I will now instruct you more fully on the issues you must address in this case.

## VI.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 6: ESSENTIAL ELEMENTS OF AN ADEA CLAIM

Plaintiffs' Proposed Instruction No. 6 with Defendants' requested modifications in redline is presented in the single-spaced text below.  The term "determinative" and the definition of the phrase "determinative factor" are proposed for the sake of consistency with the language used in Plaintiff's Proposed Instruction No. 7.

The essential elements of plaintiff's claims, each which she must prove by a preponderance of the evidence, are:

1. that ~~defendants~~ Absolute Software Corporation and Absolute Software, Inc. took an adverse employment action against the plaintiff, specifically terminating plaintiff;

2. that at the time the adverse action was taken, plaintiff was at least 40 years old; and

3. that plaintiff's age was the determinative ~~critical~~ factor in defendants' decision to take the adverse action.

"Determinative factor" means that if not for plaintiff's age, her employment would not have been terminated. ~~In order to prove that the plaintiff's age was the critical factor, the plaintiff must show that, except for the consideration of her age, defendants would not have taken this adverse action. Ms. Piehler may prove this through direct evidence or circumstantial evidence.~~

## VII.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 7: ADEA PRETEXT

Plaintiffs' Proposed Instruction No. 7 with Defendants' requested modifications in redline is presented in the single-spaced text below.  We note that, while Plaintiff's authority for its proposed instruction comes from the Third Circuit – which is of no particularly persuasive effect – the proposed modifications derive from the generally applicable 5 Modern Federal Jury Instructions-Civil P 88-37A (2021) or are simply for the sake of clarification.

Ms. Piehler was an at-will employee, and an employer may terminate an at-will employee for any reason or no reason at all unless her discharge violated state or federal law.[3]  Defendants have given a nondiscriminatory reason for its decision to terminate Ms. Piehler.  If you believe defendants' stated reason and if you find that plaintiff's termination would have occurred because of defendant's stated reason regardless of plaintiff's age, then you must find for defendants.  If you disbelieve defendants' stated reason for its conduct, then you may, but need not, find that plaintiff has proved intentional discrimination.

In determining whether defendants' stated reason for its actions was a pretext, or excuse, for discrimination, you may not question defendants' business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of defendants or believe it is harsh or unreasonable. You are not to consider defendants' wisdom. The relevant question is not whether defendants' reason showed poor or erroneous judgment. Defendants would be entitled to make their decision for a good reason, a bad reason, or for no reason at all, so long as the decision was not motivated by unlawful discrimination.  However, you may consider whether Ms. Piehler has proven that defendants' reason is merely a cover-up for discrimination.

Ultimately, it is Ms. Piehler's burden to persuade you, by a preponderance of the evidence~~you must decide whether Ms. Piehler has proven~~ that her age was a determinative factor in the ~~adverse employment actions claim by Ms. Piehler, her~~ termination of Ms. Piehler's employment.  As I already explained, "d~~D~~eterminative factor" means that if not for plaintiff's ~~engagement age~~~~in protected conduct~~, ~~any~~ her employment would not have been terminated~~of the adverse employment actions claimed by Ms. Piehler would not have occurred~~.

---

[3] The statement about Plaintiff being an at-will employee does not appear in 5 Modern Federal Jury Instructions-Civil P 88-37A (2021), but is consistent with Plaintiff's Proposed Instruction No. 10, which addresses that concept in the context of the NYSHRL.  The concept is equally applicable to the ADEA.

## VIII.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 8: NYSHRL--TERMINATION

Plaintiffs' Proposed Instruction No 8 with Defendants' requested modifications in redline is presented in the single-spaced text below.  Defendants' revisions are intended to explain more fully to the jury the differences in analyzing sex versus age claims under the NYSHRL.[4]  The substantive text is derived from the PJI 9:1 and 9:2.

~~You may also find that~~ Ms. Piehler also brings a claim that her ~~'s~~ termination from employment was unlawful under the New York State Human Rights Law.

The New York State Human Rights Law provides in pertinent part that it shall be unlawful for an employer to discriminate on the basis of sex or age ~~discriminate against such individual in compensation or~~ in the terms, conditions or privileges of employment.[5]

Plaintiff claims that her termination from employment was due to her sex and/or age. Defendants deny this and claim the termination was based on, among other things, her manager's belief that she said disparaging and disrespectful things to him and about him to others, was resistant to his directives and suggestions and was resistant to changes being made at the company.~~.~~  ~~You have heard evidence that plaintiff's termination was motivated by the plaintiff's gender and/or age and also by other, lawful, reasons.~~

~~Because t~~The New York State Human Rights Law prohibits discrimination based on both age and sex. However, the standards for finding liability differ as between sex and age.  ~~, you can find for Ms. Piehler in three ways:~~

~~First, you can determine that Ms. Piehler if you determine she was discriminated against based on her sex alone.~~

~~Second, you could determine that Ms. Piehler if you determine she was discriminated against based on her age alone.~~

~~Third, you could find that Ms. Piehler was discriminated against on both the basis of both sex and age.~~[6]

---

[4] Age discrimination claims are subject to the but-for causation test.  *See* Summary Judgment Decision and Order, Dkt. 179, at *21.

[5] Compensation is a term and condition of employment and need not be addressed redundantly here. Additionally, Plaintiff's NYSHRL claims relate only to the termination of her employment and retaliation. Amended Complaint (Dkt 34) ¶¶107, 114.

[6] As addressed, age must be a but for cause of an adverse employment decision to be actionable.  Therefore, this proposed instruction is legally incorrect.

Sex

In order for Ms. Piehler to prevail on her termination claims based on sex, you must find that ~~plaintiff's~~ she has proved by a preponderance of the evidence that sex was a motivating factor, that is, a substantial factor, in defendants' decision to terminate her. . If you find that Ms. Piehler has failed to prove that ~~by a preponderance of the evidence that plaintiff's~~her sex, ~~or her sex and her age,~~ was a motivating factor in the defendants' decision to terminate, then you should proceed no further and report to the Court. ~~Ms. Piehler is entitled to your verdict, even if you find that defendants' conduct was also motivated by other lawful reasons.~~

If you find that Ms. Piehler has proved by a preponderance of the evidence that sex was a motivating factor in Defendants' decision to terminate her employment, then Defendants have the burden to prove by a preponderance of the evidence that they would have discharged Ms. Piehler even if they had not taken her sex into account. If you find that Defendants have proved that they would have discharged Ms. Piehler even if they had not taken her sex into account, then you will find for Defendants. If you find that Defendants have proved Ms. Piehler even if they had not taken her sex into account, then you will find for Defendants.  If you find that Defendants have not proved this, then you will find for Plaintiff.[7]

Age

In order for Ms. Piehler to recover on her termination claims based on her age she must prove by a preponderance of the evidence that her age was a determining factor in Defendants' decision to terminate her employment. There can be more than one determining factor in any decision.  Age was a determining factor if Ms. Piehler would not have been terminated except for her age.

In deciding whether age was the determinative factor, you must consider the reason Defendants have given for the termination of Plaintiff's employment.  Defendants have produced evidence that the termination was based on, among other things, her manager's belief that she said disparaging and disrespectful things to him and about him to others, was resistant to his directives and suggestions and was resistant to changes being made at the company.  .  Plaintiff claims that this is not the real reason.  Plaintiff has the burden of establishing by a preponderance of the evidence that the reasons offered by Defendants were not really the reasons for the termination and that Plaintiff's age was the determinative factor in the decision.

If you find that Plaintiff has failed to prove that the reasons offered by Defendants were not really the reasons for the termination, then you will find for Defendants on this issue.  If you find that Plaintiff has proved that the reasons offered by Defendants were an excuse for age discrimination and that she would not have been terminated except for her age, then you will find for Plaintiff on this issue and you should proceed to determine the amount of damages. [8]

---

[7] Adapted wholesale from NY Pattern Jury Instructions 9:2

[8] Adapted from NY Pattern Jury Instructions 9:1

Ms. Piehler has also introduced evidence that she claims demonstrates that age was also a factor in her termination. If you believe plaintiff's evidence and are persuaded by a preponderance of the evidence that, except for the consideration of age, the defendant would not have made the same employment decision, then you must find for Ms. Piehler.

## IX.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 9: RETALIATION UNDER THE NYSHRL

Plaintiffs' Proposed Instruction No. 9 with Defendants' requested modifications in redline is presented in the single-spaced text below.  We suggest modifications to the first paragraph because it contained an incomplete description of what is required to prove that conduct is "covered" by the NYSHRL's anti-retaliation provisions.  Other modifications are proposed because, while Plaintiff cited this Court's decision on Defendants' motion for summary judgment to support her discussion of the relevant elements, that discussion did not completely reflect the substance of the Court's language, as addressed below.  The basis for other objections to the discussion of elements are reflected in footnotes below.  Most conspicuously, Plaintiff omitted any mention of the determinative factor standard applicable to this claim and added an instruction regarding "antagonism" for which no legal citation is offered.[9]

Ms. Piehler has alleged that the defendants have retaliated against her in violation of the New York State Humans Rights Law for complaining about being discriminated against on the basis of her gender.  Defendants deny that Ms. Piehler complained of discrimination or that they understood that she had made a complaint of discrimination and deny taking retaliatory action and deny that any retaliatory action claimed by Ms. Piehler was the result of complaints.  The New York State Humans Rights Law anti-retaliation provisions cover those employer actions that would have been materially adverse to a reasonable employee.

For Ms. Piehler to prevail, she must show, by a preponderance of the evidence: (1) she opposed or complained of discrimination; (2) defendants knew of her complaints of discrimination; (3) she suffered a materially adverse employment action, and (4) a causal connection exists between her complaints of employment discrimination and the adverse actions.

As to the first element, while complaints need not mention discrimination or use particular language in order to be protected activity they must concern discriminatory conduct clearly prohibited by the New York State Human Rights Law.[10]  A plaintiff need not make a formal complaint, and informal protests of discrimination, such as making complaints about discrimination to management constitute protected activity. For example, an employee

---

[9] Plaintiff included a brief discussion of the but-for standard in Proposed Instruction No. 10, but clearly that discussion should be had in the context of addressing the elements of this claim.

[10] We have inserted language from the Court's decision (cited by Plaintiff) which Plaintiff improperly omitted for obvious strategic purposes.  *See* Summary Judgment Decision and Order, Dkt. 179, at *29-30.

~~complaining about being paid differently than her male peers constitutes protected activity.~~[11] Making a complaint about conduct other than unlawful discrimination is not a protected activity.[12]

As to the second element, it is not necessary that the particular individuals who carried out the adverse employment action knew of the protected conducted engaged in by Ms. Piehler. General corporate knowledge is sufficient to satisfy this element. However, Defendants must have understood or could have reasonably understood that Ms. Piehler was complaining about age or sex discrimination prohibited by the New York State Human Rights Law.[13]

As to the third element, actions are materially adverse if they are harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination. Such actions must be viewed in the aggregate and can include actions such as a supervisor failing to meet with a subordinate, withholding pay, receiving a negative performance review, excluding an employee from decision making, or firing an employee.

Finally, as to the fourth element regarding causal connection, Plaintiff must show by a preponderance of the evidence that any protected activity was the determinative factor of any materially adverse action taken against her.  In other words, you must find that the materially adverse action ~~was taken because of the protected activity~~would not have been taken but-for Plaintiff's complaints of discrimination.[14] This~~that connection~~ may be shown through any evidence you find relevant to that analysis~~in multiple ways~~.  For example, you may or may not find that there is a sufficient connection through timing, that is defendants' action followed shortly after defendants became aware of ~~the~~ any protected activity.  However, the causal requirement is not met simply because the alleged materially adverse action occurred after any protected activity occurred.[15] Neither is c~~C~~ausation ~~is, however, not~~ necessarily ruled out by a more extended passage of time. ~~Causation may or may not be proven by antagonism shown toward plaintiff or a change in demeanor toward her.~~

~~On the other hand,~~ Yy~~~our verdict must be for the defendants if Ms. Piehler has failed to prove that her engagement in a protected conduct led to the adverse employment actions against her.

---

[11] This is a disputed question of fact that should not be used to illustrate generally applicable principles of law.

[12] *See Pezhman v. City of New York*, 47 A.D.3d 493, 494 (1st Dep't 2008).

[13] *Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C.*, 716 F.3d 10 (2d Cir. 2013).

[14] *See* Summary Judgment Decision and Order, Dkt. 179, at *21.

[15] *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 313-14 (2004) (superseded by statute on other grounds).

## X.      PLAINTIFF'S PROPOSED INSTRUCTION NO. 10: RETALIATION--PRETEXT

Plaintiffs' Proposed Instruction No. 10 with Defendants' requested modifications in

redline is presented in the single-spaced text below.  The only changes we have proposed are for

purposes of clarity.

If you conclude that Ms. Piehler has established that she engaged in protected activity
and that such activity was the determinative factor in any~~a causal connection between an~~ adverse
employment action ~~and her engagement in protected conduct~~, then you may consider any
legitimate non-discriminatory reasons stated by defendants for their adverse employment actions
against Ms. Piehler.

Ms. Piehler was an at-will employee, and an employer may terminate an at-will employee
for any reason or no reason at all unless her discharge violated state or federal law, including the
New York State Human Rights Law. Defendants are allowed to use ~~its~~ their business judgment
in making personnel decisions, as long as it does not violate the law. However, you do not have
to accept Defendants' business judgment claim at face value.

Defendants have given nondiscriminatory reasons for the adverse employment actions it
took against Ms. Piehler. If you disbelieve defendants' explanations for their conduct, then you
may, but need not, find that Ms. Piehler has proved retaliatory discrimination. You cannot find
retaliatory discrimination simply because you disagree with the business judgment of defendants
or believe it is harsh or unreasonable. You are not to consider defendants' wisdom~~.~~. The relevant
question is not whether defendants' reason showed poor or erroneous judgment. Defendants
would be entitled to make their decision for a good reason, a bad reason, or for no reason at all,
so long as the decision was not motivated by unlawful discrimination.  However, you may
consider whether defendants' reason is merely a cover-up for discrimination and/ or retaliation.
You should scrutinize the nondiscriminatory reasons given by the defendants, just as you would
any other evidence. If you find that the reasons were "pretextual," that is, they were not the real
reasons for the decisions, then you may infer or not infer, as you choose, that the pretext was
designed to conceal retaliatory discrimination.

Ultimately, you must decide whether Ms. Piehler has proven that she~~her~~ engaged~~dment~~ in
protected conduct and, if so, that it was a determinative factor in the adverse employment actions
claim by Ms. Piehler, including her termination of employment. "Determinative factor" means
that if not for plaintiff's engagement in protected conduct, any of the adverse employment
actions claimed by Ms. Piehler would not have occurred.

**XI.    PLAINTIFF'S PROPOSED INSTRUCTION NO. 11: PAY DISCRIMINATION BASED ON GENDER UNDER NYSHRL AND TITLE VII**

Defendants object to this Instruction in its entirety.  Plaintiff did not bring claims pursuant to NYSHRL or Title VII for pay discrimination.  Rather, she asserted claims based only on her separation from employment pursuant to those statutes.  *See* Amended Complaint ¶¶ 74, 107.  Therefore, this proposed charge is inapposite.

**XII.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 12:  EPA INTRODUCTORY INSTUCTIONS**

Defendants do not object to Plaintiff's Proposed Instruction No. 12

**XIII.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 13: ESSENTIAL ELEMENTS OF AN EPA CLAIM**

Plaintiff's Proposed Instruction No. 13 with Defendants' requested modifications in

redline is presented in the single-spaced text below.

For Ms. Piehler to prevail on her claim against defendants for violation of the Equal Pay Act, she must prove all of the following elements by a preponderance of the evidence:

First: Defendants employed Ms. Piehler and (a) male employee(s) in jobs requiring substantially equal skill, effort and responsibility; and

Second: the two jobs are performed under similar working conditions; and

Third: Ms. Piehler was paid a lower wage than the male employee(s) doing substantially equal work.

I will now give you further instructions on these three elements. When evaluating whether plaintiff has established these three elements, you must keep in mind that plaintiff does not have to prove that defendants meant to discriminate against her because she was female. In other words, Ms. Piehler does not have to prove intent to discriminate in connection with her Equal Pay Act Claim.

**WE HAVE OMITTED THE REMAINDER OF PLAINTIFF'S PROPOSED INSTRUCTION NO. 13 BECAUSE IT IS VOLUMINOUS AND WE DO NOT OBJECT TO IT.**

## XIV.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 14: EQUAL PAY ACT-FACTOR OTHER THAN SEX

Defendants object to Plaintiff's Instruction 14 and submit that Defendants' proposed instruction on this point should be utilized.  Defendants submitted a customized instruction regarding this issue as to which they bear the burden.  *See* Dkt. 190 at 3-4.  Defendants' proposed instruction reflects the substance of 5 Modern Federal Jury Instructions-Civil P 88-13 (2021).  Plaintiff's instruction, by contrast, derives from Third Circuit charges and uses template phrases that would have to be tailored for this case.  For these reasons, Defendants' proposed instruction should be used.

**XV.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 15:  INDIVIDUAL LIABILITY OF DEFENDANTS HAYDON, KENNY AND AWTRY**

Defendants do not object to Plaintiff's Proposed Instruction No. 15

## XVI.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 16: COMPENSATORY DAMAGES

Defendants object to Plaintiff's Proposed Instruction 16.  We have replaced Plaintiffs'

Instruction No. 16, which plaintiff adapted from  the *Third Circuit Instructions for Employment*

*Discrimination Claims Under the Age Discrimination in Employment Act* § 5.4.1, with the

following instruction, which Defendants have adapted from 5 Modern Federal Jury Instructions –

Civil P 88-70 (2021).

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendants should be held liable.

If you find in favor of the plaintiff under [the Essential Elements Instruction] or under the [Mixed Motive Instruction], then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find she sustained as a direct result of the defendants' decision to terminate her employment. Plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits plaintiff would have earned in her employment with Absolute Software, Inc. if she had not been discharged on July 1, 2015 through the date of your verdict, *minus* the amount of earnings and benefits that plaintiff received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by plaintiff, such as [list damages supported by the evidence, e.g., mental anguish, future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life]. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

However, I instruct you that no damages for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life may be awarded for any discrimination you may find occurred on the basis of age pursuant to the ADEA.[16]

In addition, I previously instructed you that, if you find Defendants' decision to terminate Plaintiff's employment was motivated by both lawful reasons and discriminatory reasons relating to Plaintiff's sex, you must decide whether Defendants would have made the same employment decision even if the discriminatory reasons had played no role in the decision.  If you find that Defendants would have made the decision to terminate Plaintiff's employment based on lawful

---

[16] *See* 5 Modern Federal Jury Instructions-Civil P 88-40 (2021).

- 20 -

reasons alone, Plaintiff is not entitled to compensatory damages in connection with her claims that her employment was terminated on the basis of sex.[17]

---

[17] *See* 5 Modern Federal Jury Instructions-Civil P Instruction 88-43, cmt. 2 (2021).

## XVII.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 17: PUNITIVE DAMAGES

Plaintiffs' Proposed Instruction No. 17 with Defendants' requested modifications in

redline is presented in the single-spaced text below.  Explanations for the requested

modifications are provided in footnotes.

Ms. Piehler claims the acts of defendants were done with malice or reckless indifference to plaintiff's federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of defendants personally acted with malice or reckless indifference to plaintiff's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken by a management official or defendant with knowledge that it may violate the law an intention to disregard what was known to be a high probability that the action violated the law.[18]

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Plaintiff's federal rights, you cannot award punitive damages if prove by a preponderance of the evidence that Defendants made a good-faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Plaintiff.[19]

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied and that Defendants have not proved that they made a good-faith attempt to comply with the law, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Defendants. You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendants from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those Defendants may have committed.[20]

---

[18] This change incorporates language from 5 Modern Federal Jury Instructions-Civil P 88-72 (2021) that does not appear in the Third Circuit model Plaintiff cites.

[19] *See* 5 Modern Federal Jury Instructions-Civil P 88-72 (2021).

[20] This paragraph appears in the Third Circuit instructions Plaintiff cites as the basis for her charge, but was omitted

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendants should be punished for wrongful conduct, and the degree to which an award of one sum or another will deter Defendants or others from committing similar wrongful acts in the future.[21]

I instruct you also that, even if Plaintiff persuades you that Defendants have violated the ADEA by terminating Plaintiff's employment on the basis of age, you may not award Plaintiff punitive damages in connection with that claim.[22]  Similarly, you may not award punitive damages in connection with any claim brought under New York State law.

In addition, as addressed, if you find Defendants' decision to terminate Plaintiff's employment was motivated by both lawful reasons and for reasons relating to Plaintiff's sex, you must decide whether Defendants would have made the same employment decision even if the discriminatory reason had played no role in the decision.  If you find that Defendants would have made the decision to terminate Plaintiff's employment based on lawful reasons alone, Plaintiff is not entitled to punitive damages in connection with her claims that her employment was terminated on the basis of sex.[23]

---

by Plaintiff.

[21] This paragraph appears in the Third Circuit instructions Plaintiff cites as the basis for her charge, but was omitted by Plaintiff.

[22] *See* 5 Modern Federal Jury Instructions-Civil P 88-40 (2021).

[23] *See* 5 Modern Federal Jury Instructions-Civil P 88-43 (2021).

## XVIII. PLAINTIFF'S PROPOSED INSTRUCTION NO. 18: BACK PAY

Defendants do not object to the language of Plaintiff's Proposed Instruction No. 18.

**XIX.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 19: LIQUIDATED DAMAGES UNDER ADEA**

Plaintiff's Proposed Instruction No. 19 with Defendants' requested modifications in redline is presented in the single-spaced text below.  The requested modifications are derived from 5 Modern Federal Jury Instructions-Civil P 88-39 (2021) and are designed to provide clarity.

If you find that Ms. Piehler is entitled to recover damages for lost wages or benefits as to her age discrimination claims under ADEA, then I will also ask you to decide a further question: whether defendants' conduct was willful. For purposes of your answer to that question, Ms. Piehler has the burden of proving willfulness by a preponderance of the evidence.

You must find defendants' violation of the ADEA to be willful if defendants knew or showed reckless disregard for whether the Ms. Piehler's termination was prohibited by the law against age discrimination. To establish willfulness it is not enough to show that defendants acted negligently. If you find that defendants did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, then defendants' conduct was not willful.

## XX.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 20:  FRONT PAY

Defendants do not object to Plaintiff's Proposes Instruction No. 20.

## XXI.   PLAINTIFF'S PROPOSED INSTRUCTION NO. 21

Defendants do not object to Plaintiff's Proposes Instruction No. 20.

## XXII.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 22: FALSUS IN UNO

The Court has instructed that it will provide a charge relating to the credibility of witnesses.  Dkt. 184 at 7.  Therefore, Plaintiff's Proposed Instruction No. 22 is unnecessary and inappropriately submitted.

## XXIII. PLAINTIFF'S PROPOSED INSTRUCTION NO. 23:  FAILURE TO PRODUCE AVAIALABLE EVIDENCE

Defendants do not object to Plaintiff's Proposed Jury Instruction No. 23.

## <u>ADDITIONAL REQUESTED CHARGES</u>

Defendants request that the following charges be given.  These charges were not included in Defendants' proposed jury instructions (Dkt. 190) because it did not relate to a "counterclaim, affirmative defense, or other issue on which they have the burden of proof."  *See* Court Order, Dkt. 184 at 8.

## XXIV. AT-WILL EMPLOYMENT

Ms. Piehler was an at-will employee, and an employer may terminate an at-will employee with or without notice for any reason or no reason at all, unless her discharge violated state or federal law.

## XXV.  BUSINESS JUDGMENT

Employment discrimination laws are not intended to be a vehicle for second-guessing of business decisions; nor was it intended to transform the courts into personnel managers.  An employer is entitled to make its own policy and business judgment, and may therefore fire an employee--even an outstanding employee--for reasons that the employer considers to be in its best interests. An employer is entitled to make its own subjective personnel decisions, however misguided they may appear to you. Therefore, you should not find that a decision to terminate an individual's employment is unlawful just because you may disagree with the employer's stated reason for the termination or you believe that the decision was harsh or unreasonable, as long as the employer would have reached the same decision regardless of the employee's sex.[24]

Legitimate business reasons can include, but are not limited to, poor or substandard employee performance, employee misconduct, client or customer dissatisfaction, client or customer complaints, poor or unacceptable work attitude, inability to cooperate or work effectively with co-employees, inability to cooperate or work effectively with third parties such as suppliers, vendors or business contacts, insubordination, unwillingness to accept criticism or direction, criticism of management or of the employer's business decisions, tardiness or excessive absences, or similar actions or omissions.[25]

---

[24] *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability. . . ."); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 576-78 (1978).

[25] E. Devitt & C. Blackmar, *Federal Jury Practice & Instructions* § 171.77 (modified) (5th ed. 2000); *Vahos v. General Motors Corp.,* 2008 WL 2439643, at *6 (E.D.N.Y. June 16, 2008); *Cordell v. Verizon Wireless, Inc.,* 2008 WL 1947010, at *3 (W.D.N.Y. May 8, 2008); *Buchanan v. Hilton Garden Inn Westbury,* 2008 WL 858986, at *11 (E.D.N.Y. Mar. 31, 2008); *Hawkins v. Wegmans Food Markets, Inc.,* 2006 WL 4070304 (W.D.N.Y., Nov. 28, 2006), *aff'd,* 224 Fed. Appx. 104 (2d Cir. 2007); *James* v. *Yonkers Public Schools,* 326 F. Supp. 2d 536, 543-44 (S.D.N.Y. 2004).

## XXVI. EXCLUDE SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Authority: 4 Modern Federal Jury Instructions-Civil P 71-10 (2021)

## <u>CONCLUSION</u>

Defendants respectfully request that the Court modify Plaintiff's proposed jury charges

and include the additional proposed charge as addressed above.


Dated: New York, New York
       July 19, 2021

**DORSEY & WHITNEY LLP**

By:       /s/ *Laura M. Lestrade*      
        Laura M. Lestrade
        Mark S. Sullivan
        Joshua R. Kornfield
        51 West 52nd Street
        New York, New York 10019
        (212) 415-9200
        *Attorneys for Defendants*