UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARY VAN BRUNT-PIEHLER,

        *Plaintiff,*

v.

ABSOLUTE SOFTWARE, INC., ABSOLUTE SOFTWARE CORPORATION, GEOFF HAYDON, THOMAS KENNY, and TODD AWTRY,

        *Defendants.*

Civil Action No.
16-cv-6313

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

THOMAS & SOLOMON LLP
*Attorneys for Plaintiff*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540

Of Counsel:   J. Nelson Thomas
                   Jonathan W. Ferris

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Plaintiff objects to Defendants' Proposed Jury Instructions as follows:

**1. Defendants' Proposed Jury Instruction No. 1: Affirmative Defense Relating to Gender Discrimination Claims Pursuant to Title VII and New York State Human Rights Law**

**Defendants' Proposed Instruction (Mixed Motive Instruction):**

You have heard evidence that Defendants' termination of Plaintiff's employment was motivated by Plaintiff's sex and also by other lawful reasons. If you find that Plaintiff's sex was a motivating factor in Defendants' decision to take this action, Plaintiff is entitled to your verdict, even if you find that Defendants' conduct was also motivated by other lawful reasons. However, if you find that Defendants' decision was motivated by both discriminatory and lawful reasons, you must decide whether Plaintiff is entitled to damages. Plaintiff is entitled to damages unless Defendants prove by a preponderance of the evidence that they would have made the same decision even if the discriminatory reason had played no role in the employment decision.

**Objection:**

Plaintiff does not generally object to using the proposed baseline instruction as it applies to her gender-only claim based on 5 Modern Federal Jury Instructions-Civil P 88.03 (2021). However, as plaintiff is proceeding on claims that defendants discriminated against plaintiff based on *both* her sex and age, this instruction will either need to be expanded to capture the claims that defendants discriminated against plaintiff on both characteristics, or a new instruction added/

As noted in plaintiff's proposed jury instruction No. 1 (Summary of Claims), plaintiff is pursuing several theories of liability including that: (1) defendants terminated Ms. Piehler

based on her gender; (2) defendants' terminated Ms. Piehler based on her gender and age; and (3) that defendants' terminated Ms. Piehler based on her age.

Plaintiff can therefore prevail if a jury determines that Absolute discriminated against Ms. Piehler on the basis of *both* sex and age (sometimes referred to as "sex-plus" claims or intersectional claims). While Title VII prohibits discrimination on the basis of sex, it also prohibits discrimination based on a combination of protected characters, such as sex-plus-age, or even a protected characteristic combined with a non-protected characteristic. As the Supreme Court recently explained in *Bostock v. Clayton Cty.*:

> It doesn't matter if other factors besides the plaintiff's sex contributed to the decision. And it doesn't matter if the employer treated women as a group the same when compared to men as a group. If the employer intentionally relies in part on an individual employee's sex when deciding to discharge the employee—put differently, if changing the employee's sex would have yielded a different choice by the employer—a statutory violation has occurred.

*Bostock v. Clayton Cty., Ga.*, _U.S._, 140 S.Ct. 1731, 1741(2020).[1]

Here, the Court should utilize jury instructions that capture plaintiff's intersectional "sex-plus" and "age-plus" claims. Plaintiff acknowledges that this would likely affect other proposed jury instructions and not just this jury instruction. *See e.g.*, Plaintiff's Proposed Jury Instruction No. 1 (discussing intersectional claims); Plaintiff's Proposed Jury Instruction No. 3 (plaintiff's gender and age were motivating factors in defendants' decision); Plaintiff's Proposed Jury Instruction No. 8 (intersectional claims under the New York State Human Rights Law). Plaintiff is happy to discuss how the intersectional claims can be best presented to the jury at the pretrial conference and final charging conference.

---

[1]   Even prior to *Bostock*, the Second Circuit recognized a plaintiff's ability to bring "sex-plus" (or other protected characteristic-plus) claims under Title VII. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010).

**Plaintiff's Proposed Modification (Replacement with Plaintiff's Proposed Instruction No. 4):**

You have heard evidence that plaintiff's termination was motivated by the plaintiff's gender and age and also by other, lawful, reasons. You may find for plaintiff in two separate ways.

First, if you find that the plaintiff's gender was a motivating factor in the defendant's decision to take this action, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by other lawful reasons.

Alternatively, if you find that that both the plaintiff's gender and age was a motivating factor in the defendant's decision to take this action, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by other lawful reasons.

However, if you find that the defendant's decision was motivated by both discriminatory and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the discriminatory reason had played no role in the employment decision.

## 2. Equal Pay Act Affirmative Defense

**Defendants' Proposed Instruction:**

If Plaintiff proves all three elements of her Equal Pay Act claim, then she is entitled to recover on that claim unless Defendants establish, by a preponderance of the evidence, an affirmative defense permitted under the Act.

Specifically, even if Plaintiff establishes that she was paid less than male employees performing equal work under similar working conditions, she is not entitled to recover if

Defendants prove that the disparity between what it paid Plaintiff and what it paid the male employees who performed equal work under similar conditions was entirely the result of a differential based on a factor other than sex. This defense is not available, however, if sex played any role in creating the disparity.

Defendants allege in this case that Plaintiff was assigned lower On Target Earnings ("OTE") than Kurt Luporini (the only male employee to whom Plaintiff compares herself), based on a differential based entirely on factors other than sex. Defendants contend that the reason for the OTE wage disparity between Plaintiff and Kurt Luporini was the result of salary negotiations because it was necessary to offer a competitive salary to attract qualified candidates to the acquisition role to be performed by Luporini as it was more difficult and carried greater risk than selling to existing customers, and because Luporini had an extensive background in enterprise security software sales and relationships with companies in the central region of the U.S.

To establish a claim under the Equal Pay Act, a plaintiff is not required to show that the defendant intended to discriminate on the basis of sex but only that the defendant's pay practices had this effect. However, in evaluating Defendants' affirmative defense to the Equal Pay Act claim, you may take account of any evidence that Defendants' claimed justification for the pay disparities is pretextual and that the real reason for the disparities is gender discrimination. If Plaintiff proves to you, by a preponderance of the evidence, that Defendants' affirmative defense is pretextual, then you should disregard that defense and find for Plaintiff.

**Objection:**

Defendants' proposed jury instruction contains legally incorrect instructions regarding the availability of the "a factor other than sex" affirmative defense.

If the employer is relying on "a factor other than sex" defense, the employer must additionally prove that this factor is actually "a legitimate business reason" to pay males more, not just that it is technically a factor other than sex. *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 525-27 & n.1 (2d Cir. 1991). Defendants' proposed instruction states that the wage disparity between plaintiff and Kurt Luporini was the result of salary negotiations because it was necessary to offer a competitive salary to attract qualified candidates to the acquisition role. In other words, defendants' affirmative defense of "a factor other than sex" is that market conditions required higher pay for male employees.

However, the Supreme Court has rejected this type of "market force" justification for pay differences. *See Corning Glass Works v. Brennan*, 417 U.S. 188 (1974); *see also Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir. 2020) (rejecting "market force" affirmative defense). *Rizo*, in holding that a candidate's previous pay cannot serve as an affirmative defense for setting his pay at a new employer, explicitly followed the Second Circuit's decision in *Aldrich v. Randolph Cent. Sch. Dist*. *Rizo*, 950 F.3d at 1224 (citing *Aldrich*, 963 F.2d at 525 (holding that to invoke the "factor other than sex" defense the employer could not rely simply on any factor other than sex (such as previous pay, as in *Rizo*) but had to show that the pay difference was based on the "actual work responsibilities and qualifications" of the job)). As a result, the fact that defendants were simply matching the pay a man earned elsewhere is no defense in an EPA claim.

Accordingly, defendants' injection of "market force" language into the "a factor other than sex" affirmative defense is improper and should be rejected.

**Plaintiff's Proposed Modifications:**

If Plaintiff proves all three elements of her Equal Pay Act claim, then she is entitled to recover on that claim unless Defendants establish, by a preponderance of the evidence, an affirmative defense permitted under the Act.

Specifically, even if Plaintiff establishes that she was paid less than male employees performing equal work under similar working conditions, she is not entitled to recover if Defendants prove that the disparity between what it paid Plaintiff and what it paid the male employees who performed equal work under similar conditions was entirely the result of a differential based on a factor other than sex. This defense is not available, however, if sex played any role in creating the disparity.

Defendants allege in this case that Plaintiff was paid less than Kurt Luporini based on a differential based entirely on factors other than sex. In determining whether defendants' decision was in fact based entirely on a factor other than sex, you may not consider external market forces to be a factor other than sex.

To establish a claim under the Equal Pay Act, a plaintiff is not required to show that the defendant intended to discriminate on the basis of sex but only that the defendant's pay practices had this effect. However, in evaluating Defendants' affirmative defense to the Equal Pay Act claim, you may take account of any evidence that Defendants' claimed justification for the pay disparities is pretextual and that the real reason for the disparities is gender discrimination. If Plaintiff proves to you, by a preponderance of the evidence, that Defendants' affirmative defense is pretextual, then you should disregard that defense and find for Plaintiff.

**3. Mitigation of Damages**

**Defendants' Proposed Instruction:**

Plaintiff has a duty to mitigate or lessen her damages. That is, Plaintiff was required to exercise reasonable diligence and care to locate substantially equal employment after she was discharged by Defendants. If you find that Defendants are liable and that Plaintiff has suffered damages, then Plaintiff may not recover backpay or other benefits for any period of time during which she failed to exercise reasonable diligence and care in seeking other suitable employment after she was discharged by Defendants. Therefore, if you find that Plaintiff failed, during any period of time, to exercise reasonable care and diligence in seeking other suitable employment after she was discharged, you should deny her recovery of backpay and other benefits for such periods of time.

You are the sole judge of whether Plaintiff failed to exercise reasonable care and diligence in seeking other suitable employment after she was discharged by Defendants. Defendants must prove that Plaintiff failed to use reasonable care and diligence in seeking such employment or jobs. In deciding whether to reduce Plaintiff's damages, you must weigh all of the evidence in light of the particular circumstances of the entire case. You must also use sound discretion in deciding whether or not Defendants have satisfied their burden of proof.

You must deduct any money Plaintiff either earned from any employment she obtained after she was discharged by Defendants or could have earned had she taken reasonable steps to obtain suitable employment.

Finally, you may not award damages based simply on speculation or guesswork. Any award must compensate Plaintiff fairly for any injuries she may have sustained but must have

a basis in the evidence and be reasonable in the light of that evidence.

**Objection:**

As explained in plaintiff's motion *in limine* to prohibit defendants from claiming that plaintiff failed to mitigate her damages, defendants have failed to identify any evidence that Ms. Piehler failed to mitigate her damages. *See* Dkt. 201. At trial, the defendant has the evidentiary burden of demonstrating that plaintiff failed to mitigate her damages. *Dailey v. Societe Generale*, 108 F.3d 451, 456 (2d Cir. 1997). Defendants have provided no evidence that Ms. Piehler failed to mitigate her damages. As a result, defendants' affirmative defense of mitigation is improper and the Court should reject defendants' proposed jury instruction regarding mitigation in its entirety.[2]

**Plaintiff's Proposed Modification:**

Plaintiff has a duty to mitigate or lessen her damages. In this case, plaintiff has properly mitigated her damages. If you find that Defendants are liable and that Plaintiff has suffered damages, then you should calculate the amount of back pay she is owed from the date of her termination. However, you must deduct any money Plaintiff either earned from any employment she obtained after she was discharged by Defendants.

Dated: July 19, 2021

                                             **THOMAS & SOLOMON LLP**

                                     By:    s/ Jonathan W. Ferris

---

[2] Plaintiff has included language regarding mitigation of damages in her proposed jury instructions (Dkt. 208) in an abundance of caution in the unlikely event that the Court were to determine a mitigation instruction is appropriate. Plaintiff does not concede that a mitigation instruction is warranted.

                                        J. Nelson Thomas, Esq.  
                                        Jonathan W. Ferris, Esq.  
                                        *Attorneys for Plaintiff*  
                                        693 East Avenue  
                                        Rochester, New York 14607  
                                        Telephone: (585) 272-0540  
                                        nthomas@theemploymentattorneys.com  
                                        jferris@theemploymentattorneys.com