

MARK S. SULLIVAN
Partner
(212) 415-9245
FAX (212) 953-7201
sullivan.mark@dorsey.com

December 29, 2022

<u>VIA ECF</u>

Honorable Elizabeth A. Wolford
United States District Judge
100 State Street
Rochester, New York 14614

  Re: Mary Van Brunt-Piehler v. Absolute Software, Inc., Absolute Software
     Corporation, Geoff Haydon, Thomas Kenny and Todd Awtry
     16 Civ. 6313 (EAW) (MWP)

Dear Judge Wolford,

  We write on behalf of Defendants concerning four related matters that we request be addressed at the pre-trial conference on January 13, 2023 in addition to other open matters. First, Plaintiff has refused to produce, or even include on her exhibit list, mitigation documents after January 2021. Second, Plaintiff has also failed to produce or identify documents relied upon by her expert, Rona Wexler. Third, Plaintiff has unilaterally dictated that she will use a separate exhibit list for damages exhibits. Fourth, Plaintiff has signaled her intention to impermissibly amend her expert report to change her expert's theory of liability on her Equal Pay Act claim.

  Plaintiff's justification for each of these actions is that the bifurcation of liability and damages obviates her need to comply with this Court's prior orders and her obligations under Federal Rules of Civil Procedure 26 and 37 until some undefined time after the liability phase has been completed. In response to Defendants' most recent request for the damages materials, Plaintiff offered the excuse that "it is premature to deal with any damages-related documents at this time." Exh. A (Plaintiff's Letter dated December 9, 2022). As a result of Plaintiff's unwillingness to cooperate or compromise, Defendants have unfortunately been forced to seek the Court's assistance.

  **A. Plaintiff Impermissibly Refuses to Produce Damages Evidence**

  On September 19, 2016, Defendants propounded document requests on Plaintiff seeking, *inter alia*, documents concerning any mitigation of damages, job searches conducted subsequent to the termination of Plaintiff's employment, job interviews, offers of employment, and any employment from July 2015 through the present. Exh. B (Defendants' Requests for Production 30, 33, 34, 36, 37 and 38).



Honorable Elizabeth A. Wolford
December 29, 2022
Page 2

The bulk of the damages that Plaintiff will likely claim, should this litigation advance to the damages phase, are back pay damages from the date of Plaintiff's termination on July 1, 2015. Plaintiff's entitlement to back pay damages depends on whether she has engaged in efforts to mitigate any damages by seeking other work. While Plaintiff has produced documents relating to her job applications from July 2015 through January 2021, she chose not to supplement her production with evidence of her mitigation efforts (if any) over the ***last two years***. Under Federal Rule of Civil Procedure 26(e), Plaintiff has had a continuing obligation to supplement her document production with documents responsive to these requests. Per Federal Rule of Civil Procedure 37(c), a party's failure to provide information as required by Federal Rule of Civil Procedure 26(a) or (e) may warrant various sanctions including preclusion of evidence or witnesses. *Fujifilm N. Am. Corp. v. Big Value, Inc.*, No. 16-cv-5677 (BMC), 2018 U.S. Dist. LEXIS 150204, at *10 (E.D.N.Y. Sep. 4, 2018) (precluding use of withheld damages evidence).

Now, Plaintiff simply refuses to update her evidence of mitigation, and hides behind the excuse that "Plaintiff understands her duty to supplement and will do so at the appropriate time, but that time is not now." Exh. A (Plaintiff's Letter dated December 9, 2022).

Plaintiff argues that the Bifurcation Order (Dkt. 237) authorizes her to withhold evidence on damages, including any evidence about Plaintiff's mitigation efforts since January 2021, until after the liability phase of the trial has been concluded. *See* Exh. A. But the Bifurcation Order simply states: "As stipulated to by the parties on the record during the July 26, 2021 conference, the Court hereby ORDERS that the issues of damages relating to the amount of back pay and front pay are bifurcated to be decided by the Court post-trial." This Order in no way justifies Plaintiff's unilateral decision to withhold relevant evidence from Defendants.

Plaintiff likewise chose not to supplement her exhibit list with any evidence of mitigation efforts since January 2021, despite having two opportunities to file final exhibit lists on the eves of the trials that were expected to start in August 2021 and then in May 2022. In advance of these trial dates, Plaintiff filed three iterations of her trial exhibit list, Dkt. 207 filed on July 13, 2021, Dkt. 242 filed on August 5, 2021, and Dkt. 276 filed on April 28, 2022. On each of these exhibit lists, Plaintiff included evidence related to mitigation efforts only up until January 2021.

As the Court prescribed in its Pretrial Order dated June 25, 2021 (Dkt. 184), "[e]xcept for extraordinary cause, the Court will not allow the introduction into evidence of exhibits not listed on the exhibit lists and made part of the exhibit books." Pretrial Order (Dkt. 184) at II (B). The Court has not drawn any distinction between exhibits on liability and those on damages. Notwithstanding this clear instruction, Plaintiff has refused to supplement her trial exhibit list with certain documents related to damages.



Honorable Elizabeth A. Wolford
December 29, 2022
Page 3

### B. Plaintiff Impermissibly Refuses to Produce or Identify the Documents Upon Which Her Expert Relied

In addition to Plaintiff's refusal to update her mitigation documents, Plaintiff has also failed to provide, or even identify, all of the documents her expert witness, Rona Wexler, considered and relied on in preparing her March 1, 2021 expert report.

On September 19, 2016, Defendants propounded a discovery request upon Plaintiff for the production of "Documents that have been or will be provided to any expert with whom Plaintiff plans to consult or upon whom Plaintiff will rely at trial." (Document Request No. 39). Exh. B (Defendants' Requests for Production). Plaintiff has failed to fully comply with this Request.

For example, Ms. Wexler's expert report lists several sources she received from the Plaintiff, which she considered and relied upon in preparing her report. Plaintiff has refused to produce several of these sources, most notably (i) any recording(s) of or notes taken during a four-hour vocational interview Ms. Wexler conducted of Plaintiff and another individual named Richard V. Turner on February 3, 2021, as well as (ii) a complete version of what Ms. Wexler describes as "Ms. Piehler's completed background information form." *See* Exh. C (correspondence between parties). While Plaintiff appears to have produced the "background form" itself, she outright refuses to produce several attachments referenced throughout the form.

Additionally, Plaintiff has refused to identify documents referenced in Ms. Wexler's report. *See* Exhs. A at p. 2 n. 1; C at pp. 2, 5. For instance, Ms. Wexler states that she reviewed and relied upon "Ms. Piehler's resume," "Ms. Piehler's self-prepared job search summary spreadsheet," and "Ms. Piehler's LinkedIn profile." Ms. Wexler does not include Bates Numbers for any of these documents, making it difficult for Defendants to determine whether they have been produced, or in the case where multiple versions of a document have been produced, such as Ms. Piehler's resume, the specific version of the document Ms. Wexler reviewed. Plaintiff has repeatedly refused to confirm which version of Ms. Piehler's resume and LinkedIn profile Ms. Wexler reviewed. *Id.* at p. 5.

Additionally, two of the three footnotes in Ms. Wexler's report list only author names and the years of publication, without identifying the titles of the publications or articles themselves. Plaintiff has refused to confirm that these footnoted sources correspond to sources by the same authors contained in two lists of "Resources and References" provided at the end of Ms. Wexler's report. *Id.*

Here too, Plaintiff relies upon the Bifurcation Order to justify her refusal to provide this information. Gallingly, rather than identifying or providing the requested publications and articles, Plaintiff responded that the articles for which she refused to provide a complete citation "can easily be obtained by you **from multiple sources in New York City if they are of pressing importance**



Honorable Elizabeth A. Wolford
December 29, 2022
Page 4

to you." Exh. A at pg. 2 n.1.  It should not be Defendants' obligation to go on a scavenger hunt through New York City to identify and locate documents cited by Plaintiff's expert.

Federal Rule of Civil Procedure 26(a)(2)(b) provides that parties have an obligation to disclose all facts or data relied on by their expert witnesses.  In addition, Your Honor's Pretrial Order states that failure to comply with "all expert disclosure requirements . . . listed at Fed. R. Civ. P. 26(a)(2) and (b)(4) . . . may result in preclusion of the testimony."  Pretrial Order (Dkt. 184) at II (C).  Plaintiff's actions blatantly disregard these obligations.

    **C. Plaintiff Unilaterally Determined that Her Damages Exhibits Did Not Need to be Included on Her Exhibit List**

Pursuant to the Court's Pretrial Order, both parties have submitted exhibit lists that include both liability and damages exhibits.  Plaintiff now uses the Court's Bifurcation Order as grounds for the submission of a separate damages exhibit list at some unspecified time in the future, and further argues that the parties are required to remove any damages exhibits from their exhibit lists.  *See* Exh. D (Plaintiff's May 6, 2022 Letter).

The Court has never called for the creation of separate damages exhibit lists and the Plaintiff should not be allowed to deviate from the Court's Pretrial Order through the unilateral decision to fashion a procedure to suit her needs.  Nor would there be any justification for Plaintiff to conceal from Defendants the documents on which she intends to rely during any phase of the trial.

    **D. Plaintiff Should be Precluded from Amending or Supplementing Expert Reports on Damages, Except to the Extent Permitted under the Federal Rules**

Plaintiff also seems to presume that the Bifurcation Order allows parties to substantially revise their expert reports on damages.

On May 5, 2022, Defendants' counsel asked Plaintiff's counsel to clarify a discrepancy between Plaintiff's expert report on damages and Plaintiff's proposed jury instructions regarding her Equal Pay Act claim.  Exh. E (correspondence between parties).  In Plaintiff's expert report from Steven J. Shapiro, Dr. Shapiro based his calculation of the total amount of Plaintiff's "lost compensation as a result of pay disparity" by comparing Plaintiff's pay to that of another Regional Director (who managed a separate sales territory), Kurt Luporini.  Conversely, in Plaintiff's proposed jury instructions, Plaintiff asks the jury to compare her work and compensation to that of multiple men.  Plaintiff's Proposed Jury Instructions (Dkt. 279) at ##6-10.

Plaintiff refused to explain this discrepancy, but noted that to the extent Defendants are referencing Plaintiff's damages expert report, "the damages report is not going to be presented to the jury and of course does not limit our proof at trial.  **For example, the damages report could**

Case 6:16-cv-06313-EAW-MWP   Document 317   Filed 12/29/22   Page 5 of 5



Honorable Elizabeth A. Wolford
December 29, 2022
Page 5

**always be amended depending on the jury's findings.**" Exh. E at p. 2 (correspondence between parties).

Contrary to Plaintiff's expectation, there is no broad license to amend a damages report to conform it to a jury's findings. As the District of Connecticut court observed in *Levinson v. Westport National Bank*,

> [Rule] 26(e) does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect. It should be assumed that at the time an expert issues his report, that report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought and therefore courts have held that a Plaintiff's duty to supplement its initial expert report does not arise when plaintiff seeks to bolster its earlier submission, but rather, arises **only if the expert *subsequently* learns of information that was previously unknown or unavailable**, that renders information previously provided in an initial report inaccurate or misleading because it was incomplete....

*Levinson v. Westport Nat'l Bank*, 2013 U.S. Dist. LEXIS 90640, at *12-14 (D. Conn. June 27, 2013) (internal citations and quotations omitted) (emphasis added). Therefore, should Plaintiff seek to amend her expert report to add a theory of liability based on information that was not previously unknown or unavailable, she should be precluded from doing so.

Defendants will be prepared to discuss these issues with the Court on January 13, 2023, or any other time that is convenient for the Court.

Respectfully submitted,

*/s/ Mark S. Sullivan*
Mark S. Sullivan

cc:    J. Nelson Thomas, Esq. (via email)
       nthomas@theemploymentattorneys.com
       Jonathan W. Ferris, Esq. (via email)
       jferris@theemploymentattorneys.com

       Attorneys for Plaintiff