**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

January 10, 2023

**VIA CM/ECF**

Honorable Elizabeth A. Wolford
United States District Judge
100 State Street
Rochester, New York 14614

    Re:    <u>Van Brunt-Piehler v. Absolute Software, Inc., et al.</u>
               **Civil Action No.: 6:16-cv-6313-EAW**

Dear Judge Wolford:

      We write in response to the defendants' December 29, 2022 letter that requests that this Court order that the parties now begin to engage in supplementing damages discovery, despite the fact that the liability phase of this case is far from over and the start of the damages phase is months away.

      As this Court is aware, it was at the **joint** request of the parties that this Court bifurcated the case into two separate phases, one for liability and one for damages. *See* Dkt. 237 ("As stipulated to by the parties on the record during the July 26, 2021 conference, the Court hereby ORDERS that the issues of damages relating to the amount of back pay and front pay are bifurcated to be decided by the Court post-trial.").[1]

      There is no basis to disturb this Court's Order. First, defendants do not even contend the information they seek is remotely relevant to this current phase of the case. Second, it was defendants who, along with the plaintiff, requested bifurcation. Significantly, defendants have advanced no reason why they should be permitted to renege on their commitment. Nor, more crucially, have defendants offered any rationale or facts for this this Court to change its previous Order and now consolidate, for the purposes of damages supplementation, bifurcated parts of the trial. Third, leaving all the above aside, the last thing this case needs, less than 60 days before the eve of trial, a whole new set of litigation on issues that will only be relevant, if at all, at a later phase in this case.[2]

---

[1]    The parties' stipulation, and the Court Order adopting it, is slightly more nuanced than the shorthand "liability" and "damages" that is used in this letter. These shortened terms are not meant to re-define this Court's Order, but for ease of reference, these terms will be used as abbreviated forms of what the parties agreed to and what this Court ordered. *See* Dkt. 237.

[2]    Defendants' letter to the Court seeks affirmative relief from the Court's August 4, 2021 Order regarding bifurcation. *See* Dkt. 317. Plaintiff could have insisted that defendants file a motion for relief, both because defendants seek affirmative relief, and because the plaintiff opposes defendants' request. However, as we noted in our December 9, 2022 letter to defendants, in order to reduce the amount of motion practice in this case, we are willing to abide by the Court's informal guidance on this issue if the Court chooses to resolve this dispute informally. The defendants also use their letter to raise a separate issue as to plaintiff somehow amending her expert report at a later date. To the

**None of the information that defendants seek is relevant to this stage of the proceedings or the upcoming trial.**

It is important to note that defendants do not claim that *any* of the information they seek has any relevance to this case at this juncture, including the liability trial that will begin in March. The information defendants seek (namely, Ms. Piehler's mitigating job search activities over the past two years; copies of two articles cited in a footnote of one of plaintiff's expert witness on damages; and the inclusion of plaintiff's damages exhibits in the liability trial exhibits binder) would only be relevant, if at all, at the damages phase of the proceeding which we understand will be held long after the liability phase is concluded.

Defendants are aware of this disconnect. Prior to their most recent request, the defendants had made a similar request, and seemed to implicitly acknowledge that they were not entitled to the requested information in the liability phase of the proceedings. Instead, defendants based their request on their claim that the damages phase of the proceedings would proceed immediately after the jury rendered its verdict and thus damages supplementation was needed immediately. Plaintiff's counsel disagreed and said that they understood there would be more than sufficient time between the two phases for such supplementation. This prompted defense counsel to ask the Court at the May 11, 2022 hearing when the damages phase would begin, apparently in the hopes that it would justify production of damages discovery during the liability phase of the case. In response to their request, the Court responded that the damages phase would begin later, and likely months later. *See* Transcript of May 11, 2022 Hearing, at 83. Thereafter, defendants altered their reasoning and now claim that they are entitled to complete damages discovery because the Federal Rules of Civil Procedure ("FRCP") requires that a party "timely" supplement its discovery responses. FRCP 26(e).

Significantly, defendants have never contended, nor could they, that the information they seek is relevant to this stage of the proceedings.

**Defendants previous agreed to, and the Court Ordered, bifurcation of liability and damages.**

Although defendants now attempt to back away from their commitment to bifurcate this case into distinct liability and damages phases, it was the defendants who themselves stipulated to this process in open court. *See* Transcript of July 26, 2021 Hearing at 5-7. The Court then ordered the bifurcation after the defendants' own request. *See* Dkt. 237 ("As stipulated to by the parties on the record during the July 26, 2021 conference, the Court hereby ORDERS that the issues of damages relating to the amount of back pay and front pay are bifurcated to be decided by the Court post-trial."). If the defendants wanted to bifurcate the case, but require damages supplementation during the liability phase of the trial, they should have asked then. There is no dispute that the Court was well within its powers to allow the bifurcation requested and agreed to by the parties. *See* Fed. R. Civ. P. 42(b); *see also Amato v. City of Saratoga Springs*, 170 F.3d 311,

---

degree that issue is even ripe, plaintiff would request that defendants make it by motion as it is outside the scope of the issue that the parties discussed for this letter.

316 (2d Cir. 1999) (bifurcation is appropriate where "litigation of the first issue might eliminated the need to litigate the second issue.").

As noted in *Amato*, bifurcation helps preserve the parties' and Court's resources by deferring the litigation of one claim (here, damages), until after the other claim (here, liability) is determined. A liability determination may, for example, eliminate the need for a damages phase of the trial, or at least shape the contours, of that damages phase. There would be no reason to bifurcate a case if it still required the parties to litigate all claims at the same time.

Moreover, defendants endorsed this concept during the same hearing at which they agreed to bifurcation. The defendants readily agreed that plaintiff's motions regarding the admissibility of defendants' experts no longer needed to be heard before the liability trial. *See* July 26, 2021 Transcript at 5-7, 11, 43-44. The Court also noted that with bifurcation, less evidence would be needed at the liability trial. *Id.* at 5-7, 11, 43-44, 68-69.

Defendants have provided no reason for their change in position to now request that plaintiff unilaterally supplement her expert discovery on damages issues—the same issues that they agreed should be moved until after the liability trial had been completed. Not only have they provided no reason for their own backtracking on their stipulation, they have not met the heavy requirements to show that this Court should join them on their journey to undo what had previously been agreed to and ordered.

In an attempt to justify their request, the defendants claim that plaintiff is "withholding" evidence, but that characterization is incorrect. To the contrary, as plaintiff has stated to defendants on numerous occasions, she is more than willing to produce any discovery that is relevant to the phase the case is currently in. Therefore, relying precisely on the language of FRCP 26(e) (the provision to which defendants cite this Court), plaintiff will also "timely" supplement all her damages discovery responses well in advance of the damages phase of the trial.

**Commencing discovery on the damages phase of the case now would not be a sound idea.**

Leaving aside the legal reasons, it would not be a good idea to burden this already heavily-litigated case with yet more litigation regarding damages.

Although plaintiff shares defendants' confidence that the jury will find liability and thus open the door to the damages phase, the purpose of the bifurcation stipulation was to not cross that threshold until it happens. The jury's verdict may well affect the contours of the damages at issue and thus the relevance of the discovery on those damages. Beyond that, it is entirely possible the parties may settle the case after (or even before) the jury returns its verdict and before the damages phase begins in earnest. There are a number of other possibilities that make the damages discovery moot and there is no need to rush ahead to that stage of the case before it is necessary.

One issue that the parties have disputed relates to the defendants' insistence that both the damages and liability exhibits must all be marked in the *liability* phase of the trial. Plaintiff does not believe that damages exhibits should be marked now. Damages exhibits are not going to be presented to the jury and thus their marking at this stage just clutters the already voluminous

Hon. Elizabeth A. Wolford
January 10, 2023
Page 4 of 4

exhibit books. It also confuses which exhibits are actually going to be used at this trial. Therefore, we would request that this Court resolve whether the exhibits for this liability part of the trial should include only liability exhibits, or also include any potential damages exhibits.

Additionally, adopting defendants' request to open damages discovery at this juncture does more than just open production of Ms. Piehler's continued job search efforts and two articles in a footnote of the expert's report. As evidenced by the last six-plus years litigating this action, it will undoubtedly involve extensive motion practice.

As examples, plaintiff had filed a motion to strike defendants' damages expert, as well a motion to limit the expert's testimony on mitigation should he even be allowed to testify. Both motions were denied without prejudice to renew at a later date because of the bifurcation stipulation that defendants were all too willing to enter into then. *See* July 26, 2021 Transcript at 43-44. Given that it is defendants' burden to prove that the plaintiff failed to mitigate her damages, if either of plaintiff's motions were granted, defendants have no basis to argue that the plaintiff failed to mitigate her damages. In that case, plaintiff's production of mitigation damages information is no longer needed. Plaintiff would therefore request that her motions be heard before she be required to produce additional documentation.

Additionally, to the degree that this Court orders that damages discovery be supplemented at this stage of the litigation, plaintiff would also request that defendants supplement their damages disclosure at this juncture. It would be a first in this case if such production proceeded without the need for some level of judicial intervention.

These are just some of the issues for motion practice that can be seen at this early stage. Undoubtedly there will be more. It is hard to imagine anyone looking at this case and thinking that what this really needs is another set of issues to be fought over and resolved by the Court, and particularly issues unrelated to the liability trial which will commence in less than 60 days.

*          *          *

In sum, there is no merit in defendants' arguments that documents relating to damages need to be produced at this. We appreciate the Court's time on this issue and are happy to discuss it during the January 13, 2023 conference.

Very truly yours,

/s/ Jonathan W. Ferris

Jonathan W. Ferris

cc:     All counsel of record (via CM/ECF)