UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARY VAN BRUNT-PIEHLER,

            Plaintiff,

     v.

ABSOLUTE SOFTWARE, INC.,
ABSOLUTE SOFTWARE CORPORATION,
GEOFF HAYDON, THOMAS KENNY,
AND TODD AWTRY,

            Defendants.
_____

**ORDER**

6:16-CV-06313 EAW

At the pretrial conference held on Friday, January 13, 2023, the undersigned announced various rulings with respect to pending motions *in limine* and set further pretrial deadlines. This Order memorializes those rulings and further deadlines, but reference should be made to the transcript of the proceeding on January 13, 2023, for the full details and reasoning for the Court's various rulings.

Plaintiff's motion to re-open discovery to conduct the deposition of Lyle Singular (Dkt. 307) is DENIED.

Defendants' second omnibus motion *in limine* (Dkt. 271) is GRANTED to the extent that Plaintiff may not introduce evidence of defendant Geoff Haydon's Twitter followers and his "liking" posts about consuming bananas; DENIED as moot as to evidence that defendant Haydon was late to his deposition; GRANTED to the extent that Plaintiff may not introduce evidence of complaints or accusations of discrimination against defendant Haydon's prior employer memorialized in the September 12, 2007

*Wall Street Journal* article submitted by Plaintiff but background evidence pertaining to the culture at defendant Haydon's prior employer may be admissible to provide context for Plaintiff's allegations; and GRANTED to the extent that Plaintiff may not claim that she was not ultimately paid certain commissions in 2014 unless she first proffers evidence (other than her own conclusory allegation) supporting this contention.

Plaintiff's motion *in limine* to admit the verbatim employee survey comments (Dkt. 275) is DENIED as premature.

Plaintiff's omnibus motion *in limine* (Dkt. 280) has been resolved with respect to the emails addressed in the motion and is otherwise DENIED.

The Court reserves decision on Plaintiff's motion to exclude Defendants' trial exhibits 627-635 (Dkt. 277).

With respect to the parties' disagreement regarding Plaintiff's obligation to supplement her continuing job search since January 2021 (*see* Dkt. 317; Dkt. 318), Rule 26 imposes upon the parties a continuing duty to disclose, and therefore the bifurcation of the trial does not relieve Plaintiff of her duty to supplement this information. However, pursuant to the stipulation by the parties to bifurcate the trial (*see* Dkt. 237), neither party must make pretrial filings, including identifying any trial exhibits, related to the potential bifurcated damages phase of the trial which will be scheduled at a later date, if necessary.

As to the issue relating to Mr. Singular's deposition transcript, the Court finds relevant the testimony from Mr. Singular regarding comments reflecting alleged age bias purportedly made by Mr. Olsen. Plaintiff shall identify for Defendants her revised deposition designations for Mr. Singular's deposition transcript on or before January 18,

2023. Defendants shall respond with any objections, and their own deposition designations, on or before January 27, 2023. Plaintiff shall respond to Defendants' deposition designations on or before February 3, 2023. On or before February 8, 2023, the parties shall submit to the Court a color-coded copy of the deposition transcript, designating which portions remain in dispute.

In addition, the Court sets the following deadlines regarding any further pretrial issues:

On or before January 18, 2023, Plaintiff's counsel shall confirm with Defendants' counsel whether they received on May 30, 2018, the employee spreadsheets contained in Defendants' trial exhibits. Defendants must produce to Plaintiff the underlying data for these exhibits on or before January 27, 2023.

Any further motion to bifurcate any portion of the trial shall be filed on or before January 27, 2023, with any response due on or before February 10, 2023.

Plaintiff must file any motion to call Mr. Singular as a live witness on or before January 27, 2023, and responses to any such motion are due on or before February 10, 2023.

On or before February 3, 2023, Plaintiff's counsel must inform defense counsel whether they object to Mr. Booker testifying as a records custodian for the defense. If Plaintiff's counsel objects to Mr. Booker's testimony, Defendants shall file any motion to permit Mr. Booker to testify on or before February 10, 2023. Plaintiff's response shall be due on or before February 17, 2023.

A further pretrial conference is scheduled for Wednesday, February 22, 2023, at 10:30 a.m., at the U.S. Courthouse, 100 State Street, Rochester, N.Y., before the undersigned.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:	January 18, 2023
	Rochester, New York