UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY VAN BRUNT-PIEHLER,<br><br>                              *Plaintiff,*<br><br>v.<br><br>ABSOLUTE SOFTWARE, INC., ABSOLUTE SOFTWARE CORPORATION, GEOFF HAYDON, THOMAS KENNY, and TODD AWTRY,<br><br>                              *Defendants.* | Civil Action No.<br>16-CV-6313-EAW-MWP |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO PERMIT ROBERT BOOKER TO TESTIFY AT TRIAL**

THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Of Counsel:   J. Nelson Thomas
              Jonathan W. Ferris

## PRELIMINARY STATEMENT

Defendants indicate that they are intending to call Robert Booker, Absolute's current Vice President of Human Resources, for the very limited purpose of "laying the foundation for business records, which simply reflect data about Absolute." Defendants' Motion at 4. Assuming that is true, Plaintiff has no objection to Mr. Booker testifying solely as a records custodian under Federal Rule of Evidence 803(6), and for many of those business records, Plaintiff believes the parties will be able to reach agreement in advance of trial on the foundation of such records obviating the need for live testimony. However, in the unlikely event that Mr. Booker attempts to testify outside the very narrow scope of FRE 803(6) as a fact witness, he is an undisclosed fact witness that is obviously barred from testifying under Rule 37(c)(1).

Accordingly, the Court should prohibit Mr. Booker from testifying on any grounds other than as a records custodian under FRE 803(6).

## ARGUMENT

**I.   FOR MANY OF BUSINESS RECORDS, THE PARTIES SHOULD BE ABLE TO REACH AGREEMENT ON FOUNDATION, MOOTING THE NEED FOR ANY LIVE TESTIMONY.**

As an initial matter, it is unlikely that Mr. Booker's live testimony is even necessary for establishing the foundation of many of the business records that both parties intend to offer at trial. As Defendants point out, both parties have listed Absolute business records on their exhibits lists, including financial statements. Defs. Br. at 2. With the notable exception of the employee rosters (Defendants' Exhibits 627-635), Plaintiff expects that the parties should be able to reach agreement on the foundation of many of the business records. Assuming that

1

prediction is correct, there would be no need for Mr. Booker to testify as a records custodian given such agreements.

Plaintiff intends to provide to Defendants by February 23, 2023 a list of business records for which the foundation can be stipulated and without the need for live testimony from Mr. Booker. To the degree that we are subsequently unable to come to an agreement with Defendants on the admissibility of those documents by February 27, 2023, Plaintiff request that the Court order Mr. Booker to appear at trial to testify as a records custodian for such contested business records.

**II. TO THE EXTENT THAT HE IS ALLOWED TO TESTIFY, MR. BOOKER SHOULD BE FULLY PREPARED TO, AND ONLY BE ALLOWED, TO TESTIFY STRICTLY UNDER THE PARAMETERS OF FRE 803(6)(A)-(E) AS A RECORDS CUSTODIAN.**

Defendants indicate that they are intending to call Mr. Booker solely for the purposes of being a records custodian under FRE 803(6). *See* Defendants' Motion at 4 ("Mr. Booker would be laying the foundation for business records"). Plaintiff has no objection to Mr. Booker being offered as a records custodian to attempt to establish the elements of FRE 803(6), as long as his testimony does not exceed those narrow boundaries.

As a result, we would expect that Mr. Booker would come prepared to testify to testify for each purported business record that: (1) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (2) the record was kept in the course of a regularly conducted activity of Absolute; (3) making the record was a regular practice of that activity; (4) all these conditions are shown by the testimony of Mr. Booker that complies with Rule 902(11) or (12) or with a statute permitting certification; and (5) Plaintiff does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. Fed R. Evid. 803(6)(A)-(E). If Mr. Booker is not fully

prepared to testify as to each of these elements for any business records for which foundation is necessary, Mr. Booker should not bother to show up for trial. Assuming Mr. Booker is prepared to testify at trial, it is his burden of showing that each of the five requirements of Fed R. Evid. 803(6) are met.[1] *See Reynolds v. Am. Airlines, Inc*., No. 14 CV 2429 (CLP), 2017 WL 6017355, at *3 (E.D.N.Y. Dec. 4, 2017) (burden is on the custodian to establish that the elements of FRE 803(6) are met).

Accordingly, to the extent that Mr. Booker is fully prepared to testify as a records custodian under the strict limits of FRE 803(6), Plaintiff has no objection to such testimony. However, to the extent that Defendants seek to have Mr. Booker's testimony move beyond the narrow contours of FRE 803(6) and instead use him to provide personal knowledge, factual information, or offer any other analyses, his testimony should be precluded.

### III. MR. BOOKER CANNOT TESTIFY AS A FACT WITNESS BECAUSE HE WAS NOT DISCLOSED AS A WITNESS IN DEFENDANTS' INITIAL DISCLOSURES.

To the extent that Defendants are attempting to have Mr. Booker testify based on his personal knowledge or as to other factual information, the reason for his preclusion is simple: he was never identified in Defendants' initial disclosures.

Rule 37(c)(1) provides the remedy of precluding the party from using an undisclosed witness at trial, unless the failure was substantially justified, or harmless. Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1)'s preclusionary sanction is automatic absent a determination of either substantial justification or harmlessness." *Innis Arden Golf Club v. Pitney Bowes, Inc.*, No. 3:06CV1352, 2009 WL 5873112, at *2 (D. Conn. Feb. 23, 2009).

---

[1] Plaintiff reserves her right to challenge Mr. Booker as a proper records custodians under FRE 803(6) at trial.

Here, if Defendants are intending to offer testimony from Mr. Booker that is outside that of a records custodian under FRE 803(6), Mr. Booker is a fact witness. In turn, as an undisclosed fact witness, Mr. Booker would be precluded from testifying about such factual information under Fed R. Civ. P. 37(c)(1).

Accordingly, to the extent that Defendants attempt to have Mr. Booker testify regarding anything other than as a record custodian under FRE 803(6), his testimony should be precluded under Fed R. Civ. P. 37(c)(1).

## CONCLUSION

Based on the foregoing reasons and Defendants' assurances that Mr. Booker is only testifying as a records custodian, the Court should prohibit Mr. Booker from testifying as to any information other than the very limited grounds of establishing foundation under FRE 803(6).

Dated: February 17, 2023

                              **THOMAS & SOLOMON LLP**

                By:    s/ Jonathan W. Ferris
                        J. Nelson Thomas, Esq.
                        Jonathan W. Ferris, Esq.
                         *Attorneys for Plaintiffs*
                        693 East Avenue
                        Rochester, New York 14607
                        Telephone:  (585) 272-0540
                        nthomas@theemploymentattorneys.com
                        jferris@theemploymentattorneys.com