**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

February 27, 2023

**VIA CM/ECF**

Honorable Elizabeth A. Wolford
United States District Court
Western District of New York
100 State Street
Rochester, NY 14614

      Re:    <u>Van Brunt-Piehler v. Absolute Software, Inc. et al.</u>
               <u>Civil Action No. 16-cv-6313-EAW-MWP</u>

Dear Judge Wolford:

      We write in advance of tomorrow scheduled pretrial conference to raise an issue regarding defendants' trial exhibits, and specifically the exhibits relating to damages.

      At the January 13, 2023 pretrial conference, the Court directed that damages related documents should be removed from the parties trial binders. *See* January 13, 2023 Transcript at 37:16-20 ("I see no reason to be cluttering up your exhibit lists or identifying exhibits or making pretrial filings that are related to an issue that has been bifurcated that we may never get to.").

      Given the Court's instructions, Plaintiff has dutifully removed over 70 damages related documents from her trial exhibit index and corresponding exhibits. On February 24, 2023, the parties informally exchanged updated exhibit lists and exhibits.[1]

      However, in reviewing the updated list and exhibits that Defendants provided to us, it appears that a large amount of damages exhibits remain on Defendants' list (*see e.g.*, Exs. 554-560, 573-586, 617-619, 736-785). These documents include documents such as the Employability Report by our mitigation of damages expert (Ex. 554), the Bureau of Labor Statistics Occupational Employment Statistics for May 2016 (Ex. 555), a PR Newswire article from 2019 entitled "U.S. Tech Unemployment Rate at Record Low" (Ex. 558), documents, including tax documents, related to Ms. Piehler's employment after she was fired by Absolute. (Exs. 573, 576, 617-619), and articles written by defendants' damages witness on the issue of damages, "The Use of Attrition Rates for Economic Loss Calculations in Employment Discrimination Cases, A Hypothetical Study" (Ex. 736).

---

[1]     Plaintiff is intending to formally file her amended/corrected exhibit list later today on the ECF system, and our understanding is that Defendants are intending to do the same.

Honorable Elizabeth A. Wolford
February 27, 2023
Page 2

      We contacted the Defendants and requested that the Defendants either stipulate to the removal of these damages related documents, or provide a non-damages based reason for their admission. To date, Defendants have refused to provide either, or even a response of any kind.

      Defendants' designation of these damages related exhibits represents a violation of the Court's directive to not include such documents. Additionally, Defendants' continued inclusion of these documents raises a pressing practical problem. To the degree Defendants seriously intend to offer into evidence at the upcoming trial documents such as an article written by their damages expert entitled "The Use of Attrition Rates for Economic Loss Calculations in Employment Discrimination Cases, A Hypothetical Study," or our damages expert's report, or any of the other damages related documents they designated, then this becomes an issue that needs immediate attention (whether through a motion *in limine*, or arranging for the testimony of the parties' damages expert) as it takes the trial in an entirely new direction.

      Therefore, we would like to address this issue with the Court at the pretrial conference currently scheduled for Tuesday, February 28, 2023.

      Very truly yours,

      **/s/ Jonathan W. Ferris**

      Jonathan W. Ferris

cc:    All counsel of record (via email)