

**LAURA M. LESTRADE**
**(212) 415-9227**
**FAX (212) 953-7201**
**lestrade.laura@dorsey.com**

February 27, 2023

**VIA ECF**

Honorable Elizabeth A. Wolford
United States District Judge
Western District of New York
100 State Street
Rochester, New York 14614

Re:   Mary Van Brunt-Piehler v. Absolute Software, Inc., Absolute Software
       Corporation, Geoff Haydon, Thomas Kenny and Todd Awtry
       16 Civ. 6313 (EAW) (MWP)

Dear Judge Wolford,

We write in response to Plaintiff's February 27, 2023 letter regarding trial exhibit issues.

At 8 PM on Saturday night, Plaintiff's counsel sent us an email demanding that Defendants either stipulate to the removal of Defendants' exhibits 554-560, 573-586, 617-619, 736-785 from Defendants' Trial Exhibit List or provide the basis for the admissibility of the documents.

As an initial matter, we did not understand Your Honor's statement at the January 13, 2023 pre-trial conference as an Order requiring the parties to remove damages exhibits from their respective exhibit lists. We interpreted that statement to mean that the Court recognized a benefit to having separate liability and damages exhibit lists, but did not order the parties to overhaul their respective exhibit lists (both parties had prepared exhibit lists that had included both damages and liability exhibits). *See e.g.*, Plaintiff's Amended Trial Exhibit List (Dkt. 276) (entries 1185-1189; 1191-1194).

That being said, Defendants have no intention of offering exhibits at the liability trial that go solely to damages, so we fail to understand how this is a significant issue that requires the Court's immediate attention. If Defendants were to offer an exhibit that Plaintiff views as related only to damages, Plaintiff would be able to assert any objection as to admissibility.

We also note that at least six of the exhibits that are of concern to Plaintiff appear on Plaintiff's most recent exhibit list as well.[1]

Plaintiff's exhibit list also includes multiple documents that the Court has ***actually ordered*** are inadmissible, including exhibits pertaining to Geoff Haydon's Twitter followers, an article concerning discrimination complaints at Geoff Haydon's prior employer, emails purporting to memorialize comments made by Art Robinson, and Amy Rathbun's resignation letter.

---

[1]   DX 578 is PX 157, DX 580 is PX 964, DX 583 is PX 1049, DX 745 is PX 351, DX 763 is PX 1216, DX 781 is PX 1238.



Honorable Elizabeth A. Wolford
February 27, 2023
Page 2


Plaintiff also includes patently inadmissible documents including the Affirmation by Jonathan W. Ferris in Opposition to Defendants' Motion for Summary Judgment (Dkt. 157) at PX 1190 and newspaper articles about alleged discrimination at other technology companies (PX 1241-PX 1244).  Rather than raise these issues with the Court, Defendants provided Plaintiff with a list of objections and the grounds for each objection on January 12, 2023, and planned to raise any additional objections to Plaintiff's trial exhibits during the course of trial.

        Respectfully submitted,

        Laura M. Lestrade


cc:    J. Nelson Thomas, Esq. (via ECF)
       nthomas@theemploymentattorneys.com
       Jonathan W. Ferris, Esq. (via ECF)
       jferris@theemploymentattorneys.com

       Attorneys for Plaintiff