UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARY VAN BRUNT-PIEHLER,

                                             *Plaintiff,*

v.

                                         Civil Action No.
                                         16-cv-6313

ABSOLUTE SOFTWARE, INC., ABSOLUTE SOFTWARE CORPORATION, GEOFF HAYDON, THOMAS KENNY, and TODD AWTRY,

                                            *Defendants.*

## PLAINTIFF'S AMENDED VOIR DIRE INFORMATION[1]

THOMAS & SOLOMON LLP
*Attorneys for Plaintiff*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540

Of Counsel:   J. Nelson Thomas
                     Jonathan W. Ferris

---

[1] Plaintiff is filing this amended *voir dire* in anticipation of the parties filing a stipulation to dismiss plaintiff's age discrimination claims as discussed with the Court on March 3, 2023. To the extent that the Court grants the parties' stipulation, this submission is intended to replace Plaintiff's previous *voir dire* submission.

## CASE DESCRIPTION

The plaintiff in this action, Mary Van Brunt-Piehler, is suing her former employer, Absolute Software, Inc. and its parent company Absolute Software Corporation, and three former employees: Geoff Haydon, Thomas Kenny and Todd Awtry.  Plaintiff alleges that defendants violated the law by terminating her employment on July 1, 2015 because of her sex and by retaliating against her for having complained of discrimination in July 2014.  Plaintiff also asserts a claim under the Equal Pay Act, alleging that she was paid less than a male employee based on her sex.  Defendants dispute each of Plaintiff's claims and maintain that her employment was terminated for business reasons having nothing to do with her sex.[2]

---

[2]   The parties have agreed to use this concise statement of the case for the Court to use with the prospective jury.

## COUNSEL

1.         Attorneys for Plaintiff

    J. Nelson Thomas
    Jonathan W. Ferris
    Jessica L. Lukasiewicz
    Erin K. Hanlon
    Thomas & Solomon LLP
    693 East Avenue
    Rochester, New York 14607

2.         Paralegals

    Sarah Hulbert
    Thomas & Solomon LLP
    693 East Avenue
    Rochester, New York 14607

## NAMED PLAINTIFF

Name: Mary Piehler

Address: 7 LaTour Manor Fairport
Fairport, NY 14450

# WITNESS LIST

| Witness | Occupational Association | Address (to the extent presently known by plaintiffs' counsel) | General Subject Matter of Testimony |
|---|---|---|---|
| Todd Awtry | Defendant | | Mr. Awtry is expected to testify as to the claims and defenses in this case. |
| Daniel Berardo | Former Human Resources Director of Absolute | | Mr. Berardo is expected to testify as to the claims and defenses in this case. Plaintiff believes that he will be a deposition witness. |
| Geoff Haydon | Defendant | | Mr. Awtry is expected to testify as to the claims and defenses in this case. |
| Thomas Kenny | Defendant | | Mr. Kenny is expected to testify as to the claims and defenses in this case. |
| Errol Olsen | Former employee of Absolute | | Mr. Olsen is expected to testify as to the claims and defenses in this case. Plaintiff believes that he will be a deposition witness. |
| Mary Piehler[3] | Plaintiff | 7 LaTour Manor Fairport, NY 14450 | Ms. Piehler is expected to testify as to her claims in |

---

[3]  Plaintiff respectfully requests to be referred to as "Ms. Piehler" during trial. Given the difficulties of attempting to find employment in the tech industry with an active discrimination lawsuit that could be discovered by potential employers, Ms. Piehler used her maiden name in originally filing this lawsuit.

| | | | |
|---|---|---|---|
| | | | this case. |
| Amy Rathbun | Former employee of Absolute | | Ms. Rathbun is expected to testify as to plaintiff's claims in this case and the culture at defendants. Plaintiff believes that she will be a deposition witness unless she appears a trial, at which point plaintiff may call her for live testimony. |
| Art Robinson | Former employee of Absolute | | Mr. Robinson is expected to testify as to plaintiff's claims in this case and the culture of Absolute Software. Plaintiff believes that he will be a deposition witness unless he appears a trial, at which point plaintiff may call him for live testimony. |
| Lyle Singular | Former employee of Absolute | | Assuming that the stipulation that the parties enter into regarding the dismissal is entered by the Court, Plaintiff would not call. In the unlikely event the stipulation is not approved, Mr. Singular's deposition testimony will be regarding plaintiff's claims in this case and the culture of Absolute Software. |

| Robert Booker | Current employee of Absolute | | To the extent that Mr. Booker is permitted to testify as a business records custodian and lay a foundation, he is expected to testify regarding Absolute's employees and to lay the foundation for other business records. |
|---|---|---|---|

Plaintiff may call the above witnesses as part of her case-in-chief, for impeachment purposes, or for rebuttal. Depending on the Court's ruling on plaintiff's pretrial motions, plaintiff reserves her right to modify or supplement this witness list. Plaintiff may also call additional rebuttal witnesses depending on the testimony of defendants' witnesses. Although not anticipated, plaintiff also reserves the right to call a witness for defendants to the extent that there are issues with defendants' custodians of business records.

Given the preference for live testimony, plaintiff intends to question as many witnesses in court as possible. To the extent that witnesses are unavailable, plaintiff intends to introduce testimony into the record including, but not limited to: reading deposition transcripts into the record, having different individuals read and respond to deposition testimony to simulate trial testimony, and playing video recordings of taped depositions. To the extent that the Court is willing to also allow for certain witness to appear by videoconference, plaintiff is happy to discuss such arrangements at the pretrial conference.

## REQUEST FOR VOIR DIRE

Pursuant to the Courts' Pretrial Order, plaintiff expressly requests the opportunity for *voir dire* and submits the below list of proposed questions.

**PLAINTIFF'S VOIR DIRE QUESTIONS TO THE JURY**

A. <u>Information Regarding Plaintiffs, Defendants, and Witnesses</u>

    1. Do you know Ms. Piehler, the plaintiff in this case?

    2. Do you know the judge in this case?

    3. Are you familiar with defendant, Absolute Software, Inc. or Absolute Software Corp.? If so, explain.

    4. Are you familiar with defendant, Geoff Haydon? If so, explain.

    5. Are you familiar with defendant, Thomas Kenny? If so, explain.

    6. Are you familiar with defendant, Todd Awtry? If so, explain.

    7. Do you know plaintiff's attorneys, Nelson Thomas and Jonathan Ferris?

    8. Do you know Mark Sullivan, Laura Lestrade, or Josh Kornfield, the attorneys for the defendants?

    9. Do you know any of the non-party witnesses in this case?

B. <u>Personal Background</u>

    1. Where do you live?

    2. How long have you lived at your present address?

    3. Where did you live before your present address?

    4. What is your marital status?

    5. Do you have any children? What are their ages?

    6. What are your hobbies?

    7. What TV channels do you watch?

    8. What book have you read most recently?

    9. Where do you get your news?

C. <u>Work Experiences</u>

1. What kinds of employers have you worked for?
2. Do you consider them to be large or small companies?
3. Have you ever managed or supervised someone else?
4. If so, what was the hardest part of managing others or supervising others?
5. Do you get along with all of your co-workers?
6. What do you consider discrimination?
7. Have you ever been accused of discrimination?
    a. If yes, tell me more.
    b. If yes, did you believe that situation had the right result?
8. Have you ever accused someone of discrimination?
    a. If yes, tell me more.
    b. What was the outcome?
9. Have you ever witnessed what you thought was discrimination?
    a. If yes, tell me more.
    b. What was the outcome?
10. Has someone ever said to you that they felt they were being discriminated against?
    a. If yes, tell me more.
11. Do you think that if someone is being discriminated against that they have to submit a "formal" complaint to human resources?
    a. What about verbal discussions?
    b. What about to a governmental investigator?
12. What do you think someone should do if they experience discrimination in their workplace?
13. What would you consider a complaint of discrimination?
14. What does the term "retaliation" in the employment context mean to you?
15. Does anyone here feel they have experienced any kind of discrimination or retaliation?
    a. If yes, tell me more.

        b. Did it have anything to do with a work situation?

           a.      Did it affect your salary?

           b.      Did it affect your ability to progress in your job?

        c. Were you able to do anything about it?

16. How do you think companies should pay male and female employees who perform the same work?

17. When would it be acceptable to treat women differently than men in the workplace based on gender?

18. What do you think an employer should do if an employee brings up a claim of discrimination in the workplace?

19. Do you agree with the phrase, "Whatever women do they must do twice as well as men to be thought half as good?"

20. Do you believe most female workers are an asset for their company?

21. What are your thoughts on the "me too" movement?

D. <u>Prior Jury Duty</u>

1. Have you ever been called for jury duty?

2. When and where was that?

3. Did you hear the case and deliberate on a verdict?

4. What kind of case was it?

5. Did anything happen in that case that would affect you in deciding this case?

6. Will you follow the law the judge gives you and base your verdict on the law and the evidence you hear in this case?

7. Are you acquainted with or know any other persons called for jury duty in this case? If so, please state who they are and how you are acquainted with them.

E. <u>Court</u>

1. Have you ever been a party or witness to a lawsuit?

2. What were the circumstances of the case?

F.      <u>Catchall</u>

    1.      Is there anything in your background you think we should know, but have not asked, that could affect your ability to be a fair and impartial juror in this case?

Dated: March 3, 2023

                                      **THOMAS & SOLOMON LLP**

                      By:     s/ Jonathan W. Ferris

                              J. Nelson Thomas, Esq.
                              Jonathan W. Ferris, Esq.
                              *Attorneys for Plaintiff*
                              693 East Avenue
                              Rochester, New York 14607
                              Telephone: (585) 272-0540
                              nthomas@theemploymentattorneys.com
                              jferris@theemploymentattorneys.com