

LAURA M. LESTRADE<br>
(212) 415-9227<br>
FAX (212) 953-7201<br>
lestrade.laura@dorsey.com

March 7, 2023

**VIA ECF**

Honorable Elizabeth A. Wolford
United States District Judge
100 State Street
Rochester, New York 14614

      Re:    Mary Van Brunt-Piehler v. Absolute Software, Inc., Absolute Software
                Corporation, Geoff Haydon, Thomas Kenny and Todd Awtry
                16 Civ. 6313 (EAW) (MWP)

Dear Judge Wolford,

      Defendants write with respect to Plaintiff's proffer that she was not ultimately paid the commissions she was entitled to for her New York Department of Education sales. Plaintiff claimed in her affirmation in opposition to Defendants' Motion for Summary Judgment:

> While I ultimately had part of my commissions reimbursed for some of the DOE account at that time, **to the best of my knowledge**, I was never fully repaid the full amounts of the DOE commissions owed to me. **And even the amounts owed to me were paid months late**.

Affirmation of Mary Van Brunt-Piehler in Opposition to Defendants' Motion for Summary Judgment, ¶ 66 (Dkt. 156) (emphasis added).

      The Court recognized with respect to Defendants' Motion *in Limine* to exclude evidence that Plaintiff was not paid certain commissions (Dkts. 271-272):

> But the Plaintiff is going to have to demonstrate to me that she has something more than her just stating that she was not paid what she was owed. Because if it's only the latter, just the Plaintiff stating, with no support, that she was not paid what she was owed, I agree with the Defense that we will be having a **trial within a trial on a complicated calculation**, and Rule 403 would preclude that evidence.

January 13, 2023 Hearing Tr. at 15:12-19 (emphasis added). During yesterday's proceedings, Plaintiff renewed her commitment to make a proffer that Plaintiff was not ultimately paid commissions based on paystubs, the primary hard evidence that exists to reflect what employees were paid:



Honorable Elizabeth A. Wolford
March 07, 2023
Page 3

>    MR. THOMAS: Correct your Honor. We will, I will in a position to present that for your Honor tomorrow morning or during the testimony itself the documents we'll rely on.
>
>    THE COURT: No we need it before you have her testify to the jury.
>
>    MR. THOMAS: We'll be glad to present that.
>
>    THE COURT: What is it going to be based on.
>
>    MR. THOMAS: The memo that Todd Awtry sent out **and her pay stubs.**

March 6, 2023 Rough Hearing Transcript at 53:9-24 (emphasis added). Defendants insisted on a proffer of hard evidence that Plaintiff was not ultimately paid her commissions because: (1) Plaintiff is not suing for damages for unpaid commissions and such a cause of action would be time-barred by New York's six year statute of limitations for breach of contract claims, *see* CPLR § 213(2) (providing for a six year limitations period for "an action upon a contractual obligation or liability"); (2) admitting evidence that insinuates that Plaintiff was not paid would result in a mini-trial on a very complicated issue and would waste the jury's time; and (3) the prejudice of this evidence outweighs its probative value.

   The only piece of evidence that Plaintiff submitted in her "proffer" late last night was a single email from Defendant Todd Awtry where Mr. Awtry states: "Now that the investigation is complete we'll do a revised commissions calculation later today and **overnight a manual check to you**. Any additional commission **will be paid** once we have confirmed the facts." Dkt. 351 at DEFS00135. This "proffer" is not hard evidence that Plaintiff was not paid commissions; rather it suggests the exact opposite; that the plan was to pay her these commissions. Plaintiff has submitted **no evidence** proving that she was not paid.

   The email Plaintiff submitted from Todd Awtry is in regards to a protocol put in place where Absolute would (1) determine what commissions Mary Piehler and several of her male colleagues should be paid to-date and (2) a protocol on how commissions would be paid going forward. Ms. Piehler's team applied this protocol, analyzed orders that had been placed in FY 2014, and came up with a spreadsheet of what orders should be paid at an accelerated 130% commission rate and which would be paid at 80%. Todd Awtry made the decision to pay the sales team on all of the orders they identified to be accelerated in that spreadsheet. *See* Exhibits A (DX 456 at DEFS 01363) ("Todd just provided direction to just pay these amounts and be done with them, and I'm inclined to agree."); B (DX 659 at DEFS01354) (Todd Awtry: "I approve paying these").

   Ultimately, to determine whether Plaintiff was not paid full commissions on the orders identified by her team would involve a long and complicated calculation. This calculation would



Honorable Elizabeth A. Wolford
March 07, 2023
Page 3

require reviewing commission statements, paystubs, and emails. Plaintiff's proffer of an email, dated June 30, 2014, suggesting that commissions would be calculated, does not come close to the type of hard evidence needed for a proffer.

                                        Respectfully submitted,

                                        Laura M. Lestrade

cc:      J. Nelson Thomas, Esq. (via ECF)
          nthomas@theemploymentattorneys.com
          Jonathan W. Ferris, Esq. (via ECF)
          jferris@theemploymentattorneys.com

          Attorneys for Plaintiff

51 West 52nd Street | New York, NY | 10019-6119 | T 212.415.9200 | F 212.953.7201 | dorsey.com

4872-9098-5557\1

# Exhibit A

## RE: DOE reconciliation Spreadsheets

**From:**
Leigh Ramsden <lramsden@absolute.com>

**To:**
Irwin Tang <itang@absolute.com>, Todd Awtry <tawtry@absolute.com>

**Cc:**
Michael Kenny <mkenny@absolute.com>

**Date:**
Wed, 24 Sep 2014 18:15:30 +0000

OK – Todd just provided direction to just pay these amounts and be done with them, and I'm inclined to agree.

Irwin – can you quadruple check Charles' numbers? There have been ins, outs, removals, addbacks, etc. Just want to make sure it's 100% correct.

Thanks so much!

L

---

**From:** Irwin Tang
**Sent:** Wednesday, September 24, 2014 11:13 AM
**To:** Leigh Ramsden; Todd Awtry
**Cc:** Michael Kenny
**Subject:** RE: DOE reconciliation Spreadsheets

Hi All,

By adding back the $402,698,

This will result in a commission catchup for FY14 of:

Charles - $8,645.84
Mary - $2,899.12

I

---

**From:** Leigh Ramsden
**Sent:** September-23-14 9:34 AM
**To:** Todd Awtry; Irwin Tang
**Cc:** Michael Kenny
**Subject:** RE: DOE reconciliation Spreadsheets

Hi guys – just removed Mary. I *thought* that we had decided that if it was ResoA, regardless of whether or not it was a new school, then it was paid at the reduced rate.

Confidential

DEFENDANTS' EXHIBIT 456

DEFS01363

Defendants' Trial Exhibit 456 Page 1 of 3

Anyway – I don't really know where this "new school" stuff came from, if it was part of the ambiguity back in that April meeting or whatever that Mary had referenced.

I took a look at the spreadsheet and the $402K is the extra "quota credit" that they would get. I presume we would only pay Charles and Mary this amount, and run it up the chain to everyone as well.

Irwin – can you let us know how much, in dollars, this would mean in terms of commission payment? For Charles and Mary?

---

**From:** Mary Piehler
**Sent:** Tuesday, September 23, 2014 7:28 AM
**To:** Todd Awtry
**Cc:** Leigh Ramsden; Michael Kenny
**Subject:** DOE reconciliation Spreadsheets

Attached are the (2) completed spreadsheets for the DOE reconciliation. These show order by order what school the licenses were sent to, and they have been looked up one by one to ascertain that they are indeed "new schools" in our systems. Justin did the first audit, and Anna completed it after Justin resigned.

We have had the call to review the orders through June 10th, but per Todd's request he wanted to see the whole picture. Anna has now completed the second spreadsheet that finance provided. She has listed the "New Schools" and these are the deals we should see acceleration for.

Spreadsheet #1
Sales to June 10, 2014
Paid at 130%             987,939.46
reduced to 80%           607,962.74
**Amount to Re-Credit**      **379,976.71**

Spreadsheet # 2
Sales to June 10, 2014
Paid at 130%           1,047,013.19
reduced to 80%           644,316.25.
**Amount to Re-Credit**      **402,697.66**

With Charles leaving, there is an urgency here as commission will have to be reconciled, if you determine to pay us on the "new schools".

Regards,

**Mary Piehler**
Director- Northeast Region
phone: 1.585.425.1852 | mobile: 1.585.721.9218
mpiehler@absolute.com | www.absolute.com | InTelligence Blog

**ABSOLUTE SOFTWARE | Track. Manage. Secure.**
Gartner Magic Quadrant – A Visionary Vendor!

This message is confidential and intended only for the person or entity to which it is addressed.

Confidential                                                                                              DEFS01364

Defendants' Trial Exhibit 456 Page 2 of 3

If you wish to unsubscribe from all future emails, click here.

Absolute Software, Inc. | 430-11401 Century Oaks Terrace | Austin, Texas 78758 | USA

Confidential

DEFS01365

Defendants' Trial Exhibit 456 Page 3 of 3

# Exhibit B

# FW: DOE reconciliation Spreadsheets

**From:**

Irwin Tang <itang@absolute.com>

**To:**

Mary Piehler <mpiehler@absolute.com>

**Cc:**

Todd Awtry <tawtry@absolute.com>, Leigh Ramsden <lramsden@absolute.com>, Michael Kenny <mkenny@absolute.com>

**Date:**

Wed, 24 Sep 2014 18:57:58 +0000

**Attachments:**

DOE Reconciliation FY2014 & August Commission Pay.xlsx (16.45 kB); NYC DOE Adjustment Charles Springgay.pdf (274.35 kB); NYC DOE Adjustment Mary Piehler.pdf (274.64 kB)

---

Hi Mary,

Please find attached the commission calculation for FY2014 and the adjustments to the August commission pay.

On the left, you will see our initial reduction of $617K, followed by the $403K addback. This resulted in $565 & $1,170.99 commission increase for yourself and Charles.

On the right, is the calculation for August commission payout. Please note that the deductions are added back below (highlighted in yellow) as well as the amounts owed from FY14.

Let me know if you have any questions or concerns. Please also find in PDF format to pass on to Charles.

Cheers,

Irwin

---

**From:** Irwin Tang
**Sent:** September-24-14 11:46 AM
**To:** Todd Awtry; Leigh Ramsden
**Cc:** Michael Kenny
**Subject:** RE: DOE reconciliation Spreadsheets

HI All,

I've created a couple commission statements for Charles and Mary.

There were a number of in/outs, so I tried to keep it as easy to follow as possible. If either have any questions, please direct them to me and I can walk them through the adjustments.

I



**DEFENDANTS' EXHIBIT**

**659**

Case No. 16-CV-6313

Confidential                                                                 DEFS01353

**Defendants' Trial Exhibit 659 Page 1 of 3**

**From:** Todd Awtry
**Sent:** September-24-14 11:15 AM
**To:** Irwin Tang; Leigh Ramsden
**Cc:** Michael Kenny
**Subject:** RE: DOE reconciliation Spreadsheets

I approve paying these

Todd M Awtry
Vice President of Sales North America
Phone: 877-410-1318
tawtry@absolute.com
Absolute Software | Track. Manage. Secure

Gartner Magic Quadrant - A Visionary Leader

This message is confidential and intended only for the person or entity to which it is addressed. For more information please visit absolutr.com/legal.

Sent from my smartphone protected by Absolute Manage.

Confidential                                                                                                                                                    DEFS01354

**Defendants' Trial Exhibit 659 Page 2 of 3**

Document Produced As Native

Confidential                                                                                                                    DEFS01355

**Defendants' Trial Exhibit 659 Page 3 of 3**