UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY VAN BRUNT-PIEHLER,<br><br>                             *Plaintiff,*<br><br>     v.<br><br>ABSOLUTE SOFTWARE, INC., ABSOLUTE SOFTWARE CORPORATION, GEOFF HAYDON, THOMAS KENNY, and TODD AWTRY,<br><br>                             *Defendants.* | Civil Action No.<br>16-CV-6313-EAW-MWP |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SUBMIT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, EXPENSES, AND COSTS

THOMAS & SOLOMON LLP
*Attorneys for Plaintiff*
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

Of Counsel:   J. Nelson Thomas, Esq.
                       Jonathan W. Ferris, Esq.

## PRELIMINARY STATEMENT

Plaintiff prevailed on her gender retaliation claims at trial. Plaintiff believes she is therefore entitled to attorneys' fees, costs and expenses for prevailing on her retaliation claims after complaining of sex discrimination. Defendants to date appear to contest whether Plaintiff is entitled to attorneys' fees. Under Rule 54(d), that motion must be made within 14 days of the entry of judgment, but the deadline is non-jurisdictional and may be extended by the Court. In order to preserve judicial resources on the issues of whether Plaintiff is entitled to attorneys' fees and the amount of such fees, and because there are still significant post-trial proceedings to be conducted (including an anticipated Rule 50 motion by Defendants that could moot any attorneys fees to be awarded), Plaintiff respectfully moves for an extension of the deadline to file such a motion. Plaintiff therefore respectfully requests that the Court extend the deadline to file any submission regarding Plaintiff's attorney's fees, costs, and expenses, until 60 days after final judgment is entered on the monetary judgment owed to Plaintiff.

## FACTS

As the Court is aware, the Court previously bifurcated the case into two separate phases, one for liability and one for damages. *See* Dkt. 237. A jury trial was held in this action on the liability phase from March 6 through March 16, 2023. On March 16, 2023, the jury found in favor of Plaintiff on her gender retaliation claim under the New York State Human Rights Law. Dkt. 369. The Clerk of the Court entered an interim judgment in favor of Plaintiff on that claim on March 17, 2023. Dkt. 371.

Given that Plaintiff prevailed on her retaliation claims, the damages trial phase of the case is now necessary. However, as of this date, the Court has not set a date for the damages

trial phase of the case to take place. A telephonic status conference is set for April 11, 2023 at 11:00 am for the parties to discuss post-trial proceedings with the Court. Dkt. 372.

## ARGUMENT

By extending the deadline for Plaintiff to file any motion for her attorneys' fees, costs, and expenses under Federal Rule of Civil Procedure 54(d), this Court will preserve judicial resources because significant proceedings, including potential Rule 50 motion practice and the damages determination by the Court, still remain.

Federal Rule of Civil Procedure 54(d) requires that a motion for such expenses, costs, and attorney's fees be filed within fourteen days of the entry of judgment "unless a statute or court order provides otherwise." Fed. R. Civ. P. 54(d). The fourteen-day deadline under Rule 54(d) is not jurisdictional and this Court has the discretion to extend that deadline. *See Burchette v. Abercrombie & Fitch Stores, Inc.*, No. 08 Civ. 8786(RMB)(THK), 2010 WL 3720834, at *3 (S.D.N.Y. Sept. 22, 2010) ("[I]t is widely recognized . . . that the time limitations in Rule 54(d)(1) are not jurisdictional"); *Morisseau v. DLA Piper*, 255 F.R.D. 127, 128 (S.D.N.Y. 2008) ("The time limit in Rule 54(d)(1) is not jurisdictional."); *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002); *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996). Where good cause is demonstrated, a motion for enlargement of time should be granted. *See Carovski v. Jordan*, No. 06-cv-716, 2008 WL 2827477 (W.D.N.Y. July 21, 2008).

As was discussed with the Court after the jury's verdict at trial, Plaintiff intends to seek attorneys' fees, costs, and expenses under the relevant statutes. *See e.g.*, N.Y. Exec. Law § 297(10)[1]; *see also Jones v. Charter Comms., Inc.*, No. 18 Civ. 5953, 2019 WL 1760841, at *4 n.

---

[1] While the New York Human Rights Law previously did not allow for attorneys' fees, subsequent amendments to the statute, including the 2016 amendments that were in place at the time of the filing of this lawsuit, now allow for the recovery of attorneys' fees. N.Y. Exec. Law § 297(10).

1 (E.D.N.Y. Apr. 22, 2019) (in reaching its holding on a retaliation matter involving race, the court opined that if the claim of retaliation had been based on sex discrimination, New York State Human Rights Law § 297(10) would allow for the awarding of attorney's fees, but since "[p]laintiff here alleges discrimination on the basis of his race, not on the basis of his sex," it would not award fees). Under Rule 54(d), Plaintiff would need to do so within 14 days of the entry of judgment.

However, in order to preserve judicial resources, the issues of whether Plaintiff is entitled to attorneys fees and the amount of such attorneys' fees should be extended until after the Court enters final judgment on the monetary damages to be awarded to Plaintiff. Plaintiff therefore seeks an extension of the Rule 54(d) deadline. To the extent that Defendants take the position that Plaintiff is not entitled to attorneys' fees, Defendants do not need to raise those issues now, and instead can raise those arguments in opposing Plaintiff's motion at the appropriate time. An extension of the deadline to file Plaintiff's motion for attorneys' fees would not act as a waiver of Defendants' rights to challenge the awarding of fees. And an extension of the deadline for Plaintiff to file a motion for attorneys' fees, costs, and expenses would likely to be Defendants' own benefit as they appear likely to make a Rule 50 motion, which could moot the issue of attorneys' fees entirely.

Although only an interim judgment has been entered by the Clerk at this time, and the damages phase of trial is yet to be scheduled, in an abundance of caution, Plaintiff presently seeks an extension of the Rule 54(d) deadline. *See Lighthouse Baptist Church, Inc. v. Chemung Cnty.,* No. 6:20-CV-7000 EAW, 2021 WL 4166633, at *2 (W.D.N.Y. Sept. 14, 2021)

(Wolford, J.) (noting that the advisory committee notes to Rule 54 state that the deadline for filing a motion for attorneys' fees is 14 days after *final* judgment is entered).

Plaintiff therefore asks this Court to extend the deadline to file any submission regarding Plaintiff's attorney's fees, costs, and expenses, until 60 days after final judgment is entered on the monetary judgment owed to Plaintiff.

## CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff respectfully requests the Court to extend the deadline for any submission regarding Plaintiff's attorney's fees, costs, and expenses, until 60 days after final judgment is entered on the monetary judgment owed to Plaintiff.

Dated:  March 30, 2023

                                            **THOMAS & SOLOMON LLP**

By:   /s/ Jonathan W. Ferris
        J. Nelson Thomas, Esq.
        Jonathan W. Ferris, Esq.
        *Attorneys for Plaintiffs*
        693 East Avenue
        Rochester, New York 14607
        Telephone:  (585) 272-0540
        nthomas@theemploymentattorneys.com
        jferris@theemploymentattorneys.com