

March 1, 2024

**VIA CM/ECF**

Honorable Elizabeth A. Wolford
United States District Court
Western District of New York
100 State Street
Rochester, NY 14614

Dear Judge Wolford:

We submit this letter brief on behalf of the plaintiff as the Court requested at the oral argument on February 16, 2024.

This letter addresses the two questions posed by this Court:

1. Does this Court have the power to grant a new trial when defendants did not request a new trial, and only requested that the jury verdict be overturned?

2. Given that the jury's verdict did not answer whether they found in Ms. Piehler's favor based on her termination, or her treatment on the job, or some combination of both, what is the appropriate remedy?

Transcript of Proceedings, February 16, 2024 "Tr." at 49.

**1. Does this Court have the power to grant a new trial even though defendants did not request a new trial, and only requested that the jury verdict be overturned?**

Yes, under Federal Rule of Civil Procedure ("FRCP" or "Rule") 59(d), this Court has the power to *sua sponte* order a new trial based on *plaintiff's* Rule 59 Motion for a New Trial. *See* Docket ("Dkt.") at 384.

There is a strict, post-judgment, 28-day deadline by which the Court can order a new trial under Rules 50 and 59. *See e.g.*, *Lapiczak v. Zaist*, 451 F.2d 79, 80 (2d Cir. 1971) ("Where this point has arisen the courts have uniformly held the first sentence of Rule 59(d) to be clear and unambiguous in its requirement that the trial judge, if acting on his own initiative, must actually set the verdict aside within 10 days [the 10 day deadline was enlarged to 28 days when the Rules were amended in 2009] after the entry of the judgment."). Nor does defendants' Rule 50 motion provide the ability to grant a new trial. *Kain v. Winslow Manufacturing, Inc.*, 736 F.2d 606, 608 (10th Cir. 1984) (a Rule 50 motion cannot be converted into a Rule 59 motion).

693 East Avenue, Rochester, New York 14607  **tel:** 585.272.0540  **fax:** 585.272.0574
nthomas@theemploymentattorneys.com • www.theemploymentattorneys.com

Honorable Elizabeth A. Wolford
March 1, 2024
Page 2

In 1966, however, Rule 59(d) was amended to allow a judge to *sua sponte* order a new trial as long as *one* party had requested a new trial. The Rule also allowed the Court to grant a new trial, on grounds other than those requested by the moving party. The amended Rule also provided that to exercise its power, the Court must first give the parties notice, an opportunity to be heard, and explain its reasons for granting a new trial. Rule 59(d). *Kelly v. Moore*, 376 F.3d 481, 485 (5th Cir. 2004) (order requiring new trial is interlocutory in nature and also discussing requirements on district court to invoke Rule 59(d)).[1]

The Advisory Committee Notes explained:

> By narrow interpretation of Rule 59(b) and (d), it has been held that the trial court is without power to grant a motion for a new trial, timely served, by an order made more than 10 days [now 28 days] after the entry of judgment, based upon a ground not stated in the motion but perceived and relied on by the trial court sua sponte.
>
> The result is undesirable. Just as the court has power under Rule 59(d) to grant a new trial of its own initiative within the 10 days, so it should have power, when an effective new trial motion has been made and is pending, to decide it on grounds thought meritorious by the court although not advanced in the motion. The second sentence added by amendment to Rule 59(d) confirms the court's power in the latter situation, with provision that the parties be afforded a hearing before the power is exercised.
>
> In considering whether a given ground has or has not been advanced in the motion made by the party, it should be borne in mind that the particularity called for in stating the grounds for a new trial motion is the same as that required for all motions by Rule 7(b)(1). The latter rule does not require ritualistic detail but rather a fair indication to court and counsel of the substance of the grounds relied on.

Advisory Committee Notes 1966 Amendment (citations omitted).

Here, the plaintiff has filed a Rule 59 motion which can be used as the vehicle to grant a new trial, even though it was not on grounds on which the plaintiff moved and moreover would upset a verdict in plaintiff's favor.

The acceptable bases for ordering a new trial are extensive and include issues regarding juror confusion, or legal error by the parties or the Court. *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1538 (5th Cir. 1984); *Nebel v. Avichal Enters., Inc.*, 704 F. Supp.

---

[1] Whether by design or experience, this Court has arguably already complied with the prerequisites under Rule 59(d) allowing it to order a new trial by putting the parties on notice of the fact that it is considering ordering a new trial; providing the potential basis of that decision; and giving the parties an opportunity to be heard on the matter.

Honorable Elizabeth A. Wolford
March 1, 2024
Page 3

570, 577 (D. N.J. 1989). The decision to grant a new trial is largely committed to the discretion of the district court. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). The decision to grant a new trial is not one that can be easily challenged: granting a new trial is an interlocutory order not subject to an immediate appeal and it is also a decision the United States Supreme Court has been clear remains firmly in the discretion of the district judge. *Kelly*, 376 F.3d at 485 (order requiring new trial remains interlocutory in nature even if the district court did not strictly follow the requirements of Rule 59(d)); *Gasperini v. Ctr. for Humans, Inc.*, 518 U.S. 415, 433 (1996) (Rule 59 decisions are committed to the discretion of the district court).

2. **Given that the jury's verdict did not answer whether they found in Ms. Piehler's favor based on her termination, or her treatment on the job, or some combination of both, what is the appropriate remedy?**

Although plaintiff does not relish seeing a verdict in her favor wiped out, or the need to have a new trial, it appears that a new trial is the only remedy for the issue identified by the Court. Plaintiff would note, however, that both parties were convinced that the jury returned a verdict in favor of plaintiff on her termination claim. One need only look at defendants' multiple rounds of briefs in which they never claimed that the jury verdict was for anything other than the termination claim. *See e.g.,* Defendants' Memorandum of Law in Support of Their Renewed Motion for Judgement as a Matter of Law at 18 (Dkt. 383).[2]

---

[2] The defendants' arguments for a new trial were not supported in the current record regardless. As set forth at the oral argument, defendants did not request, nor did the Court instruct, the jury to determine whether Ms. Piehler had a "good faith basis" to believe she was discriminated against based on her gender. Therefore, that is not a basis to find against Ms. Piehler's claim. *See* Tr. at 44. As to whether she engaged in protected activity, the jury instructions properly warned the jury not to search for "particular language" in her complaints because the law had no such requirement. *See* Trial Transcript ("Trial Tr.") at 1398. As the Second Circuit held in *Lenzi*, more important than searching the record to find particular words, the jury should make a decision based on the overall "context" in which those words were said. *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 112-13 (2d Cir. 2019). Issues such as making determinations about overall "context" are issues that by their nature are generally ones best made by a jury. Words that in one work environment would not implicate discrimination at all, could in another work environment be well understood to be references to discrimination. In this case, the evidence in the record shows that Ms. Piehler told Absolute's management in a variety of ways, at a variety of different times, including in meetings and through written communication that:
- "I don't want to be known as a troublemaker." Trial Exhibit 21.
- "I didn't want to be known as someone who was just randomly complaining about everything." Trial Tr. at 294:23-295:15.
- "[A]ll I want is . . .to be paid fairly." Trial Exhibit 21.
- "I wanted to be treated equally to the others [all males]." Trial Tr. at 292:24-293:6; 211-214
- "[I wanted to be] treated the same" and that Mr. Awtry should "treat all the regions [led by male managers., with the exception of Amy Rathbun's region] the same." Trial Exhibit 21.
- "I wanted to be treated like the others. I wanted the same respect and to be treated like other managers and I did not feel like that was happening." Trial Tr. at 350:2-7.

Honorable Elizabeth A. Wolford
March 1, 2024
Page 4

The remedy for the unclear jury verdict is, unfortunately, a new trial. That remedy is needed because there are many issues before the Court that all hinge on a determination of what the jury ruled. One example is the pending Rule 50 motion that requires one to first know what the jury found in order to analyze whether the decision should be reversed, and if so, on what basis.  If the jury's verdict was in Ms. Piehler's favor just on defendants' pre-termination retaliation, the facts and analysis for that decision are markedly different than if the jury's verdict was based on Ms. Piehler's termination itself, or for a combination of both pre-termination conduct and the termination itself. Similarly, another example is that the need for a damages hearing hinges on determining what the jury actually found. Until we have a clear verdict to work with, post-trial decisions are at a standstill.

Additionally, as touched on above, this analytical problem is compounded by the fact that there are three equally possible answers the jury could have meant to give: (1) that Ms. Piehler prevailed on her termination claim, (2) Ms. Piehler prevailed on her workplace treatment claim, or (3) both. Moreover, if the jury did find in Ms. Piehler's favor on her workplace treatment claim, that would provide a basis for them to view her termination as an ongoing part of this retaliation, creating a causal chain that the defendants claim is lacking.

These problems are further exacerbated by the compensatory damage award from the jury. The award could reflect damages for her workplace treatment, her termination, or both.

The only way for the Court itself to resolve each of these issues is impermissible. To unilaterally conjure up what it thought the jury decided would require the Court to become a fact-finder and pick and choose from the pool of evidence the result it would prefer.  Potentially more challenging is for the Court to allocate the damages without using its own fact-finding.

So what is the remedy for an unclear jury verdict? Once the jury is discharged, the only remedy is to get a usable verdict from a new jury. Any decision other than ordering a new trial will provide strong grounds for appeal to any party aggrieved by any future decision that flows from the verdict, such as a Rule 50 decision on the current record, or the allocation of the $75,000 damages or the fate of the damages hearing. In each instance, the aggrieved party simply needs to point to the unclear verdict and argue: "How could the Court have reached any intelligible decision relying on a plainly unintelligible verdict?" Moreover, the decision to order a new trial is committed to the sound discretion of the trial court and is inherently

---

- "I am not being judged fairly." Trial Exhibit 23.
- While she was subject to an internal investigation, a male employee who committed an infraction was not investigated and was paid at full value. Trial Exhibit 21.

Based on the above, and the testimony and evidence from witnesses who put in context the nature of Absolute's culture, it further explains why even Mr. Berardo would admit that he would consider much of the same words used by Ms. Piehler as examples of discrimination or language worthy of investigating for discrimination. It was therefore the entire record in the case that allowed the jury to conclude after careful consideration that in this specific context, Ms. Piehler made "protected activity" complaints and was retaliated against based on those complaints.

Honorable Elizabeth A. Wolford
March 1, 2024
Page 5

interlocutory, while appeals of case dispositive legal issues can often be final orders subject to immediate appeal, as well as reviewed under the *de novo* standard of review. *Gasperini*, 518 U.S. 415, 433 (1996).

      Therefore, although a new trial is not something we welcome, we agree with the Court's concern that analysis of the retaliation verdict cannot be done by picking through the record and the verdict as it currently exists.

\*   \*   \*

      Thank you for your courtesies in this matter.

      Respectfully submitted,

      **/s/ J. Nelson Thomas**

      J. Nelson Thomas

cc:    All counsel of record (via CM/ECF)