

LAURA M. LESTRADE
(212) 415-9227
FAX (212) 953-7201
lestrade.laura@dorsey.com

March 1, 2024

**VIA ECF**

Honorable Elizabeth A. Wolford
United States District Judge
Western District of New York
100 State Street
Rochester, New York 14614

    Re:    Mary Van Brunt-Piehler v. Absolute Software, Inc., Absolute Software Corporation, Geoff Haydon, Thomas Kenny and Todd Awtry
           16 Civ. 6313 (EAW) (MWP)

Dear Judge Wolford,

As directed by the Court at the February 16, 2024 oral argument on Defendants' renewed motion for judgment as a matter of law to dismiss Plaintiff's retaliation claim, Defendants Absolute Software Corporation and Absolute Software, Inc. submit the following responses to the two questions posed by the Court.

> **Question 1:** Even though Defendants have only moved under Rule 50, does the Court have discretion to deny the Rule 50 motion but *sua sponte* grant a Rule 59 motion that was not made? *See* February 16, 2024 Hearing Tr. at 49:3-6.
>
> **Short Answer:** The Court cannot *sua sponte* grant a new trial under Rule 59(d) because the 28-day period for doing so has elapsed. Nor may the Court grant a new trial under Rule 50(b) if it denies Defendants' Rule 50(b) motion.

**Federal Rule of Civil Procedure 59(d)**

Fed. R. Civ. P. 59(d) states: "No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion." Pursuant to Fed. R. Civ. P. 6(b), the 28-day period cannot be extended. The Court entered an Interim Judgment[1] on March 17, 2023 and treated that event as triggering the 28-day period for filing post-trial motions. *See*

---

[1] Although the clerk denominated the judgment as an "Interim Judgment[,]" (Dkt. 371) the Court referred to it as a "partial judgment." March 16, 2023 Trial Tr. at 1450:17-20.

March 16, 2023 Trial Tr. at 1450:3-1452:7; April 11, 2023 Hearing Tr. at 4:24-6:16. The parties timely filed their respective post-trial motions on April 14, 2023.

Our research has found cases concluding that the 28-day period in Rule 59(d) does not depend on the entry of a final judgment. Instead, the emphasis is on the need for immediacy if a court is to order a new trial after a jury verdict. *Goldsmith v. Diamond Shamrock Corp.*, 767 F.2d 411, 414 (8th Cir. 1985) (holding that even though judgment was not actually entered to trigger the time limitation of Rule 59(d), the Eighth Circuit was "hesitant to approve [of an] open-ended approach to Rule 59(d) because the purpose is "primarily to correct immediately apparent injustices occasioned by jury verdicts") (citation omitted). In *Kain v. Winslow Manufacturing*, the Tenth Circuit held it was error for the district court to order a new trial thirteen months after entry of judgment. 736 F.2d 606, 608 (10th Cir. 1984) ("If a case is to be retried, it should be done with dispatch, lest the error of delay outweigh the error of trial" . . . "such a practice would be contrary to the purpose of Rule 58 of encouraging prompt entry of judgment so as to avoid prejudice to the rights of the parties") (citations omitted); *see also Fuller v. Ruffin*, 125 F.Supp 105, 108 (S.D.N.Y. 2000)(following a September 28, 2000 verdict, then District Judge Chin did not enter judgment and instead issued an Order dated October 5, 2000 advising the parties that the court was considering granting a new trial *sua sponte* pursuant to Rule 59(d) and ordered defendants to show cause why a new trial should not be ordered).

**Federal Rule of Civil Procedure 50(b)**

Fed. R. Civ. P. 50(b) states that in ruling on a renewed motion for judgment as a matter of law brought under Rule 50(b), the court may "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct entry of judgment as a matter of law."

As noted by the Wright and Miller treatise on Federal Practice and Procedure, *"*the discretion to order a new trial spoken of in this section of the Rule 50 discussion exists only if the moving party would be entitled to judgment as a matter of law. If that motion must be denied, the court has no power to order a new trial in favor of the moving party, except under the conditions specified in Rule 59(d). . . ." Charles A. Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE § 2538,

"Discretion of Court to Order New Trial" (April 2023 update); *see also Jackson v. Town of Hempstead*, Case No. 98-CV-5635 (FB), 2002 U.S. Dist. LEXIS 2398, at *4 (E.D.N.Y. Feb. 4, 2002) ("The Court may only grant a new trial under Rule 50(b) if the movant satisfies the stricter standard for judgment as a matter of law and the Court, nonetheless, makes the ***rare*** determination that the interests of justice would be better served by allowing the nonmovant an opportunity to cure its deficiencies of proof") (citation omitted; emphasis added).

The treatise further comments that "the district court has discretion to order a new trial rather than grant judgment as a matter of law if it believes that the defect in the nonmoving party's proof [such as would justify judgment as a matter of law] might be remedied on a second trial, or if needed evidence was ruled out at trial by some error of the court." Wright & Miller, *supra*, § 2538. However, Wright and Miller caution that cases in which the court exercises its discretion and allows a new trial even though judgment might have been ordered are "very rare" and that "if the defect in proof is of the sort that could not be expected to be cured by any evidence at a new trial, entry of judgment as a matter of law is the appropriate procedure." *Id*.

In *Goldsmith,* 767 F.2d at 414, the Eighth Circuit explained that Rule 50(b) allows the possibility of a new trial only when the moving party is entitled to judgment as a matter of law. If the district court believes that the moving party is not entitled to judgment as a matter of law, "respect for the role of the jury requires strict compliance with the limits established" pursuant to Rule 59 (allowing for a new trial either on motion by a party or *sua sponte* within the required timeframe). *Id*. The court explained that the discretion exists to protect the party whose judgment can be set aside "to allow the failure of proof, **when only technical or when caused by an error of the court or a change in the law**, be corrected." *Id.* (emphasis added). In *Goldsmith*, the Eighth Circuit held that the district court lacked authority to order a new trial under Rule 50(b) because the district court did not believe the moving party was entitled to judgment as a matter of law. Nor did the district court have the option of granting a new trial under a Rule 59 motion or *sua sponte* because the timeframe for doing so had passed.

3

In *Network Publications, Inc. v. Ellis Graphics* Corp., 959 F.2d 212, 214 (11th Cir. 1992), the Eleventh Circuit ruled that the discretion of the court to order a new trial under Rule 50 requires that "the party who lost to the jury move[] for a judgment notwithstanding the verdict and [be] entitled to that relief." Under this approach, the Eleventh Circuit found that a new trial rather than judgment as a matter of law was the appropriate remedy because the failure of proof was only to the amount of damages, as "unquestionably there were some damages." *Id.* at 215.

However, new trials are inappropriate to serve as opportunities for litigants to offer proof they could have offered in the original trial. In *Fioto v. Manhattan Woods Golf Enterprises,* 304 F. Supp. 2d 541 (S.D.N.Y. 2004) after the jury returned a verdict for plaintiff on a Family and Medical Leave Act (FMLA) claim, the court granted defendants' Rule 50(b) motion on the ground that plaintiff failed to adduce evidence that he qualified for FMLA leave. *Id.* at 543. Plaintiff then moved for a new trial under Rule 59 and alternatively asked the court to order a new trial *sua sponte*. *Id*. The court declined to order a new trial because "a litigant seeking to reopen the proof must proffer evidence 'which was not available, or by use of reasonable diligence could not have been available for use at the original trial.'" *Id*. at 544 (citation omitted). "As another court in this district has noted, the policy for this rule is clear: 'Litigation would be intolerably drawn out if parties failing to offer evidence readily available to them were permitted to reopen the proof if disappointed by the result.'" *Id*. (citation omitted). Further, the court rejected plaintiff's argument that there would be "substantial injustice" if there was no new trial because plaintiff offered no reason why he failed to offer proof in support of his FMLA claim at trial. *Id*. "Judicial economy is best served by having the plaintiff present all admissible evidence the first time around, not by having a 'practice trial' or 'moot court' and then starting over again to allow plaintiff to fill in evidentiary omissions." *Id*. at 545.

Given that there was no technical failure of proof, failure of proof caused by an error of the court, or a change in the law, a new trial would be inappropriate. *Goldsmith,* 767 F.2d at 414. Nor was there a failure of proof limited to the amount of damages. *Network Publ'ns*, 959 F.2d at 215. The Court gave Plaintiff explicit notice that there was hardly any proof of protected activity and dismissed the Equal Pay

4

Act retaliation claim at the summary judgment stage. *See Van Brunt-Piehler v. Absolute Software, Inc.*, 504 F. Supp. 3d 175, 193 (W.D.N.Y. 2020); November 9, 2020 Hearing Tr. at 6:25-7:8.  As the Court observed, at trial Plaintiff's counsel repeatedly "tr[ied] to get [Plaintiff] to say that she was complaining. I mean, you did it a couple of times, and she didn't give you those answers."  February 16, 2024 Hearing Tr. at 17:16-23.  Then Defendants and the Court again gave Plaintiff notice of these deficiencies of proof at the Rule 50(a) stage.  March 9, 2023 Trial Tr. at 589:3-595:4, 602:25-605:4.  *See Universal Bankcard Sys. v. Bankcard AM.*, 998 F. Supp. 961, 967 (N.D. Il. 1998) (Judge Richard Posner, sitting by designation, determined that while he had the power to order a new trial in lieu of entering judgment for defendant on a Rule 50 motion, he did not think it appropriate to do so because plaintiff had "clear notice" of the need for proof of damages and failed to introduce such evidence).

      Plaintiff apparently made a deliberate, strategic decision to prioritize her discrimination theory and deemphasize a causal linkage between the alleged protected activity in July 2014 and Plaintiff's termination in July 2015 by highlighting a favorable performance review Plaintiff received in February 2015, and by arguing that the decision to terminate "accelerate[d] from nothing to termination in a few months" after comments allegedly made by Thomas Kenny.  March 6, 2023 Trial Tr. at 33:13-24. Plaintiff's discrimination case failed.  A new trial would merely provide Plaintiff an opportunity to rejigger her strategy and now deemphasize the importance of the alleged Kenny comments and the February 2015 performance review, and instead argue that the decision to terminate was predetermined since July 2014.

      Plaintiff testified fully concerning her conversations with Berardo and Olsen, her interactions with Awtry thereafter, and about her termination.  This is a case in which the proof would not be expected to be cured at a new trial – unless Plaintiff decided to change her testimony (and face impeachment with her trial testimony and her deposition testimony, both of which failed to establish protected activity)[2] –

---

[2] *See* Dkt. 383 (Defendants' Memorandum of Law in Support of Renewed Motion) at 7 n.2.

and therefore "entry of judgment as a matter of law is the appropriate procedure." Wright & Miller, *supra*, § 2538.

Although the Court has raised a concern that the jury verdict form did not specify the adverse actions for the retaliation claim, this concern would not justify a new trial. Judgment as a matter of law is appropriate when the "evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998). Evidence is sufficient or insufficient regardless of how the jury is instructed which is precisely why motions for a directed verdict can be granted under Rule 50(a) even before the jury is instructed. Given that Plaintiff's proof was insufficient regardless of the jury verdict form, and the reluctance of courts to order new trials based on a concern about the jury verdict form alone, a new trial should not be ordered on this basis.

> **Question 2:** In light of the fact that the jury's verdict on retaliation did not specify the alleged adverse action(s) on which it was based, may the Court evaluate, on the existing trial record, whether there is a causal link between the alleged protected activity and the termination of plaintiff's employment? And, if so, should the Court make that evaluation under a Rule 50 standard? *See* February 16, 2024 Hearing Tr. at 49:7-50:20.

**Short Answers:** Yes and yes.

The generality of the jury verdict does not prevent the Court from evaluating causation under a Rule 50 standard on the existing trial record. During oral argument, the Court expressed concern over how to resolve the issue of the jury's verdict not specifically finding that Plaintiff's termination was the result of retaliation, and asked whether that issue could be resolved on the present (Rule 50) motion or whether it would require additional proof. February 16, 2024 Hearing Tr. at 8:3-8. Specifically, the Court was unsure whether it would be "appropriate to be evaluating a non answer under a Rule 50 standard." *Id.* at 12:17-19.

The Second Circuit faced a similar situation in *Galdieri,* 136 F.3d at 279, evaluating what essentially was a "non-answer" under a Rule 50 standard. *Galdieri*, went to trial on two claims: gender discrimination and retaliation. *Id.* at 279. The jury instructions did not differentiate between the gender claim and the retaliation claim and the jury verdict form included a single question asking only if the jury

6

found in favor of the plaintiff on her gender discrimination claim. *Id*. at 285-286. The jury returned a verdict in favor of the plaintiff on liability and the district court granted the defendant's Rule 50(b) renewed motion for judgment as a matter of law on the ground that no reasonable jury could have concluded that gender discrimination was the "motivation for any of the things complained of." *Id*. at 284-285.

On appeal, the plaintiff argued that the evidence was sufficient for the jury to find in her favor on both the gender discrimination claim and the retaliation claim. *Id*. at 285. In affirming the district court, the Second Circuit found "the generality of the instructions given to the jury and the lack of specificity in the verdict it returned" to be "harmless in the circumstances" because "[defendant] was entitled to judgment as a matter of law" on both the gender and retaliation claims. *Id*.

Despite having "no way of discerning whether the jury's notion of retaliation conformed to the law," or any way of "know[ing] on what basis the jury found in [the plaintiff's] favor," the Second Circuit affirmed judgment as a matter of law in favor of the defendant on the retaliation claim because the evidence at trial was insufficient to establish that the plaintiff had engaged in protected activity or that the defendant had knowledge of the alleged protected activity. *Id*. at 285-286, 292 ("[Plaintiff's] complaints to Simon and Chiaro did not state that [she] viewed Simon's actions as based on her gender, and there was nothing in her protests that could reasonably have led [defendant] to understand that that was the nature of her objections").

Perhaps an even starker example of a Court evaluating a "non-answer" under a Rule 50 standard is *Channel v. Gates & Sons Barbeque of Mo., Inc.*, 2016 U.S. Dist. LEXIS 171695 (W.D. Mo., June 2, 2016). In *Channel*, the "jury was unable to reach a verdict on . . . retaliation." Nonetheless, the Court evaluated the evidence presented by the plaintiff at trial with respect to each element of the retaliation claim and granted the defendant's Rule 50(b) motion because plaintiff did not establish the protected activity, adverse action or **causation** elements of a retaliation claim. *Id.* at *6-11.[3]

---

[3] In *Forro Precision, Inc. v. IBM*, the jury deadlocked on the plaintiff's antitrust claims. 673 F.2d 1045, 1058 (9th Cir. 1982). The district court granted defendant's Rule 50(b) motion on a monopolization claim because there was

In *Brooks v. City of Kankakee*, 7 F.4th 649 (7th Cir. 2021), the Seventh Circuit concluded that the district court gave an erroneous jury instruction to the extent that it required that the jury find that all three statements made by plaintiff as part of his alleged protected activity were made in good faith. *Id.* at 664. However, the Seventh Circuit affirmed the district court's denial of plaintiff's new trial motion, holding that "[e]ven in cases where the erroneous jury instruction caused a party to bear a heavier burden, we have held that no prejudice occurred when the evidence was so weak that it would have failed under either burden." *Id*. The Seventh Circuit observed that the evidence at trial failed to show that plaintiff would have prevailed even if the jury understood that he only had to prove that one of the statements was made in good faith. *Id*. Similar to this case, in *Brooks,* protected activities (as opposed to adverse actions) were not broken out in the jury instructions (as opposed to the verdict form), but the Seventh Circuit held that such failure was not prejudicial because the evidence did not support that **any** of the statements were made in good faith. Here, Plaintiff has failed to establish the elements of a retaliation claim with respect to any potentially adverse action, beginning with her failure to establish that she engaged in protected activity. Regardless of which alleged adverse actions the jury considered in returning its retaliation verdict, the Court may grant Defendants' motion for judgment as a matter of law.

The Court expressed concern during oral argument "am I becoming the fact finder in a way to make a determination as to whether or not there was termination of employment because of retaliation when we don't know if the fact finder ever reached that conclusion?" February 16, 2024 Hearing Tr. at 53:8-12. But deciding whether evidence is sufficient as a matter of law under Rule 50(b), while it necessarily implicates a factual question, is not "fact-finding" in that the Court need not weigh evidence or evaluate witness credibility to determine that there is zero evidence of causation linking the purported protected activity to Plaintiff's termination. For that reason, courts frequently grant summary judgment to defendants on retaliation claims due to a lack of sufficient evidence of causation. Courts are also free to make this determination at the Rule 50(b) stage when it is either impossible to parse what questions the

---

"insufficient evidence to establish IBM's market power" and there was insufficient evidence to present an issue for the jury on the attempted monopolization claim. *Id*. The Ninth Circuit affirmed. *Id*. at 1062.

jury considered and when the jury failed to reach a verdict at all. For example, in *Galdieri* it was impossible to know and in *Channel* it was clear that the jury had **not** reached a conclusion, but either way those courts made the ultimate determination that the evidence did not support a retaliation verdict – without regard to whether the jury actually returned such a verdict.

**The Existing Trial Record is Sufficient**

It is not necessary for the Court to determine whether the jury based its verdict on the termination of Plaintiff's employment in order to decide Defendants' Rule 50(b) motion. There is enough evidence in the record to evaluate each element of retaliation and conclude that Plaintiff has presented insufficient evidence on each, beginning with protected activity and ending in causation.

The existing trial record is sufficient for the Court to find that, as a matter of law, Plaintiff presented insufficient evidence of causation with respect to her termination. The parties had a full and fair opportunity to present evidence and argument and did so over the course of eight full-days of trial. The Court can decide Defendants' Rule 50(b) motion based almost exclusively on Plaintiff's trial testimony and evidence raised by Plaintiff in opposition to the motion. There is no need for the Court to weigh contradictory testimony or make credibility determinations.

Courts routinely determine the sufficiency of retaliation claims **as a matter of law** in the Rule 50 context as well as the summary judgment context, the standard being the same for both. *Wierzbic v. Howard*, 331 F.R.D. 32, 44-45 (W.D.N.Y. 2019). This includes evaluating the sufficiency of the evidence for each element of a retaliation claim, including causation.

In *Wong v. Blind Brook-Rye Union Free Sch. Dist.*, 2022 U.S. Dist. LEXIS 223707 (S.D.N.Y. Dec. 12, 2022), the court granted summary judgment to the defendants on the plaintiff's retaliation claim because the plaintiff failed to present sufficient evidence that her termination was causally related to her protected activity, holding "[t]here is no evidence from which a reasonable jury could find a causal connection between the protected activity . . . and Plaintiff's termination." *Id.* at *34. In so holding, the court rejected the plaintiff's arguments that causation was established through temporal proximity (five months between the protected activity and being informed of her termination was "too long to draw a

9

causal inference based on temporal relationship") or by the employer's statements that plaintiff did not fit into its "culture." *Id*. at *37 ("Because neither the timing nor the "culture" comment – whether considered separately or together – support a causal connection between protected activity and Plaintiff's termination, her *prima facie* case for retaliation fails"). Despite holding that plaintiff failed to establish a *prima facie* case of retaliation, including causation, the court went on to examine pretext. The court rejected the plaintiff's attempts at establishing pretext based on indirect attacks on the stated reasons for her termination and found that the plaintiff failed to carry her ultimate burden to prove that retaliation was the real reason for her termination. *Id*. at *41 ("Plaintiff may have raised fact issues as to whether her conduct was as problematic as Defendants make out, but she has provided no evidence from which a rational juror could conclude that retaliation for protected activity was at work").

The evidence of causation adduced at trial in this case is even weaker than in the *Wong* case. Here, there is no temporal proximity between Plaintiff's alleged protected activity and the termination of her employment one year later. And Plaintiff presented no evidence of comments or any other evidence of a retaliatory animus. Moreover, Plaintiff presented evidence as to events that would have the effect of severing any inference of causal connection: first, Plaintiff presented evidence that Todd Awtry wanted to terminate her employment on June 26, 2014, four days **before** she engaged in her first instance of alleged protected activity; and second, Plaintiff testified that she received a positive performance review in February 2015. March 13, 2023 Trial Tr. at 1113:16-1115:4; March 7, 2023 Trial Tr. at 302:12-303:17; 346:20-21.

Thus, Plaintiff has failed to establish a *prima facie* case. Applying the summary judgment standard, courts, including this Court in considering a similar record on causation for the dismissed EPA retaliation claim, would not even allow this case to be presented to a jury (much less twice). Furthermore, Plaintiff's attempts at establishing pretext fail for reasons similar to those identified by the court in *Wong*. Plaintiff's negligible attacks on the legitimate reasons for her termination are indirect and therefore not probative of pretext. *See* Dkts. 383 at 20-22; 400 at 10-13. Based on the evidence presented at trial, no reasonable juror could conclude that the stated reasons for Plaintiff's termination were false or

10

that the concerns were not sincerely felt. More importantly, a "[p]laintiff must show that defendant's proffered reasons are pretext for [retaliation], not that they are unfair or incorrect." *Wong*, 2022 U.S. Dist. LEXIS 223707, at *41 (citation omitted). Plaintiff has utterly failed to make any such showing, nor did she argue to the jury, that her termination, or any other conduct toward Plaintiff, was based on her alleged protected activity. *See Billings v. Murphy*, 2024 U.S. App. LEXIS 2648 at *5 (2d. Cir. Feb. 6, 2024) (affirming Rule 12(b)(6) dismissal of plaintiff's retaliation claim on the ground that plaintiff failed to adequately plead a causal nexus between her protected activity and her termination, and a seven-month lapse in time between them was "too attenuated to establish causation by temporal proximity"); *Debose v. Univ. of S. Fla. Bd. of Trs.*, 811 F. App'x 547, 557-58 (11th Cir. 2020) (affirming decision to overturn jury verdict on retaliation claim because there was insufficient evidence to show a causal connection between the protected activities and the adverse employment actions: there was a 5-month delay between plaintiff's last protected activity and her termination and "even assuming causation, [plaintiff] did not present any evidence directly rebutting [defendant's] proffered nondiscriminatory reason"); *Giurca v. Bon Secours Charity Health Sys.*, 2024 U.S. App. LEXIS 1803, at *5 (2d Cir. Jan. 26, 2024) (affirming summary judgment in favor of defendants because "even if Giurca had adequately established a prima facie case of retaliation, [defendants] presented legitimate, non-retaliatory reasons for their decision not to hire Giurca, and Giurca failed to carry his burden of demonstrating that retaliation was the but-for cause of the adverse employment action."); *Levitant v. City of N.Y. Human Res. Admin.*, 914 F. Supp. 2d 281, 297, 306 (E.D.N.Y. 2012), *aff'd* 558 F. App'x 26, 28 (2d Cir. 2014) (granting defendant's 50(b) motion because an element of the *prima facie* case (material adverse action) had not been established and finding insufficient evidence for jury to conclude that legitimate, non-discriminatory reason was pretextual or that retaliation was a substantial reason for the denial of the promotion); *Edelman v. NYU Langone Health Sys.*, No. 21-cv-502 (LJL), 2023 U.S. Dist. LEXIS 229211, at *45 (S.D.N.Y. Dec. 26, 2023) (granting Rule 50(b) on retaliation claims because there was insufficient evidence that employer had knowledge of a complaint by employee of gender discrimination); *Arizmendi v. Rich Prods. Corp.*, 2023 U.S. App. LEXIS 16447 at *5 (2d Cir. June 29, 2023) (affirming summary judgment and holding that plaintiff failed

11

to establish a *prima facie* case because she failed to produce evidence of causation. "Since 'one cannot . . . be motivated to retaliate by something he was unaware of'[4] [plaintiff] has failed to demonstrate that her termination occurred under circumstances giving rise to an inference of retaliatory intent.")[5]

**Plaintiff's Belief in her Retaliation Claim**

Defendants would like to provide a clearer response to the Court's concern at oral argument regarding Plaintiff's failure to allege a good faith belief that she was complaining of gender discrimination in her communications with Messrs. Berardo and Olsen – or in her trial testimony. February 16, 2024 Hearing Tr. at 17:16-22:23; 29:225: 33:15-34:4-35:20.

A plaintiff's reasonable good faith belief that what she is complaining of is unlawful is critical when she effectively communicates that she is being discriminated against on the basis of a protected characteristic, but the conduct of which she complains is not prohibited under law. "With respect to the first element, participation in protected activity, the plaintiff need not establish that the conduct opposed was **actually** a violation of Title VII, but only that she possessed a 'good faith, reasonable belief that the underlying employment practice was unlawful' under that statute." *Galdieri*, 136 F.3d at 292 (emphasis added) (plaintiff complained that others were being treated more favorably because they made the boss's work life more pleasant by getting him coffee); *see also Fattoruso v. Hilton Grand Vacations Co., LLC*, 525 Fed. Appx. 26 (2d Cir. 2013) (plaintiff's good faith, but mistaken, belief that he was complaining of unlawful conduct was not protected activity because his complaints did not reference gender

---

[4] Awareness is required to establish causation. While general corporate knowledge is enough to establish the knowledge element of a prima facie case, *Kwan v. Andalex*, 737 F.3d 834, 844 (2d Cir. 2013); the plaintiff must establish that the allegedly bad actor was aware of protected activity in order to prove retaliatory intent. *See Edelman*, 2023 U.S. Dist. LEXIS 229211, at *62 ("there is no evidence that Antonik knew Plaintiff's complaint alleged gender discrimination. Without that knowledge, Antonik could not have intended to retaliate against Plaintiff for reporting gender discrimination"). Plaintiff presented no evidence that Mr. Awtry, who she claimed yelled at her, gave her a "somewhat negative performance review" (Dkt. 396 at 7) and terminated her employment, was ever told that she complained of gender discrimination. The testimony of Errol Olsen cited by Plaintiff to establish Mr. Awtry's awareness does not provide that support. *Id.* at 4-5. In other words, Plaintiff did not even present sufficient proof at trial to satisfy a *prima facie* case. *Arizmendi*, 2023 U.S. App. LEXIS 16447 at *5.
[5] *Arizmendi*, *Edelman*, *Giurca*, and *Billings* were all decided after Defendants' renewed Rule 50 motion was fully briefed and submitted.

discrimination, but rather were "limited to expressing his dismay over 'favoritism with one of the employees.'").

However, having a reasonable good faith belief that you are complaining of gender discrimination is not a substitute for protected activity where, as is the case here, an employee's complaints reference only generalized unfairness. In the words of Plaintiff's counsel: "what she believes is not going to save the day." February 16, 2024 Hearing Tr. at 18:11-12. That is because even if Plaintiff believed that she was complaining of gender discrimination, she did not engage in protected activity as a matter of law, because she did not complain to Berardo or Olsen that she was being treated unfairly **because of her gender**. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 17 (2d Cir. 2013) ("Moreover, even if Kelly had possessed such a belief, nothing in her behavior, as described in her complaint, would have allowed her employer to 'reasonably have understood[] that [Kelly's] opposition was directed at conduct prohibited by Title VII'"). "The onus is on the speaker to clarify to the employer that [s]he is complaining of unfair treatment due to h[er] membership in a protected class and that [s]he is not complaining merely of unfair treatment generally." *Lehman v. Bergmann Assocs.*, 11 F. Supp. 3d 408, 417 (W.D.N.Y. 2014) (*quoting Aspilaire v. Wyeth Pharms., Inc*., 612 F. Supp.2d 289, 308-309 (S.D.N.Y. 2009)). For the reasons articulated in Defendants' motion papers (*see* Dkt. 400 at 2-5), none of Plaintiff's generalized complaints about "unfair" treatment were sufficient as a matter of law to put Defendants on notice that she was making a complaint of gender discrimination.

That is not to say that Plaintiff's failure to even allege that she was complaining of discrimination is not important. It goes to the knowledge element and whether Defendants were on notice that Plaintiff's complaints were about gender discrimination. It is also relevant to the Court's overall determination as to whether the jury's verdict on retaliation was reasonable. Plaintiff's complaints to Berardo and Olsen did not reference gender; Plaintiff did not testify at trial that she complained of gender discrimination or that she suffered any adverse action based on such complaints.

13

For the reasons stated herein, and in their motion papers (Dkts. 383 and 400), Defendants respectfully request that the Court grant their renewed motion for judgment as a matter of law and not order a new trial on Plaintiff's retaliation claim.

                                        Respectfully submitted,

                                        Laura M. Lestrade

cc:     J. Nelson Thomas, Esq. (via ECF)
        nthomas@theemploymentattorneys.com
        Jonathan W. Ferris, Esq. (via ECF)
        jferris@theemploymentattorneys.com

        Attorneys for Plaintiff

4894-8796-6889\5