UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARY VAN BRUNT-PIEHLER, | | |
| *Plaintiff,* | | Civil Action No.<br>16-CV-6313-EAW-MWP |
| v. | | |
| ABSOLUTE SOFTWARE, INC., ABSOLUTE SOFTWARE CORPORATION, GEOFF HAYDON, THOMAS KENNY, and TODD AWTRY, | | |
| *Defendants.* | | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR NON-TAXABLE COSTS**

THOMAS & SOLOMON PLLC

*Attorneys for Plaintiff*
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Of Counsel:   J. Nelson Thomas
              Jonathan W. Ferris

## PRELIMINARY STATEMENT

Admitting that "mediation fees[] [are] not a taxable cost under 28 U.S.C. § 1920," Defendants pivot to arguing that they are entitled to reimbursement of $16,000 of the mediation expenses in this matter pursuant to an agreement between the parties. Dkt. 422-1 at ¶ 7. This argument fails for three reasons. First, as Defendants concede, mediation costs are not taxable costs under § 1920. Second, this Court does not have the jurisdiction to hear what is in actuality a breach of contract claim that does not arise out of the underlying factual issues litigated in this case. Third, there was no actual agreement between the parties for Plaintiff to pay half of the mediation costs—a fact that Defendants tacitly concede through their omission of the agreement in their moving papers. As a result, Defendants' motion should be denied.

## RELEVANT FACTUAL BACKGROUND

Defendants filed the instant motion seeking the reimbursement of one half of the $32,000 costs for the parties 2021 mediation with Judge Faith Hochberg. Defendants' motion is styled as a "Motion for **Nontaxable** Costs" (emphasis added) and Defendants' concede that "mediation fees[] [are] not a taxable cost under 28 U.S.C. § 1920[.]" Dkt. 422-1 at ¶ 7. Apparently recognizing that Rule 54(d)(1) pertains to only taxable costs, the only grounds for relief that Defendants cite in their notice of motion is that "Plaintiff agreed to pay half of the mediation fee," but cite no Federal Rule of Civil Procedure or statute providing for such relief. *See* Dkt. 422. Instead, Defendants argue that they are somehow entitled to recover the mediation fee because Defendants added a provision to the mediation agreement that would allow the mediation expense to be taxed as a cost. *See* Dkt. 422-1. However, the actual agreement to which Defendants refer to, which Plaintiff attaches here, contains no such provision allowing half the mediation expenses to be taxed as costs. *See* Affirmation of Jonathan

-1-

W. Ferris, **Ex. A.** ("We require an advance Mediation fee of $32,000, **which will be paid by the Defendants**, together with a signed copy of this letter . . .") (emphasis added). The plain language of the agreement therefore is clear that Defendants are solely responsible for the entirety of the mediation fee.

## ARGUMENT

### I. MEDIATION EXPENSES ARE NOT TAXABLE COSTS

Defendants cannot recover mediation costs under Rule 54(d)(1) because mediation expenses are not taxable costs. Mediation expenses are not permitted as costs under 28 U.S.C. § 1920. *See* Western District New York Guidelines for Bills of Costs, at III.6; *Scott v. Niagara Credit Sols., Inc.*, No. 09-CV-113S, 2012 WL 729755, at *2 (W.D.N.Y. Mar. 6, 2012) (mediation costs are not taxable under taxable under § 1920). Rightfully, Defendants admit that "mediation fees[] [are] not a taxable cost under 28 U.S.C. § 1920[.]" As a result, Defendants cannot recoup these fees under Rule 54(d)(1) and they otherwise fail to identify any other Federal Rule or statute that allows them to do so. *See* Dkt. 422. Given that this Court has no authority to award nontaxable costs under Rule 54(d)(1), Defendants' motion must be denied.

### II. THE COURT DOES NOT HAVE JURISDICTION TO ADJUDICATE THE DISPUTE, WHICH IS A SEPARATE BREACH OF CONTRACT ACTION

Defendants' motion can be immediately denied because this Court does not have jurisdiction to hear Defendants' breach of contract claim (and as explained below, there was no agreement to split mediation costs) that is completely separate from the underlying facts of this case.

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

-2-

375, 377 (1994). In keeping with that principle, a district court "does not automatically retain jurisdiction to hear a motion to enforce" a separate, private agreement simply by virtue of having disposed of the original case. *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 134 (2d Cir. 2011). "The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business." *Kokkonen,* 511 U.S. at 381. "Such motions are essentially state-law contract claims to be litigated in the state courts." *In re Am. Express,* 672 F.3d at 134. Unless a federal court has somehow retained jurisdiction over the separate agreement (such as an order retaining jurisdiction over a settlement agreement), "enforcement . . . is for state courts[.]" *Kokkonen,* 511 U.S. at 382; *see also* Individual Rules for Hon. Elizabeth A. Wolford, Settlement Agreements, https://www.nywd.uscourts.gov/content/hon-elizabeth-wolford-chief-united-states-district-judge (last visited September 16, 2024) ("If the parties wish to have the Court retain jurisdiction over the case, they must obtain the Court's approval in advance of the filing of such an agreement.").

Here, the Court has no jurisdiction over the dispute of the mediation fees. The costs of the mediation is a contractual issue that is entirely extraneous to the factual issues regarding Plaintiff's termination that were litigated in this case. Nor has the Court in any way retained jurisdiction over the mediation fees. In light of the Supreme Court's and Second Circuit's binding precedent, to the extent that Defendants' wish to litigate a breach of contract case on the issue of the payment of the mediation expenses, the only proper forum to do so is state court.

Accordingly, because this Court lacks jurisdiction to adjudicate a breach of contract action that does not involve the underlying factual issues of this case, Defendant's motion must be denied.

### III. THE PARTIES' MEDIATION AGREEMENT REQUIRED DEFENDANTS TO PAY THE FULL COSTS OF THE MEDIATION

Even if the Court were empowered to hear Defendants' motion, it would fail on the merits. As Defendants correctly recognize, because mediation fees are not a taxable cost under 28 U.S.C. § 1920, the only way they could potentially be recovered is "pursuant to an agreement between the parties." *See* Lestrade Declaration at ¶ 7, Dkt. 422-1. However, the written agreement between the parties about the payment of mediation fees could not be clearer: those fees were to be borne solely by the Defendants.

Under New York law, "[i]t is well-settled that…[a] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *MHR Capital Partners LP v. Presstek, Inc.*, 12 N.Y.3d 640, 645, 884 N.Y.S.2d 211, 912 N.E.2d 43 (2009).

Here, the plain terms of the agreement required the Defendants to pay the mediation costs in full. *See* Ferris Aff., Ex. A. ("We require an advance Mediation fee of $32,000, **which will be paid by the Defendants**, together with a signed copy of this letter . . .") (emphasis added). It is therefore no surprise that, while Defendants base their argument on the mediation agreement in their papers, they do not attach it to their motion.

The cases relied upon by the Defendants further underscore Plaintiffs' argument. Unlike here, in both *Piper Aircraft, Inc. v. Czech Sport Aircraft, A.S.* and *SunTrust Bank v. Ruiz*, the parties had language in the agreements that required the non-moving parties to pay mediation expenses and thus, as Plaintiff argues here, the agreements were enforced according to their

terms. *Piper Aircraft, Inc. v. Czech Sport Aircraft, A.S.*, No. 12-14107-CIV, 2020 WL 7774743, at *4 n.1 (S.D. Fla. Dec. 10, 2020); *SunTrust Bank v. Ruiz*, No. 1421107CIVLENARDGOOD, 2016 WL 4006665, at *6 (S.D. Fla. Mar. 7, 2016). In fact, in *Piper Aircraft*, the defendants did not even oppose the request for mediation expenses given the parties' contractual agreement in that case.

Therefore, because the plain language of the mediation agreement requires Defendants to bear the entire costs of the mediation, Defendants' motion fails as a matter of black letter contract law.

## CONCLUSION

For the reasons stated herein, Defendants' request for nontaxable costs should be denied.

Dated: September 17, 2024

                              **THOMAS & SOLOMON PLLC**

                        By:   /s/ Jonathan W. Ferris
                              J. Nelson Thomas, Esq.
                              Jonathan W. Ferris, Esq.
                              *Attorneys for Plaintiff*
                              693 East Avenue
                              Rochester, New York 14607
                              Telephone:  (585) 272-0540
                              nthomas@theemploymentattorneys.com
                              jferris@theemploymentattorneys.com