UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY VAN BRUNT-PIEHLER,<br><br>                     *Plaintiff*,<br><br>           v.<br><br>ABSOLUTE SOFTWARE, INC., ABSOLUTE SOFTWARE CORPORATION, GEOFF HAYDON, THOMAS KENNY and TODD AWTRY,<br><br>                     *Defendants*. | Civil Action No.: 16-cv-6313<br>(EAW) (MWP) |

**DECLARATION OF LAURA LESTRADE
IN FURTHER SUPPORT OF VERIFIED BILL OF COSTS AND IN RESPONSE TO
PLAINTIFF'S OBJECTIONS TO CERTAIN COSTS**

LAURA LESTRADE, under penalty of perjury, declares as follows:

1.    I am an attorney with Dorsey & Whitney LLP ("Dorsey"), counsel for the defendants in this action. I submit this declaration in further support of the Bill of Costs of defendants Absolute Software, Inc. and Absolute Software Corporation (collectively, "Absolute")[1] and in response to Plaintiff's Objections to Defendants' Bill of Costs (Dkt. 455). I have personal knowledge of the matters set forth in this declaration.

2.    The majority of Plaintiff's objections lack merit for the reasons set forth in the table below. However, in response to certain of Plaintiff's objections, Absolute has agreed to reduce its request for costs by $4,104.35, bringing the total amount of costs sought from $25,896.38 down to $21,792.03.

---

[1] Defendants Todd Awtry, Thomas Kenny, and Geoff Haydon do not join this application because the costs sought in this motion were paid by Absolute.

| **The Exhibits Cited in this Table are Exhibits to the Declaration of Laura Lestrade in Support of Verified Bill of Costs (Dkt. 428.1)** ||
|---|---|
| Exhibit 1<br>Transcript of March 8, 2018 Proceedings before Magistrate Judge Payson<br><br>Dkt. 60 | It is unclear why Plaintiff has objected to the cost of this transcript. As noted in Plaintiff's objection, transcripts used in support of a motion are taxable and Plaintiff herself cited this transcript in numerous motions and in letters to the Court as well as in her mediation statement to a private mediator.<br><br>**Motions and Other Filings Citing the Transcript**:<br><br>Plaintiff cited this transcript in her Motion to Compel, dated 1/29/19, **(Dkt. 100-1)** at pages 2, 3, 5 and in her reply papers on the same motion **(Dkt. 108)** at p. 4<br><br>Plaintiff also cited this transcript in her Omnibus Motion To Compel The Production of Documents And Motion For Sanctions (Reply), dated 8/1/19, **(Dkt. 127)** at p. 10<br><br>Plaintiff cited this transcript in her motion for a New Trial, dated 4/14/23 **(Dkt. 386)** at pp. 4.<br><br>This transcript was cited by the parties in many additional court filings.<br><br>Because this transcript was used in support of many motions and plaintiff has raised no other objection to it, the full amount of this invoice **($71.10)** is properly taxable. |

| | |
|---|---|
| Exhibit 2<br>Transcript of July 12, 2018 Proceedings<br><br>Dkt. 80 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable. This transcript was cited in multiple motions and other filings.<br><br>**Motions and Other Filings Citing the Transcript**<br><br>Plaintiff cited this transcript in support of her Motion to Extend Time to Complete Discovery, dated 3/6/18 **(Dkt. 53-1),** at p. 1.<br><br>Plaintiff cited this transcript in her Motion to Compel, dated 1/29/19 **(Dkt. 100-1),** at pp. 1, 3.<br><br>Plaintiff cited this transcript in support of her Motion to Compel and for Sanctions, dated 7/9/19 **(Dkt. 119-1)**, at pp. 1,17,18; and in her reply papers on the same motion, dated 8/1/19 **(Dkt. 127)**, at pp. 7-10<br><br>Defendants cited this transcript in their Opposition to Plaintiff's Motion to Compel and for Sanctions, dated 7/22/19, **(Dkt. 124)** pp. 8-10<br><br>This transcript was cited in numerous other motions and letters to the Court by both Plaintiff and Defendants.<br><br>**Justification for Expedited Delivery**<br><br>Plaintiff objects that the transcript was ordered on an expedited basis and contends that if it is allowed (as it should be since it was cited by Plaintiff herself in numerous motions) it should be allowed only at a rate of $3.65 per page. However, the cost of expedited transcripts is allowed where it is necessary to meet a deadline set in the case. *Ferrostaal, Inc. v. M/V Tupungato*, 2008 U.S. Dist. LEXIS 54788, at *6-7 (S.D.N.Y. July 16, 2008); *India.com, Inc. v. Dalal*, 2010 U.S. Dist. LEXIS 69632, at *10 (S.D.N.Y. July 13, 2010).<br><br>At the conference on July 12, 2018, Magistrate Judge Payson gave detailed instructions, with case cites, required the parties to complete numerous tasks and set deadlines for the parties to make additional submissions based on her rulings at the conference. 97:8-101:20 (Dkt. 80). For this reason, ordering the transcript on an expedited basis was justified.<br><br>The full amount of this invoice **($577.70)** is properly taxable. |

| | |
|---|---|
| Exhibit 3<br><br>Transcript of October 30, 2018 Proceedings<br><br>Dkt. 91 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motion and Other Filings Citing the Transcript**<br><br>Plaintiff cited this transcript in her Motion to Compel, dated 1/29/19, **(Dkt. 100-1)** at p. 3.<br><br>**Justification for Expedited Delivery**<br><br>At the conference on October 30, 2018, Magistrate Judge Payson gave detailed instructions to the Defendants concerning how certain privileged documents should be redacted and gave Defendants a one-week deadline to submit to her the documents redacted as she had instructed. **Dkt. 91** at 15:4-15; 17:6-13; 17:19-25; 19: 7-17; 19:21-20:11; 21:20-22:18; 24:6-25:15; 25:23-26:4.<br><br>Due to the tight schedule imposed by Magistrate Judge Payson, ordering the transcript on an expedited basis was justified.  See *Ferrostaal, Inc. v. M/V Tupungato*, 2008 U.S. Dist. LEXIS 54788, at *6-7 (S.D.N.Y. July 16, 2008); *India.com, Inc. v. Dalal*, 2010 U.S. Dist. LEXIS 69632, at *10 (S.D.N.Y. July 13, 2010).<br><br>The full amount of this invoice **($160.05)** is properly taxable. |

| | |
|---|---|
| Exhibit 4<br>Transcript of December 6, 2018 Proceedings<br><br>Dkt. 98 | This transcript was not cited in support of a motion. However, at the conference, Magistrate Judge Payson read into the record a very lengthy decision, including detailed case cites. Dkt 98 12:13-28:21. As such it was necessary to obtain the transcript for use in the case. See *Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc.*, 246 F.R.D. 154 (W.D.N.Y. 2007) (Deposition transcripts that were not cited in support of any motion were taxable because they "appeared to be reasonably necessary" at the time.)<br><br>While Judge Payson did not direct the parties order the transcript, she stated an understanding that the parties would be ordering it.<br><br>**MAGISTRATE JUDGE PAYSON:** `Okay, and in case anybody wants a transcript, which I'm sure they will, the record should reflect . . .` 8:23-25 **(Dkt. 98)**<br><br>**MAGISTRATE JUDGE PAYSON:** `-- okay, hold on, hold on, hold on, hold on, hold on. Let me -- let me place on the record because it's important that the lawyers understand what I understand and if my understanding is wrong, correct me.` 9: 14-17 **(Dkt. 98**)<br><br>The full amount of this invoice **($160.05)** is properly taxable. |
| Exhibit 5<br>Transcript of December 10, 2018 proceedings<br><br>Dkt. 97 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motion Citing the Transcript**<br><br>Plaintiff cited this transcript in her Motion to Compel, dated 1/29/19, **(Dkt. 100-1)** at pp 1, 4.<br><br>The full amount of this invoice **($67.90**) is properly taxable. |

| | |
|---|---|
| Exhibit 6<br>Transcript of July 11, 2019 Proceedings<br><br>Dkt. 130 | This transcript was not cited in support of a motion. However, at the conference, Magistrate Judge Payson read into the record a very lengthy decision, including detailed case cites. Dkt. 98 12:13-28:21. As such it was seen as reasonably necessary for use in the case. See *Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc.*, 246 F.R.D. 154 (W.D.N.Y. 2007) (Deposition transcripts that were not cited in support of any motion were taxable because they "appeared to be reasonably necessary" at the time.)<br><br>At the conference, Magistrate Judge Payson explained her views on various discovery issues and required Plaintiff to submit a supplemental declaration. 23:4-9 (**Dkt. 130**)<br><br>The full amount of this invoice (**$87.60**) is properly taxable |
| Exhibit 7<br>Transcript of August 13, 2019 Proceedings<br><br>Dkt. 135 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motion Citing the Transcript**<br><br>Plaintiff cited this transcript in her Motion to compel, dated 9/3/19, (**Dkt. 136**) at p. 5<br><br>Defendants cited this transcript in their Opposition, dated 9/20/19, to Plaintiff's Motion to Compel (**Dkt. 138**) at pp 1, 2, 3, 11.<br><br>**Justification for Expedited Delivery**<br><br>14-day expedited delivery of the transcript was necessary as Judge Payson elaborated on her discovery rulings at the conference and set a deadline for Plaintiff to file a further motion to compel within 21 days (Dkt. 135 at 60:6-10). And the transcript was in fact cited by Plaintiff in that motion. For this reason, ordering the transcript on an expedited basis was justified. See *Ferrostaal, Inc. v. M/V Tupungato*, 2008 U.S. Dist. LEXIS 54788, at *6-7 (S.D.N.Y. July 16, 2008); *India.com, Inc. v. Dalal*, 2010 U.S. Dist. LEXIS 69632, at *10 (S.D.N.Y. July 13, 2010).<br><br>The full amount of this invoice (**$267.75**) is properly taxable. |

| | |
|---|---|
| Exhibit 8 Transcript of Pre-Trial conferences and Oral Argument of Motions *in Limine* on July 26, 2021and August 4, 2021<br><br>Dkts. 240; 243 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motions Citing the Transcript**<br><br>Defendants cited the July 26, 2021 transcript in their Opposition, dated 5/12/23, to Plaintiff's Motion for a New Trial **(Dkt. 394)** at pp. 10, 12.<br><br>Defendants cited the August 4, 2021 transcript in their objections to Plaintiff's Proposed Voir Dire, dated May 17, 2022 **(Dkt. 296)** at p. 2.<br><br>Defendants cited the August 4, 2021 transcript in their Opposition, dated February 1, 2023 **(Dkt. 326),** to Plaintiff's Motion to Permit Lyle Singular to Testify as a Live Witness, at p. 1.<br><br>**Justification for Expedited Delivery**<br><br>14-day expedited delivery of the transcripts was necessary as numerous motions *in limine* were argued at the conference and the trial was scheduled for just over 2 weeks later, on August 10, 2021 (See Dkt. 186). Judge Wolford elaborated on her discovery rulings at the conference and reserved decision on several of the motions, requiring additional briefing and arguments. Due to the extremely tight trial schedule, expedited delivery of the transcripts was justified. See *Ferrostaal, Inc. v. M/V Tupungato*, 2008 U.S. Dist. LEXIS 54788, at \*6-7 (S.D.N.Y. July 16, 2008); *India.com, Inc. v. Dalal*, 2010 U.S. Dist. LEXIS 69632, at \*10 (S.D.N.Y. July 13, 2010).<br><br>The full amount of this invoice **($323.00)** is properly taxable. |

| | |
|---|---|
| Exhibit 9<br>Transcripts of Pre-trial Conferences and Oral Argument of Motions *in Limine* on August 6 and September 9, 2021<br><br>Dkts. 253; 255 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motions Citing the Transcript**<br><br>Plaintiff cited the August 6, 2021 transcript in her Motion to Permit Lyle Singular to Testify as a Live Witness, dated 1/27/23, **(Dkt. 322.1)** at pp. 2, 3, 4.<br><br>Plaintiff cited the August 6, 2021 transcript in her motion for a New Trial, dated 4/14/23 **(Dkt. 386)** at pp. 3, 5, 17.<br><br>Defendants cited the August 6, 2021 transcript in their letter to Judge Wolford dated November 4, 2021 (attached to Plaintiff's Motion for Lyle Singular to Testify Live at Trial) **(Dkt. 322-7)** at pp.2, 4, 5.<br><br>Defendants cited the August 6, 2021 transcript in their Opposition, dated February 1, 2023 **(Dkt. 326)**, to Plaintiff's Motion to Permit Lyle Singular to Testify as a Live Witness, at p. 5.<br><br>Defendants cited the August 6, 2021 transcript in their Objections to Plaintiff's Proposed Voir Dire, dated May 17, 2022 **(Dkt 296)** at p. 1<br><br>Defendants cited the September 9, 2021 transcript in their letter to Judge Wolford dated November 4, 2021 (attached to Plaintiff's Motion for Lyle Singular to Testify Live at Trial) **(Dkt. 322-7)** at pp. 1,3.<br><br>**Justification for Expedited Delivery**<br><br>    **August 6, 2021**<br><br>The trial of the action was scheduled to commence 4 days after the August 6 conference. Due to the extremely tight trial schedule, the ordering of expedited transcripts was justified.<br><br>    **September 9, 2021**<br><br>At the September 9, 2021 conference, the Court ordered the parties to confer over voluminous deposition designations and submit highlighted transcripts to the Court by no later than 10/22/21. Due to the very short turnaround in parsing through a significant amount of deposition testimony, the ordering of an expedited transcript was justified. See *Ferrostaal, Inc. v. M/V Tupungato*, 2008 U.S. Dist. LEXIS 54788, at *6-7 (S.D.N.Y. July 16, 2008); *India.com, Inc. v. Dalal*, 2010 U.S. Dist. LEXIS 69632, at *10 (S.D.N.Y. July 13, 2010).<br><br>The full amount of this invoice **($578.45)** is properly taxable. |

| | |
|---|---|
| Exhibit 10<br><br>Pre-trial Conference and Oral Argument of Motions *in Limine* on March 9, 2022<br><br>Dkt. 261 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motion Citing the Transcript**<br><br>Plaintiff cited the March 9, 2022 transcript in her Motion to Permit Lyle Singular to Testify as a Live Witness, dated 1/ 27/23, (Dkt. 322.1) at p. 4.<br><br>**Justification for Expedited Delivery**<br><br>Expedited delivery of the transcript was justified because at the conference, the Court gave instructions and ordered the parties to submit simultaneous supplemental briefing approximately 2 weeks later, by March 25, 2022. Dkt. 261 at 26:5-28:3. See also, Minute Entry directing the parties to submit simultaneous briefing "as discussed" at the conference **(Dkt. 260).** Because of the tight deadline set by the Court, the ordering of an expedited transcript was justified. See *Ferrostaal, Inc. v. M/V Tupungato*, 2008 U.S. Dist. LEXIS 54788, at *6-7 (S.D.N.Y. July 16, 2008); *India.com, Inc. v. Dalal*, 2010 U.S. Dist. LEXIS 69632, at *10 (S.D.N.Y. July 13, 2010).<br><br>The full amount of this invoice **($228.90)** is properly taxable. |

| | |
|---|---|
| Exhibit 11 Transcript of Pre-Trial Conference and Oral Argument of Motions *in Limine* on May 11, 2022 | **Motions Citing the Transcript**<br><br>Defendants cited the May 11, 2021 transcript in their Objections to Plaintiff's Proposed Voir Dire, Dated May 17, 2022 **(Dkt. 296)** at pp. 1, 2.<br><br>Plaintiff cited the May 11, 2021 transcript in her Motion to Permit Lyle Singular to Testify as a Live Witness, dated 1/ 27/23, **(Dkt. 322.1)** at pp. 3, 4.<br><br>Defendants cited the May 11, 2021 transcript in their Opposition, dated February 1, 2023 **(Dkt. 326)**, to Plaintiff's Motion to Permit Lyle Singular to Testify as a Live Witness, at pp. 1, 2.<br><br>**Justification for Expedited Delivery**<br><br>Expedited delivery of the transcript was justified because the trial was scheduled for less than two weeks after the conference and the transcript was needed, and was used in a filing, **within a week** after the conference in Defendants' opposition to Plaintiff's Voir Dire. Due to the tight trial schedule and the need to use the transcript less than a week later, the ordering of an expedited transcript was justified. See *Ferrostaal, Inc. v. M/V Tupungato*, 2008 U.S. Dist. LEXIS 54788, at *6-7 (S.D.N.Y. July 16, 2008); *India.com, Inc. v. Dalal*, 2010 U.S. Dist. LEXIS 69632, at *10 (S.D.N.Y. July 13, 2010).<br><br>The full amount of this invoice **($355.40)** is properly taxable. |
| Exhibit 12 Transcript of Pre-Trial conference on May 11, 2022 | Defendants agree to withdraw the cost of this transcript in the amount of **$74.70.** |
| Exhibit 13 Transcript of Pre-trial Conference on May 20, 2022 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motions Citing the Transcript**<br><br>Plaintiff cited the May 20, 2022 transcript in her Motion to Permit Lyle Singular to Testify as a Live Witness, dated 1/ 27/23, **(Dkt. 322.1)** at p. 6.<br><br>Plaintiff cited the May 20, 2022 transcript in her motion for a New Trial, dated 4/14/ 23 **(Dkt. 386)** at p. 7.<br><br>The full amount of this invoice **($32.85)** is properly taxable. |

| | |
|---|---|
| Exhibit 14<br>Transcript of Pre-Trial Conference and Oral Argument of Motions *in Limine* on January 13, 2023<br><br>Dkt. 321 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motions Citing the Transcript**<br><br>Plaintiff cited the January 13, 2023 transcript in her Motion to Permit Lyle Singular to Testify as a Live Witness, dated 1/27/23, **(Dkt. 322.1)** at pp. 3, 4.<br><br>Defendants cited the January 13, 2023 transcript in their Opposition, dated February 1, 2023 **(Dkt. 326),** to Plaintiff's Motion to Permit Lyle Singular to Testify as a Live Witness, at pp. 1, 2, 5, 6, 7, 9, 11.<br><br>Plaintiff cited the January 13, 2023 transcript in her motion for a New Trial, dated 4/14/23 **(Dkt 386)** at p. 20.<br><br>**Justification for Expedited Delivery**<br><br>The Court made numerous detailed discovery rulings at the conference and set numerous short deadlines. Dkt. 321 at 82:20-86:2. The transcript was cited extensively in motion briefing by the parties **14 days** after the conference. Due to the very tight schedule the ordering of expedited transcripts was justified. See *Ferrostaal, Inc. v. M/V Tupungato*, 2008 U.S. Dist. LEXIS 54788, at *6-7 (S.D.N.Y. July 16, 2008); *India.com, Inc. v. Dalal*, 2010 U.S. Dist. LEXIS 69632, at *10 (S.D.N.Y. July 13, 2010).<br><br>The full amount of this invoice **($417.10)** is properly taxable. |
| Exhibit 15<br>Transcript of Oral Argument of Post-Trial Motions on February 16, 2024 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motions Citing the Transcript**<br><br>Plaintiff cited the February 16, 2024 transcript on page 1 of her supplemental brief in opposition to Defendants' motion for judgment as a matter of law, dated March 1, 2024 **(Dkt. 418)**<br><br>Defendants cited the February 16, 2024 transcript at pp. 1, 6, 8, 13 of their supplemental brief in support of their motion for judgment as a matter of law **(Dkt. 419)**<br><br>The full amount of this invoice **($54.00)** is properly taxable. |

| | |
|---|---|
| Exhibit 16<br>Transcript of Pre-Trial and Trial Proceedings on March 1 and March 6-16, 2023<br><br>(600 pages)* | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motions Citing the Transcript**<br><br>Defendants cited this transcript in their Motion for Judgment as a Matter of Law, dated 4/14/23 **(Dkt. 383)** at pp. 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, 16, 18, 19, 20, 21<br><br>Plaintiff cited this transcript in her Motion for A New Trial, dated 4/14/23 **(Dkt 386),** at pp. 3, 10, 11, 14<br><br>Defendants also used this transcript in making their motion for judgment as a matter of law during the trial, in arguing an evidentiary motion to Judge Wolford during the trial (**Dkt. 377** at pp. 1272-1273) and in their closing arguments to the jury (**Dkt. 377** at pp., 1281, 1285, 1288, 1293, 1294.)<br><br>The full amount of this invoice **($3,630.00)** is properly taxable. |
| Exhibit 17<br>Transcript of Trial Proceedings on March 10-16, 2023<br><br>(300 pages)* | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motions Citing the Transcript**<br><br>Defendants cited this transcript in their Motion for Judgment as a Matter of Law, dated 4/14/23 **(Dkt. 383)** at pp. 2, 4, 18, 20, 21<br><br>Plaintiff cited this transcript in her Motion for a New Trial, dated 4/14/23 **(Dkt. 386)** at pp. 10, 11.<br><br>Defendants also used this transcript in renewing their motion for judgment as a matter of law at the end of the trial and in their closing arguments to the jury (**Dkt. 377** at p. 1298).<br><br>The full amount of this invoice **($1,874.86)** is properly taxable. |

| | |
|---|---|
| Exhibit 18<br>Transcript of Trial Proceedings on March 10-16, 2023<br><br>(623 pages)*<br><br>*the number of pages referenced in the WDNY court reporter's bills (Exhibits 16, 17 and 18) equals the number of pages in the trial transcript plus the March 1, 2023 conference See Dkts 342, 355, 359, 360, 363, 366, 374, 375, 376, 377 and 379 | Plaintiff notes in her objection that transcripts used in support of a motion are taxable.<br><br>**Motions Citing the Transcript**<br><br>Defendants cited this transcript in their Motion for Judgment as a Matter of Law, dated 4/14/23 **(Dkt. 383)** at pp. 2, 4, 18, 20, 21<br><br>Plaintiff cited this transcript in her Motion for a New Trial, dated 4/14/23 **(Dkt. 386),** at pp. 10, 11.<br><br>The full amount of this invoice **($2,737.20)** is properly taxable. |

| | |
|---|---|
| Exhibit 19<br><br>Deposition Transcript of Plaintiff Mary Piehler | Plaintiff does not dispute that cost of this transcript is taxable but objects because the invoice combines the cost of the original and one certified copy into the single amount of $2185. Plaintiff further objects to the per page rate of $5.75. Based on these objections, Plaintiff improperly seeks to deduct the full amount of $2,185. However, using the standard rate of $4.00 per page (set forth at http://www.nywd.uscourts.gov/document-requests) for the original copy of the 380 page transcript, the cost of $1520 is properly taxable.<br><br>Defendants agree to a deduction of $665 for the cost of the transcript. Defendants also withdraw the costs for ACSII ($10), Exhibits-Scanned and hyperlinked ($49) and shipping & handling ($30).<br><br>Because the deposition did not conclude until 7:08 pm, the reporter charged an afterhours fee of $100 for the 50 pages during the afterhours period. It does not reflect expedited service.<br><br>The $180 charge is not a video fee. It is a reporter appearance fee that is a permitted taxable cost per Guideline II, D.1.h.<br><br>The $135 charge is not a video fee. Because the deposition did not conclude until 7:08 pm, the reporter charged a separate appearance fee of $135 for the evening session. Reporter appearance fees are permitted per Guideline II, D.1.h. See *Document Sec. Sys., Inc. v. Coupons.com, Inc.*, No. 11-CV-6528 CJS, 2015 WL 1189551, at *4 (W.D.N.Y. Mar. 16, 2015)(court reporter attendance fees including fees for work done after 5:00 pm are taxable).<br><br>Original costs requested: $2689.00<br>Withdrawn costs: $754.00<br><br>**Revised costs: $1935.00**<br><br>(consisting of $1520 transcript cost, $100 afterhours reports fee, $180 reporter attendance fee and $135 afterhours attendance fee) |
| Exhibit 20<br><br>Deposition Transcript of Defendant Geoff Haydon | Defendants withdraw the costs for Certified Transcript-immediate delivery ($376.20), ASCII ($10), Exhibits -Scanned and hyperlinked ($4.25) and shipping & handling ($20).<br><br>Original costs requested: $672.65<br>Withdrawn costs: $410.45<br><br>**Revised costs:  $262.20** |

| | |
|---|---|
| Exhibit 21<br><br>Deposition Transcript of Defendant Thomas Kenny | Defendants withdraw the costs for Certified Transcript-3-day delivery ($933.75), ASCII ($10), Exhibits -Scanned and hyperlinked ($17) and shipping & handling ($20).<br><br>Original costs requested: $1839.80<br>Withdrawn costs: $980.75<br><br>**Revised costs: $859.05** |
| Exhibit 22<br><br>Deposition Transcript of Defendant Todd Awtry | Defendants withdraw the costs for Certified Transcript-5-day delivery ($973.50), ASCII ($10), Exhibits -Scanned and hyperlinked ($75.50), Exhibits -Scanned and hyperlinked-Color ($38) and shipping & handling ($20).<br><br>Because the deposition did not conclude until 7:12 pm, the reporter charged an evening fee of $72.50 for the 63 pages during the evening period. This cost does not reflect expedited service. Reporter appearance fees are permitted per Guideline II, D.1.h<br><br>Original costs requested: $2410.80<br>Withdrawn costs: $1117<br><br>**Revised costs: $1293.80** |
| Exhibit 23<br><br>Deposition Transcript of Daniel Berardo | Defendants withdraw the costs for ASCII ($10), Exhibits -Scanned and hyperlinked ($14.50), shipping & handling ($17.50) and shipping & handling video ($17.50).<br><br>Because the deposition did not conclude until 7:40 pm, the reporter charged an evening fee of $78.75 for the 58 pages during the evening period. This cost does not reflect expedited service. Reporter appearance fees are permitted per Guideline II, D.1.h<br><br>Original costs requested: $1,778.65 ($1511.15 + $267.50)<br>Withdrawn costs: $59.50<br><br>**Revised costs: $1719.15**<br><br>(consisting of $1469.15 for the transcript of the deposition and $250 for the cost of the video of the deposition, for which Plaintiff did not object) |

| | |
|---|---|
| Exhibit 24<br><br>Deposition Transcript of Errol Olsen | Defendants withdraw the costs for ASCII ($10), Exhibits -Scanned and hyperlinked ($18), and shipping & handling ($17.50).<br><br>Original costs requested: $787.10 ($669.60 + $117.50)<br>Withdrawn costs: $63.00<br><br>**Revised costs: $724.10**<br><br>(consisting of $624.10 for the transcript of the deposition and $100 for the cost of the video of the deposition, for which Plaintiff did not object). |
| Exhibit 25<br><br>Deposition Transcript of Art Robinson | Defendants withdraw the costs for Certified Transcript-Daily Delivery ($400.20), ASCII ($10), Exhibits -Scanned and hyperlinked ($13.25), Exhibits -Scanned and hyperlinked-Color ($4) and shipping & handling ($40).<br><br>Original costs requested: $867.65<br>Withdrawn costs: $467.45<br><br>**Revised costs: $400.20** |

| | |
|---|---|
| Exhibit 26<br><br>Deposition Transcript of Amy Rathbun | The Court Report invoice reflects transcription costs in the total amount of $1253.07 for 381 pages charged at varying rates of $2.47, $.25 and $.85 per page. The combined per page rate is $3.51 per page. This amount is less than the standard rate of $4.00 per page set forth at http://www.nywd.uscourts.gov/document-requests. These costs are not for the videotape of the deposition, nor were they for expedited services.<br><br>The afterhours fee reflects the fact that the deposition did not conclude until 5:58 pm. See *Document Sec. Sys., Inc. v. Coupons.com, Inc.*, No. 11-CV-6528 CJS, 2015 WL 1189551, at *4 (W.D.N.Y. Mar. 16, 2015) (court reporter attendance fees including fees for work done after 5:00 pm are taxable).<br><br>The $156 fee for exhibits is properly taxed per Guideline II, D, 1. i.<br><br>Defendants withdraw the costs for Exhibits -Color ($7.50), Lit-Pkg-Admin, Binding, Index, Lit-Stik ($110) and shipping & handling ($15), Video Lit-Stick USB ($30) and Video delivery ($15).<br><br>Original costs requested: $2259.07<br>Withdrawn costs: $177.50<br><br>**Revised Costs: $2081.57**<br><br>(consisting of $1409.07 for the transcript of the deposition, $156 exhibit fee and $672.50 for the cost of the video of the deposition, for which Plaintiff did not object). |
| Exhibit 27<br><br>Deposition Transcript of Paul White | Plaintiff objects to the remote appearance fees charged by the reporter ($50 for 1st hour and $168.75 for hourly after minimum) but reporter appearance fees are taxable per Guideline II, D.1.h. Furthermore, Plaintiff cites *Document Sec. Sys., Inc. v. Coupons.com, Inc.*, No. 11-CV-6528 CJS, 2015 WL 1189551, at *3-4 (W.D.N.Y. Mar. 16, 2015) in support of her objection but this case expressly states that reporter attendance fees are taxable.<br><br>**Cost: $952.70** |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
November 7, 2024

                                                */s/ Laura Lestrade*
                                                  Laura Lestrade